```
ADAM L. BRAVERMAN
United States Attorney
EMILY W. ALLEN
California Bar No. 234961
W. MARK CONOVER
California Bar No. 236090
PHILLIP L. HALPERN
California Bar No. 133370
Assistant United States Attorneys
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6864
Email: Phillip.Halpern@usdoj.gov

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DUNCAN D. HUNTER, (1) <br> MARGARET E. HUNTER, (2) <br><br> Defendants. | Case No. 16CR3677-W <br><br> STIPULATION FOR ORDER AUTHORIZING DISCLOSURE OF GRAND JURY MATTER AND SEALED DOCUMENTS AND FOR PROTECTIVE ORDER |

The UNITED STATES OF AMERICA, by and through its counsel, ADAM L. BRAVERMAN, United States Attorney, and Emily W. Allen, W. Mark Conover and Phillip L.B. Halpern, Assistant U.S. Attorneys, and defendants DUNCAN D. HUNTER and MARGARET E. HUNTER, by and through their counsel Gregory A. Vega and Thomas W. McNamara, hereby stipulate for: (1) an Order authorizing the United States to disclose grand jury matters and sealed documents as required; and (2) a protective Order regarding discovery. This stipulation is based on Federal Rules of Criminal Procedure 6(e)(2)(B) and 6(e)(3)(E)(I) pertaining to disclosure of grand jury materials, Rule 16(d)(1) pertaining to regulation of criminal discovery, and General Order No. 514

1

of the United States District Court for the Southern District of California ("General Order No. 514") pertaining to personal identifying information.[1]

## 1. DISCLOSURE OF GRAND JURY MATTER AND SEALED DOCUMENTS

As part of the United States' statutory and Constitutional discovery obligations in this case, it may be required to disclose grand jury matters to the defendants. Federal Rule of Criminal Procedure 6(e)(3)(E) allows for the disclosure of a matter occurring before the grand jury if authorized by the Court, subject to any conditions the Court directs. To the extent that any of the discovery materials the United States intends to produce may constitute grand jury matters, the parties stipulate that the United States should be permitted to disclose such grand jury matters "preliminarily to or in connection with a judicial proceeding" pursuant to Rule 6(e)(3)(E)(i), subject to the proposed Protective Order described below.

Further, the United States may be required to disclose documents from this case and other investigations that are currently under seal. The United States seeks permission to produce any such sealed documents, subject to the proposed Protective Order described below. Any further disclosure, including use at trial, would require a motion to the Court to unseal such documents.

## 2. PROTECTIVE ORDER

The United States anticipates that discovery in this case will require disclosure of sensitive information including bank and credit account records, personal email and text message correspondence, purchase receipts, personal photographs, loan or credit applications, real estate records, and other personal matters. These materials contain personal information of witnesses and uncharged individuals, including names, home addresses, social security numbers, dates of birth, telephone numbers, family history, employment history, bank account numbers and balances, and other sensitive facts.

---

[1] Nothing in this stipulation or in the Court's authorization should be construed as enlarging the United States' discovery obligations or creating any right to material not otherwise discoverable, as determined by the United States or as directed by the Court.

Inappropriate disclosure of this information could cause harm to these individuals, while redaction of this information could limit the defense's ability to meaningfully review the discovery. In addition, the United States anticipates disclosing information about witnesses, including reports of interviews and identifying information, the disclosure of which could jeopardize ongoing investigative efforts and cause harm to these individuals.

Under the Federal Rules of Criminal Procedure, this Court is authorized to issue a protective order to "restrict . . . discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect"). For the reasons set forth above, the parties respectfully request that the Court enter the proposed Protective Order Regarding Discovery submitted with this stipulation, which seeks that the Court:

1. Prohibit the members of the defense team from distributing, disseminating, disclosing or exhibiting discovery materials to any person who is not a part of the defense team (including the defendant) for any purpose other than preparing a defense of this criminal case; including, unless such material is already a matter of public record, to representatives of the media or other third parties not involved in any way in the investigation or prosecution of the case;

2. Require counsel of record to ensure that every member of the defense team, including the defendant, is advised of the Protective Order and has agreed to be bound by its terms;

3. Require the defense to take all reasonable steps to (a) maintain the confidentiality of the discovery and (b) safeguard the discovery produced in this case from inadvertent disclosure or review by any third party;

4. Allow the defense to share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case provided that

3

the defense informs any such individual(s) of the Protective Order and obtains their written consent to comply with and be bound by its terms;

5. Allow the defense to show witnesses discovery materials as necessary for the preparation of the defense, but prohibit the defense from giving witnesses copies of the materials;

6. To the extent that the any of the above-referenced criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, require that any filings referencing or containing said materials be redacted in a manner consistent with said General Order;

7. Require the defense to destroy or return to the United States any and all copies of the discovery within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeal; and

8. Require that, if defense counsel withdraws or is disqualified from participation in this case, the defense shall provide to new counsel or return to the United States any and all copies of the discovery within 10 days.

3. **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court authorize disclosure of information as requested and issue the attached Protective Order.

Respectfully submitted,

DATED: 8/23/18

ADAM L. BRAVERMAN
United States Attorney

EMILY W. ALLEN
W. MARK CONOVER
PHILLIP L.B. HALPERN
Assistant U.S. Attorneys

DATED: 8/24/2018

GREGORY A. VEGA
Attorney for Duncan D. Hunter

DATED:

THOMAS W. McNAMARA
Attorney for Margaret E. Hunter

## 3. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court authorize disclosure of information as requested and issue the attached Protective Order.

Respectfully submitted,

DATED:

ADAM L. BRAVERMAN
United States Attorney

EMILY W. ALLEN
W. MARK CONOVER
PHILLIP L.B. HALPERN
Assistant U.S. Attorneys

DATED:

GREGORY A. VEGA
Attorney for Duncan D. Hunter

DATED: 8/24/18

THOMAS W. McNAMARA
Attorney for Margaret E. Hunter

5