ADAM L. BRAVERMAN
United States Attorney
EMILY W. ALLEN
California Bar No. 234961
W. MARK CONOVER
California Bar No. 236090
PHILLIP L. HALPERN
California Bar No. 133370
Assistant United States Attorneys
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6864
Email: Phillip.Halpern@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18CR3677-W |
| Plaintiff, | JOINT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| DUNCAN D. HUNTER, (1) MARGARET E. HUNTER, (2) | |
| Defendants. | |

The United States of America, by its counsel, and defendants Duncan D. Hunter and Margaret E. Hunter, by their counsel, Gregory A. Vega and Thomas W. McNamara, jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. §§ 3167(h)(1)(D) and 3161(h)(7).

1.     The Indictment in this case was returned on August 21, 2018. Both defendants were arraigned on the indictment on August 23, 2018. At that time, the court set a status hearing for September 4, 2018.

2.     The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 days of a defendant's arraignment. The initial maximum trial date was therefore originally noted as November 1, 2018.

3.  On August 31, 2018, the United States produced to each defendant a hard drive containing nearly two terabytes of materials, along with a detailed index describing all the discovery materials on the drive. These records included materials received from staff members and witnesses, banks, and vendors and other businesses; social media and internet service providers; and evidence seized pursuant to search warrants conducted at physical locations and email and social media accounts. At that time, the United States indicated that it would shortly provide defense counsel with reports of interviews with witnesses and affidavits in support of search warrants.

4.  On September 4, 2018, this Court held a status hearing in the presence of both defendants. At that time, all parties agreed that the hearing should be continued until September 24, 2018, to allow the defense to review the items produced to date and the soon-to-be-produced witness interviews prior to informing the Court as to their estimation of a reasonable motion hearing date.

5.  In response, the Court found that the status hearing should be continued until September 24, 2018. In doing so, it specifically found that the failure to continue the matter from September 4, 2018 to September 24, 2018 would result in a "miscarriage of justice."

6.  The Speedy Trial Act excludes delay resulting from a continuance if the Court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> …
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would

deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

U.S.C. § 3161(h)(7)(B).  "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."  18 U.S.C. § 3161(h)(7)(C).

      7.    The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial for the following reasons:

      a.    The defendants are charged with participating in a years-long conspiracy to commit several offenses, as well as multiple substantive counts of wire fraud and campaign finance violations.

      b.    Pursuant to the Court's protective Order regarding discovery, the United States has produced a large volume of discovery materials to the defense.  In addition, as noted, the United States is preparing further discovery, including reports of interviews with witnesses, which will be produced on a rolling basis.

      c.    Counsel for the defendants represented at the September 4 hearing, and again through this motion, that additional time is necessary to confer with their clients; to conduct and complete an independent investigation of the case and legal research necessary for potential pre-trial motions; to review the discovery and potential evidence in the case; and to prepare for trial.

      d.    Defense counsel represents that failure to grant the continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e.    The defendants believe that failure to grand the continuance will deny them continuity of counsel and adequate representation.

      f.    The continuance was not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the United States or the

defense, or failure on the part of the attorneys for the United States to obtain available witnesses.

8. This is the first request for a continuance of the status hearing in this case. Defendants are both currently out of custody.

9. Counsel for defendants represent that they have discussed the need for this continuance with the defendants. Defendants agree to and join in the request for this continuance.

10. The parties therefore jointly move to exclude time under the Speedy Trial Act. The parties agree the period of delay excluded spans the time from September 4, 2018 to September 24, 2018.

DATED:     September 5, 2018

Respectfully submitted,

ADAM L. BRAVERMAN
United States Attorney

/s/ *Emily W. Allen*
EMILY W. ALLEN
W. MARK CONOVER
PHILLIP L.B. HALPERN
Assistant U.S. Attorneys


/s/ *Gregory A. Vega*
GREGORY A. VEGA
Attorney for Duncan D. Hunter


/s/ *Logan Smith*
LOGAN SMITH
Attorney for Margaret E. Hunter