Gregory A. Vega, Ca. Bar No. 141477
Ricardo Arias, Ca. Bar No. 321534
Philip B. Adams Ca. Bar No. 317948
Seltzer Caplan McMahon Vitek
750 B Street, Suite 2100
San Diego, California 92101
Telephone: (619) 685-3040
Facsimile: (619) 702-6814
E-mail: vega@scmv.com; arias@scmv.com;
adams@scmv.com

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Thomas J. Whelan)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>Defendant. | Case No.  18-CR-3677-W<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO RECUSE THE UNITED STATES  ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>DATE:          July 1, 2019<br>TIME:          10:00 a.m.<br>COURTROOM:  3C<br>JUDGE:        Hon. Thomas J. Whelan |

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on July 1, 2019 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Thomas J. Whelan, United States District Court Judge, Courtroom 3C, located at 221 West Broadway, San Diego, California, 92101, Defendant Duncan D. Hunter hereby moves the Court to Dismiss the Indictment, or, in the Alternative to Recuse the United States Attorney's Office for the Southern District of California.

Seltzer Caplan McMahon Vitek<br>750 B Street, Suite 2100<br>San Diego, California 92101-8177

1
2
3
4

This Motion is based on the instant Notice, Motion, and Memorandum of Points and Authorities submitted herewith, the pleadings and other matters on file in this case, and on such other and further argument and evidence as may be presented to the Court at the hearing of this matter.

5
6
7

Dated: June 24, 2019                    SELTZER CAPLAN McMAHON VITEK
                                        A Law Corporation

8
9
10

                             By:    _s/ Gregory A. Vega_____
                                        Gregory A. Vega
                                        Ricardo Arias
                                        Philip B. Adams
                              Attorneys for Defendant, DUNCAN D. HUNTER

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

**NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO RECUSE**                    18-CR-3677-W

1  Gregory A. Vega, Esq. (CABN 141477)
2  Ricardo Arias, Esq. (CABN 321534)
   Philip B. Adams, Esq. (CABN 317948)
3  SELTZER CAPLAN McMAHON VITEK
   A Law Corporation
4  750 B Street, Suite 2100
   San Diego, California  92101-8177
5  Telephone: (619) 685-3003
   Facsimile: (619) 685-3100
6  E-Mail:      vega@scmv.com; padams@scmv.com;
7               arias@scmv.com

8
9  Attorneys for Defendant DUNCAN D. HUNTER

10              **UNITED STATES DISTRICT COURT**

11             **SOUTHERN DISTRICT OF CALIFORNIA**

12                  (Hon. Thomas J. Whelan)

13  UNITED STATES OF AMERICA,           Case No.  18-CR-3677-W

14                      Plaintiff,      **MOTION TO DISMISS OR, IN THE**
                                        **ALTERNATIVE, TO RECUSE THE**
15                 v.                   **UNITED STATES  ATTORNEY'S**
                                        **OFFICE FOR THE SOUTHERN**
16                                      **DISTRICT OF CALIFORNIA**
17  DUNCAN D. HUNTER,
                                        Date:        July 1, 2019
18                      Defendant.      Time:        10:00 a.m.
19                                      Judge:       Hon. Thomas J. Whelan

20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

# TABLE OF CONTENTS

Page

I.    FACTUAL BACKGROUND...................................................................... 5

II.   THE INDICTMENT SHOULD BE DISMISSED ............................................... 10

III.  THE APPEARANCE OF IMPROPRIETY ........................................... 12

IV.   CONCLUSION.................................................................................. 13

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

MOTION TO DISMISS OR RECUSE THE UNITED STATES          18-CR-3677-W
ATTORNEY'S OFFICE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chapman v. California*
386 U.S. 18 (1967) ........................................................................ 11

*Dowling v. United States*
493 U.S. 342 (1990) ...................................................................... 10

*Fahy v. Connecticut*
375 U.S. 85 (1963) ........................................................................ 11

*Ganger v. Peyton*
379 F.2d 709 (4th Cir. 1967) ........................................................ 10

*In re Winship*
397 U.S. 358 (1970) ...................................................................... 10

*Marshall v. Jerrico, Inc.*
446 U.S. 238 (1980) ...................................................................... 10

