Gregory A. Vega, Esq. (CABN 141477)
Ricardo Arias, Esq. (CABN 321534)
Philip B. Adams, Esq. (CABN 317948)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
E-mail: vega@scmv.com; arias@scmv.com;
padams@scmv.com;

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Thomas J. Whelan)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>    Defendant. | Case No. 18-CR-3677-W<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**<br><br>DATE:    July 1, 2019<br>TIME:    10:00 a.m.<br>COURTROOM:    3C<br>JUDGE:    Hon. Thomas J. Whelan |

## I.    INTRODUCTION

Defendant Duncan D. Hunter, though counsel Gregory A. Vega, Ricardo Arias and Philip B. Adams, moves the Court for an order granting his Motion for a Bill of Particulars.

## II.    THE COURT SHOULD REQUIRE THE GOVERNMENT TO PRODUCE A BILL OF PARTICULARS FOR COUNTS 45-57, AND 58-60

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to order the government to file a bill of particulars, and it is well established that federal trial courts have broad discretion ruling upon such requests. *See* Fed. R. Crim. Proc. 7(f);

*Will v. United States*, 389 U.S. 90, 98-99 (1967). A bill of particulars serves three purposes: (1) Informing the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991). Courts should consider the totality of the information available to the defendants through the indictment, affirmations, and pretrial discovery when determining whether a bill of particulars is warranted in light of the charges. *United States v. Akroush, et al*, 2019 WL 2391808, at *3 (E.D. Cal. June 6, 2019).

Mr. Hunter requests the Court order the government to produce a bill of particulars for the following Counts: Counts 45- 57 falsification of records Related to Campaign Finance (18 USC §§ 1519 & 2); and Counts 58-60 Prohibited Use of Campaign Contributions (52 USC §§ 3019(d) & 30114(b)(1) & 18 U.S.C. § 2).

### III. COUNTS 45-57: FALSE FILINGS WITH THE FEC IN VIOLATION OF (18 U.S.C. §§ 1519 AND 2)

Counts 45- 57 of the indictment allege:

28. On or about the dates listed below, within the Southern District of California and elsewhere, Defendants DUNCAN HUNTER and MARGARET HUNTER knowingly concealed, covered up, falsified, and made a false entry in the record and document listed below with the intent to impede, obstruct, and influence the investigation and proper administration of matters within the jurisdiction of the Federal Election Commission and the Federal Bureau of Investigation, and in relation to and in contemplation of such matters:

| Count | Date | FEC Form 3 Report of Receipts and Disbursements |
|---|---|---|
| 45 | 7/15/2013 | The 2013 July Quarterly Report |
| 46 | 1/31/2014 | The 2013 Year-End Report |
| 47 | 4/14/2014 | The 2014 April Quarterly Report |
| 48 | 7/15/14 | The 2014 July Quarterly Report |
| 49 | 10/15/2014 | The 2014 October Quarterly Report |
| 50 | 12/2/2014 | The 2014 Post-General Election Report |
| 51 | 4/15/2015 | The 2015 April Quarterly Report |
| 52 | 7/15/2015 | The 2015 July Quarterly Report |
| 53 | 10/15/2015 | The 2015 October Quarterly Report |
| 54 | 1/31/2016 | The 2015 Year-End Report for 2015 |

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**     18-CR-3677-W

| 55 | 4/15/2016 | The 2016 April Quarterly Report |
| 56 | 10/15/2016 | The 2016 October Quarterly Report |
| 57 | 12/8/2016 | The 2016 Post-General Election Report |

The information contained in counts 45-57 simply provide the 1) date and 2) the FEC form filed, and no other information. The indictment fails to provide Mr. Hunter with any specificity as to which specific entry on the FEC form the government is alleging is false. Counts 45-57 did not incorporate by reference any of the overt acts alleged in Count 1 of the indictment. The FEC forms each contain hundreds of entries. Without a bill of particulars, Mr. Hunter will be left to speculate which entries the government will rely upon at trial to establish that the FEC form was false. This is the perennial needle in a haystack, but without the needle, since without knowing what receipt, event, function, or reimbursement the government is alleging is a violation of counts 45-57 there is simply no way to know what Mr. Hunter is defending against.

### A. Mr. Hunter is unable to adequately defend himself without knowing which specific entries in the FEC forms the Government will rely upon to prove a violation of 18 U.S.C. §1519

As noted above, pursuant to Rule 7(f) of the Fed. R. Crim. Proc., this Court has inherent power to order the government to issue a bill of particulars. The purpose of a bill of particulars is to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at the time of trial. *Ayers*, 924 F.2d at 1483. This is exactly the reason why a bill of particulars is needed for Counts 45-57. There is no way Mr. Hunter can defend himself against these charges when he does not know what the alleged illegal conduct is the government will rely upon at trial.