*Offutt v. United States*
348 U.S. 1 (1954) .......................................................................... 11

*Rivera v. Illinois*
556 U.S. 148 (2009) ...................................................................... 10

*Spencer v. Texas*
385 U.S. 554 (1967) ...................................................................... 10

*State of N.J. v. Imperiale*
773 F. Supp. 747 (D.N.J. 1991) .................................................... 10

*Taylor v. Kentucky*
436 U.S. 478 (1978) ...................................................................... 10

*Vasquez v. Hillery*
474 U.S. 254 (1986) ...................................................................... 10

*Wardius v. Oregon*
412 U.S. 470 (1973) ...................................................................... 10

*Young v. Vuitton*
481 U.S. 787 (1987) ................................................................ 10, 11

**Other Authorities**

28 U.S.C. section 515 .................................................................... 13

28 U.S.C. section 528 .................................................................... 12

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

MOTION TO DISMISS OR RECUSE THE UNITED STATES          18-CR-3677-W
ATTORNEY'S OFFICE

## Regulations

San Diego Union Tribune, Aug. 24, 2018; https://www.sandiegouniontribune.
com/news/courts/sd-me-secretservice-20180824-story.html ...................................... 8

The United States Attorney's Manual .............................................. 6, 7, 12, 13

United States Constitution, Fifth Amendment............................................... 10

SELITZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

MOTION TO DISMISS OR RECUSE THE UNITED STATES        18-CR-3677-W
ATTORNEY'S OFFICE

Defendant DUNCAN D. HUNTER, by and through his attorneys, Gregory A. Vega, Ricardo Arias and Philip B. Adams respectfully moves the Court to Dismiss the Indictment, or, in the Alternative to Recuse the United States Attorney's Office for the Southern District of California.

## I.   <u>FACTUAL BACKGROUND</u>

On Friday, August 7, 2015, a political fundraiser was held at a private home in La Jolla, California for Presidential candidate Hillary R. Clinton. The fundraiser was from 9:00 a.m. until approximately noon, and contributors paid from $1,000 to $2,700 to attend. Present at the political fundraiser were First Assistant US Attorney Alana Robinson and Assistant US Attorney Emily W. Allen.[1] In light of subsequent events and their initiation of the criminal investigation of Congressman Hunter, their attendance at the event raises serious concerns regarding a conflict of interest and a loss of impartiality. In isolation the use of their official position to gain access to meet and be photographed with candidate Clinton demonstrates bad judgment and an abuse of their official position. However, subsequent events demonstrate a much more serious and troubling result. The undeniable facts are that both attended for one purpose and one purpose only -- they attended to meet the person they believed would be the next President of the United States. They also attended without making a contribution and used their official positions as Assistant US Attorneys to gain access not otherwise available to them or the general public.[2] Questions must be asked, including why were they in attendance having not made contributions, why were they at the event during work hours, and did they take personal leave to attend? Regardless of the answers to these questions they attended because they were supporters of celebrity candidate Clinton, wanted to be at an intimate event with her, show their support for her

_____

[1] A third Assistant US Attorney not directly involved in the investigation of Congressman Hunter also attended the Clinton Fundraiser.

[2] Publicly available campaign finance records confirm neither individual made a contribution to candidate Clinton's campaign.

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

1   candidacy, and have an opportunity to meet her.[3]  The totality of their conduct calls into

2   question the loss of impartiality in the investigation of Congressman Hunter and at a

3   minimum creates the appearance of a conflict of interest.  Subsequent events call into

4   question the integrity of the indictment.

5        Within months of the fundraiser, on February 24, 2016, Congressman Duncan D.

6   Hunter became the first sitting member of Congress to publicly endorse the candidacy

7   of Donald J. Trump for President.  The investigation of Congressman Hunter by the

8   United States Attorney's Office for the Southern District of California began shortly

9   after his public endorsement of candidate Trump. Even more troubling than an

10  investigation having begun is the fact that within weeks of Alana Robinson becoming

11  the Acting US Attorney for the Southern District of California on January 5, 2017, and

12  one month after President Trump's inauguration, federal search warrants were executed

13  on Congressman Hunter's home, local Congressional office, storage locker, and the

14  offices of his campaign treasurer on February 23, 2017.  Assistant US Attorney Emily

15  Allen and Acting US Attorney Alana Robinson were intimately involved in the

16  investigation throughout and in the decision to seek the execution of search warrants

17  and bring the instant indictment.