The government is requiring Mr. Hunter to go through four years of quarterly, year-end, and post-general election FEC Form 3 reports and guess what entries on those forms the government believes are false. Such uncertainty as to the charged conduct violates principles of fundamental fairness and does not provide sufficient notice to Mr. Hunter to know what he must defend against. A defendant has the fundamental right to request the court order the government to give a more particular description of the

3

charges against him as to avoid the danger of injustice. *Coffin v. United States*, 156 U.S. 432 (1895). The Court must order the government to provide the defense with a bill of particulars with specific descriptions as to which receipts and disbursements from each report it considers a violation of 18 U.S.C. §§ 1519 and 2 so that Mr. Hunter may adequately prepare his defense.

### IV. COUNTS 58-60: PROHIBITED USE OF CAMPAIGN CONTRIBUTIONS (52 USC §§ 3019(D) & 30114(B)(1) & 18 U.S.C. § 2)

Counts 58, 59, and 60 of the indictment similarly fail to provide Mr. Hunter with sufficient notice to prepare a defense because the indictment does not specify which expenditures comprise the alleged conversion of over $25,000 in Campaign funds for personal use during each year. For example, Count 58 of the indictment alleges the following:

> 29. Paragraphs 1 through 17 and all sub-paragraphs are realleged and incorporated herein by reference.
>
> 30. In the calendar year 2014, within the Southern District of California and elsewhere, Defendants DUNCAN HUNTER and MARGARET HUNTER knowingly and willfully converted $25,000 and more of Campaign funds to their personal use by using them to fulfill personal commitments, obligations, and expenses that would have existed irrespective of defendant DUNCAN HUNTER's election campaign or duties as a holder of federal office.
>
> All in violation of Title 52, United States Code, Sections 30109(d) and 30114(b)(1), and Title 18, United States Code, Section 2.

Count 58 and the incorporated paragraphs 1-17 of the indictment do not specify what expenditures by the Hunters were personal and are included in the "$25,000 and more of Campaign funds" allegedly converted for the Hunters' "personal commitments, obligations, and expenses". The same is true of Counts 59 and 60. Mr. Hunter cannot be expected to defend against something that is totally unknown. Without a bill of particulars the government would be able to decide at trial to argue a particular expenditure was personal, without Mr. Hunter having notice that a particular expenditure was part of the $25,000. For the same reasons that a bill of particulars is necessary for Counts 45-57, a bill of particulars is warranted for Counts 58-60.

4

**A. Bill of Particulars is Necessary When the Indictment Fails to Provide Sufficient Information to Enable a Defendant to Prepare for Trial**

A bill of particulars is necessary when the indictment is too vague and fails to provide sufficiently precise information to enable the defendant to prepare for trial, *See* Fed. R. Crim. Proc. 7(f); *see also U.S. v. Ayers* 924 F.2d 1468, 1483(9th Cir. 1991); *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) ("The purpose of a bill of particulars is to amplify the indictment by providing missing or additional information so that the defendant can effectively prepare for trial."), cert. denied, 519 U.S. 857 (1996). Courts should grant a defendant's request for a bill of particulars when doing so would serve any of the following three purposes: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *See Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963); *U.S. v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979); *see also United States v. Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985) ("If the competing interests of the defense and the government are closely balanced, the interests of the defendant in disclosure must prevail.").

**B. The Court Should Order the Government to Issue a Bill of Particulars as to Counts 58-60 to Clarify the Specific Expenditures that Comprise the Charged Crimes and Allow Mr. Hunter to Effectively Prepare for Trial.**

Mr. Hunter requests the Court order the government to file a bill of particulars identifying the specific expenditures that support the government's claim that the Hunters' "converted $25,000 and more of Campaign funds" to their personal use in years 2014, 2015, and 2016 respectively. Mr. Hunter cannot adequately prepare a defense for trial without this information because the government has neither sufficiently identified the expenditures that constitute the alleged personal use of campaign funds nor explained how it determined that the Hunters converted more than $25,000 in campaign funds to their personal use in each of the years 2014, 2015, and

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR BILL OF PARTICULARS** 18-CR-3677-W

2016. If the government does not provide Mr. Hunter with this information, he will be unable to mount a proper defense and will be severely prejudiced at trial.

## V. CONCLUSION

For the foregoing reasons, Mr. Hunter respectfully requests the Court issue an order granting his Motion for a Bill of Particulars for Counts 45-57 and 58-60.

Dated: June 24, 2019

SELTZER CAPLAN McMAHON VITEK
A Law Corporation

By: *s/ Gregory A. Vega*
Gregory A. Vega
Philip B. Adams
Ricardo Arias
Attorneys for Defendant, DUNCAN D. HUNTER