18        The United States Attorney's Manual provides that when a United States

19  Attorney becomes aware of an actual or apparent conflict of interest that could require a

20  recusal and the "***conflict of interest exists or there is an appearance of a loss of

21  impartiality,***" the United States Attorney must notify the General Counsel of the

22  Executive Office of United States Attorneys (EOUSA).  *USAM 3-1.140*.  Here, the

23  appearance of the loss of impartiality cannot be more clear.  The former Acting US

24  Attorney for the Southern District of California and the Assistant US Attorney leading

25  the investigation of Congressman Hunter both attended a political fundraiser for

26  candidate Clinton and shortly thereafter both were involved in initiating an investigation

27  _____

28  [3] A campaign photographer took pictures of the attendees with candidate Clinton.

MOTION TO DISMISS OR RECUSE THE UNITED STATES        18-CR-3677-W
ATTORNEY'S OFFICE

of the first Congressman to endorse candidate Trump.  These facts alone warranted recusal.

On July 30, 2018, I wrote to Adam Braverman, United States Attorney for the Southern District of California and Brian A. Benckowski, Assistant Attorney General of the Criminal Division and requested that the United States Attorney's Office for the Southern District of California be recused from any further participation in the investigation of Congressman Hunter based upon the partisan political activities by Assistant US Attorneys Alana Robinson and Emily W. Allen. On August 1, 2018, my request for recusal was denied in a letter from Jay Macklin, General Counsel for the Executive Office for United States Attorney. (Attached hereto as Exhibit 1)  The basis for the denial of my request for recusal was "[A]USA Robinson and AUSA Allen were not at the Hillary Clinton event as Clinton supporters *but in their official capacity assisting law enforcement.*" (*emphasis added*)   Mr. Macklin surely inquired of both AUSAs Robinson and Allen or of United States Attorney Braverman the reason why the AUSAs attended the Clinton event in responding to my July 30th letter.  Clearly, his response was based on the information provided to him from the United States Attorney's Office for the Southern District of California that AUSA Robinson and AUSA Allen were not at the Hillary Clinton event as Clinton supporters but in their official capacity assisting law enforcement.[4]  Shortly thereafter, Congressman Hunter was indicted on August 21, 2018.[5]

I again raised the issue of AUSAs Robinson and Allen's attendance at the Clinton event on the day of Congressman Hunter's arraignment and the political appearance of

---

[4] Recusal would have been ordered had there not been a cover up and Mr. Macklin known the truth, that AUSAs Robinson and Allen attended the Clinton Event to support her candidacy and not to assist law enforcement. *USAM 3-1.140.*

[5] The indictment was brought after the June 5, 2018 primary election and only 79 days before the November 6, 2018 general election. Because of the short time before the November election, the Republican Party was unable to replace Congressman Hunter on the ballot.

MOTION TO DISMISS OR RECUSE THE UNITED STATES          18-CR-3677-W
ATTORNEY'S OFFICE

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

such conduct by the lead prosecutor and the former Acting US Attorney.  The next day, the Secret Service issued a statement consistent with what I was told by Mr. Macklin in his letter of August 1, 2018:

> The Secret Service regularly requests representation from United States Attorney's Offices around the country during protective mission visits. The in-person representation provides for, and facilitates, real-time direct communications in the event of a protective security related incident where immediate prosecutorial guidance could be necessary.[6]

On September 10, 2018, I made a Freedom of Information Act ("FOIA") request to the United States Secret Service for all documents related to communications between any Secret Service agents that attended the Hillary Clinton fundraiser in La Jolla, California on August 7, 2015 and either Assistant US Attorney Alana Robinson or Assistant US Attorney Emily W. Allen related to attending the Hillary Clinton fundraiser.[7] If true, that the Secret Service requested their assistance, and that both Assistant US Attorney Robinson and Allen attended in their official capacity to assist law enforcement, there would be a record of such request.

A response to the above-mentioned FOIA request to the Secret Service was received on June 12, 2019, less than two weeks ago.  The Secret Service had a responsive document. The document conclusively proves that AUSAs Robinson and Allen attended the Clinton fundraiser for partisan political reasons to support and obtain a photo with candidate Clinton and that their attendance had absolutely nothing to do with "assisting law enforcement."  The responsive document is a redacted email from the Secret Service to the United States Attorney's Office sent on August 5, 2015, two days before the Clinton fundraising event. (Attached hereto as Exhibit 2)

---

[6] The San Diego Union Tribune, Aug. 24, 2018; https://www.sandiegouniontribune. com/news/courts/sd-me-secretservice-20180824-story.html

[7] An identical FOIA request was made to the United States Department of Justice.  To date, the Department of Justice has not responded to the FOIA request.

8

MOTION TO DISMISS OR RECUSE THE UNITED STATES       18-CR-3677-W
ATTORNEY'S OFFICE

1    AUSAs Robinson and Allen surely hoped that the email would never see the light

2    of day for if it did, the charade was over and the public would finally know the truth that

3    the investigation of Congressman Hunter was political from the outset.

4    **From**: [Redacted] (SDO) [Redacted]

5    **Sent**: Wednesday August 5, 2015 9:26 PM
     **To**: [Refer to EOUSA]
6    (USACAS) [Redacted] (SDO) [Redacted] (SDO)
7    **Subject**: Photo

8    All,

9    Here is the info for your photo with HRC on Friday, 8/7/15. Please meet
     me at 0900 hours Friday morning at [Redacted] in La Jolla. You can park
10   on [Redacted] and walk to the residence (please don't park on [Redacted].
11
     You do not need to bring anything to the site. I will meet you outside the
12   front door of the residence and lead you inside to the photo op room. If
     you have any questions / issues feel free to call or email me.
13
14   I look forward to seeing you on Friday.

15   Thanks,

16   [Redacted]
     US Secret Service
17   [Redacted]

18

19   Since his indictment last year, Congressman Hunter has been repeatedly criticized

20   in the media for claiming that the investigation was tainted from the outset because it

21   was conducted by political partisans. The evidence now establishes without question

22   that the Assistant US Attorney's that initiated the investigation had a glaring conflict of

23   interest and loss of impartiality that is intended to separate federal prosecutors from

24   politically influenced decisions. Any explanation the Government gives now for

25   initiating the investigation of Congressman Hunter should be viewed with total

26   skepticism through the lens of their attempts to cover up the partisan political activities

27   of the prosecutors that initiated the investigation.

28

MOTION TO DISMISS OR RECUSE THE UNITED STATES          18-CR-3677-W
ATTORNEY'S OFFICE

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

## II.    THE INDICTMENT SHOULD BE DISMISSED

The Fifth Amendment of the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." The Due Process Clause safeguards "fundamental elements of fairness in a criminal trial." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (citing *Spencer v. Texas*, 385 U.S. 554, 563-564 (1967). While fundamental fairness encompasses the rights enumerated in the Bill of Rights, *Dowling v. United States*, 493 U.S. 342, 352 (1990), the Supreme Court has repeatedly held that fundamental fairness requires protections that are not mentioned in the Bill of Rights but are essential to a fair trial. *In re Winship*, 397 U.S. 358 (1970) (holding that, despite the absence of a specific constitutional provision requiring proof beyond a reasonable doubt in criminal cases, such proof is a due process requirement). See also *Taylor v. Kentucky*, 436 U.S. 478, 488 (1978) (holding that prosecution "violated the due process guarantee of fundamental fairness in the absence of an instruction as to the presumption of innocence"): *Wardius v. Oregon*, 412 U.S. 470 (1973) (holding a rule "fundamentally unfair" that required defendant to disclose an alibi defense unless defendant is given reciprocal discovery rights against the state).

"The absence of an impartial and disinterested prosecutor has been held to violate a criminal defendant's due process right to a fundamentally fair trial." *State of N.J. v. Imperiale*, 773 F. Supp. 747, 750 (D.N.J. 1991) (citing *Ganger v. Peyton*, 379 F.2d 709, 714 (4th Cir. 1967)). The Supreme Court has observed that a situation that injects "a personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible factors into the prosecutorial decision and in some contexts raise serious constitutional questions. *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 249 (1980). "Prosecution by someone with conflicting loyalties calls into question the objectivity of those charged with bringing a defendant to judgement." *Young v. Vuitton*, 481 U.S. 787, 810 (1987) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 263-264 (1986)) (internal quotations marks omitted).

The Young Court reasoned:

MOTION TO DISMISS OR RECUSE THE UNITED STATES          18-CR-3677-W
ATTORNEY'S OFFICE

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

[A]n interested prosecutor creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system     in general. The narrow focus of harmless error analysis is not sensitive to the underlying concern. If a prosecutor uses the expansive prosecutorial powers to gather information for private purposes**, *the prosecution function has been seriously abused even if, in the process, sufficient evidence is obtained to convict a defendant*. Prosecutors "have available a terrible array of coercive methods to obtain information," such as "police investigation and interrogation, warrants, informers and agents whose activities are immunized, authorized wiretapping, civil investigative demands, [and] enhanced subpoena power." C. Wolfram, Modern Legal Ethics 460 (1986). The misuse of those methods "would unfairly harass citizens, give unfair advantage to [the prosecutor's personal interests], and impair public willingness to accept the legitimate use of those powers." *Ibid.* Notwithstanding this concern, the determination of whether an error was harmful focuses only on "whether there is a reasonable possibility that the [error] complained of might have contributed to the conviction." *Chapman v. California*, 386 U.S. 18, 23 (1967) (quoting *Fahy v. Connecticut*, 375 U.S. 85, 86-87 (1963)). *A concern for actual prejudice in such circumstances misses the point, for what is at stake is the public perception of the integrity of our criminal justice system.* "[J]ustice must satisfy the appearance of justice," *Offutt v. United States*, 348 U.S. 1, 14 (1954) and a prosecutor with conflicting loyalties presents the appearance of precisely the opposite. Society's interest in disinterested prosecution therefore would not be adequately protected by harmless-error analysis, for such analysis would not be sensitive to the fundamental nature of the error committed. (**emphasis added**)

*Young*, 481 U.S. at 811 (citations amended).

The investigation and prosecution of Congressman Hunter comes squarely within the reasoning of the Supreme Court holding in *Young* to dismiss an indictment for the improper conduct of the investigating prosecutors. The public deserves more from its Department of Justice. Here we have both the Department of Justice and the Secret Service, an agency of the Department of Homeland Security, providing the public with false information to cover up their actions in the investigation of Congressman Hunter.[8]

---

[8] Congressman Hunter requests this court to Order the Government to produce the entire un-redacted email produced by the Secret Service in response to the FOIA request and

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

11

MOTION TO DISMISS OR RECUSE THE UNITED STATES          18-CR-3677-W
ATTORNEY'S OFFICE

# III.   THE APPEARANCE OF IMPROPRIETY

The appearance of impropriety is critical under these circumstances.  Congress has directed that

> [t]he Attorney General shall promulgate rules and regulations which require the disqualification of any officer or employee of the Department of Justice, including a United States attorney or a member of such attorney's staff, from participation in a particular investigation or prosecution if such participation may result in a personal, financial, or ***political*** conflict of interest, or the appearance thereof.  Such rules and regulations may provide that a willful violation of any provision thereof shall result in removal from office.

28 U.S.C. §528. (**emphasis added**)

Pursuant to that congressional directive, The United States Attorney's Manual § 3-2.170 provides:

> When United States Attorneys, or their offices become aware of an issue that could require a recusal in a criminal or civil matter or case as a result of a personal interest or professional relationship with parties involved in the matter, they must contact General Counsel's Office (GCO), EOUSA. The requirement of recusal does not arise in every instance, but only where a conflict of interest exists or there is an appearance of a conflict of interest or loss of impartiality.

> A United States Attorney who becomes aware of circumstances that might necessitate a recusal of himself/herself or of the entire office, should promptly notify GCO, EOUSA, at (202) 252-1600 to discuss whether a recusal is required. If recusal is appropriate, the USAO will submit a written recusal request memorandum to GCO.  GCO will then coordinate the recusal action, obtain necessary approvals for the recusal , and assist the office in arranging for a transfer of responsibility to another office, including any designations of attorneys as a Special Attorney or Special Assistant to the Attorney General (see USAM 3-2.300) pursuant to 28 U.S.C. Sec. 515.

also Order the Government to produce all internal Department of Justice notes, memorandums or communications either written or oral between members of the United States Attorney's Office for the Southern District of California and the Department of Justice that discuss the attendance of AUSA Robinson and Allen attending the Clinton fundraising event.

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

12

1 United States Attorney's Manual § 3-2.170

2      At a minimum, the lack of impartiality by the United States Attorney's Office for

3 the Southern District of California in the investigation of Congressman Hunter created

4 the appearance of impropriety that warrants recusal.

## IV.   CONCLUSION

6      Accordingly, Defendant DUNCAN D. HUNTER respectfully requests that the

7 Court dismiss the indictment or in the alternative, recuse the United States Attorney's

8 Office for the Southern District of California from any further participation in this

9 matter.  This court must do what the Department of Justice surely would have done had

10 it been provided with the truth regarding the reason for the prosecutor's attendance at

11 the political fundraiser.

Respectfully submitted,

Dated: June 24, 2017           SELTZER CAPLAN McMAHON VITEK
                               A Law Corporation


By:     s/ Gregory A. Vega
                               Gregory A. Vega
                               Attorneys for Defendant, DUNCAN D. HUNTER

SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California 92101-8177

MOTION TO DISMISS OR RECUSE THE UNITED STATES          18-CR-3677-W
ATTORNEY'S OFFICE

# TABLE OF EXHIBITS

| Exhibit Number | Description | Page Number |
|---|---|---|
| 1 | Letter from Jay Macklin, General Counsel, U.S. Department of Justice to Gregory A. Vega, dated August 1, 2018 | 15 |
| 2 | Redacted August 5, 2015 E-mail from Secret Service to the United States Attorney's Office for the Southern District of California, received June 12, 2019 | 17 |
| 3 | Declaration of Gregory A. Vega in Support of Motion to Dismiss or, in the Alternative, to Recuse the United States Attorney's Office for the Southern District of California, dated June 24, 2019 | 20 |

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

14

# EXHIBIT 1



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

General Counsel's Office          *Three Constitution Square*          *Phone (202) 252-1600*
                                  *175 N Street, NE, Ste 5.100*          *FAX (202) 252-1650*
                                  *Washington, DC  20530*

August 1, 2018

Mr. Gregory Vega
Seltzer Caplan McMahon Vitek
750 B Street, Suite 2100
San Diego, CA  92101

Dear Mr. Vega:

I am in receipt of your letter, dated July 30, 2018 and addressed to Brian A. Benczkowski, Assistant Attorney General of the Criminal Division, regarding "In re Grand Jury Investigation of Congressman Duncan D. Hunter." It has been referred to me for a response.

We have reviewed the points raised in your letter and since, as I believe you already know, AUSA Robinson and AUSA Allen were not at the Hillary Clinton event as Clinton supporters but in their official capacity assisting law enforcement, we do not believe the circumstances necessitate a recusal of the United States Attorney's Office for the Southern District of California (USAO). As a result, you should direct any issues relating to the investigation to the USAO or raise them with the appropriate court.

Sincerely,

Jay Macklin
General Counsel

16

# EXHIBIT 2

REFER TO EOUSA

**From:** (b)(6);(b)(7)(C)          (SDO) (b)(6);(b)(7)(C)
**Sent:** Wednesday, August 05, 2015 9:26 PM
**To:** REFER TO EOUSA
(USACAS) (b)(6);(b)(7)(C)          (SDO); (b)(6),(b)(7)(C)          (SDO)
**Subject:** Photo

REFER TO EOUSA

All,

Here is the info for your photo with HRC on Friday, 8/7/15.  Please meet me at 0900 hours Friday morning at (b)(6);(b)(7)(C)          in La Jolla.  You can park on (b)(6);(b)(7)(C)          and walk to the residence (please don't park on (b)(6);(b)(7)(C)          )

You do not need to bring anything to the site.    I will meet you outside the front door of the residence and lead you inside to the photo op room.  If you have any questions / issues feel free to call or email me.

18

I look forward to seeing you on Friday.

Thanks,

(b)(6);(b)(7)(C)

US Secret Service
(b)(6),(b)(7)(C)


Sent from my Windows Phone


All e-mail to/from this account is subject to official review and is for official use only. Action may be taken in response to any inappropriate use of the Secret Service's e-mail system. This e-mail may contain information that is privileged, law enforcement sensitive, or subject to other disclosure limitations. Such information is loaned to you and should not be further disseminated without the permission of the Secret Service. If you have received this e-mail in error, do not keep, use, disclose, or copy it; notify the sender immediately and delete it.  --

# EXHIBIT 3

1   Gregory A. Vega, Esq. (CABN 141477)
    Ricardo Arias, Esq. (CABN 321534)
2   Philip B. Adams, Esq. (CABN 317948)
    SELTZER CAPLAN McMAHON VITEK
3   750 B Street, Suite 2100
    San Diego, California  92101-8177
4   Telephone: (619) 685-3003
    Facsimile: (619) 685-3100
5   E-Mail:      vega@scmv.com;
    padams@scmv.com; arias@scmv.com
6
7   Attorneys for Defendant DUNCAN D. HUNTER

8              **UNITED STATES DISTRICT COURT**

9         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10                   **(Judge Thomas J. Whelan)**

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | Case No.  18-CR-3677-W |
| 12                Plaintiff, | **DECLARATION OF GREGORY A.** |
| | **VEGA IN SUPPORT OF MOTION TO** |
| 13       v. | **DISMISS, OR IN THE ALTERNATIVE,** |
| | **TO RECUSE THE UNITED STATES** |
| 14  DUNCAN D. HUNTER, | **ATTORNEY'S OFFICE FOR THE** |
| | **SOUTHERN DISTRICT OF** |
| 15                Defendant. | **CALIFORNIA** |
| 16 | DATE:            July 1, 2019 |
| 17 | TIME:            10:00 a.m. |
| | COURTROOM:  3C |
| 18 | JUDGE:          Hon. Thomas J. Whelan |

19      I, Gregory A. Vega, declare as follows:

20      1.      I am an attorney licensed to practice law in the State of California, am a

21  shareholder with the law firm Seltzer Caplan McMahon Vitek, a law corporation,

22  attorneys of record for DUNCAN D. HUNTER. I have personal knowledge of the

23  matters stated below, and if called upon to testify could testify competently thereto.

24      2.      On July 30, 2018, I wrote to Adam Braverman, United States Attorney for

25  the Southern District of California and Brian A. Benckowski,  Assistant Attorney

26  General of the Criminal Division, United States Department of Justice and requested

27  that the United States Attorney's Office for the Southern District of California be

28  recused from any further participation in the investigation of Congressman Duncan D.

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

1    Hunter based upon the partisan political activities of Assistant US Attorneys Alana

2    Robinson and Emily W. Allen.

3          3.     On August 1, 2018, my request for recusal was denied in a letter from Jay

4    Macklin, General Counsel for the Executive Office for United States Attorney.

5          4.     On September 10, 2018, I made a Freedom of Information Act ("FOIA")

6    request to the United States Secret Service for all documents related to communications

7    between any Secret Service agents that attended the Hillary Clinton fundraiser in La

8    Jolla, California on August 7, 2015 and either Assistant US Attorney Alana Robinson or

9    Assistant U.S. Attorney Emily W. Allen related to attending the Hillary Clinton

10   fundraiser.

11         5.     On June 12, 2019, the Secret Service responded to the FOIA request and

12   provided a redacted email from the Secret Service to the United States Attorney's Office

13   sent on August 5, 2015.

14         I declare under penalty of perjury under the laws of the United States of America

15   that the foregoing is true and accurate.  Executed this 24th day of June, 2019, at San

16   Diego, California.

17

18

19   _____
     Gregory A. Vega

20

21

22

23

24

25

26

27

28

SELTZER CAPLAN McMAHON VITEK
75B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

**DECLARATION OF GREGORY A. VEGA IN SUPPORT OF MOTION
TO DISMISS OR RECUSE THE U.S. ATTORNEY'S OFFICE**            18-CR-3677-W