Gregory A. Vega, Esq. (CABN 141477)
Ricardo Arias, Esq. (CABN 321534)
Philip B. Adams, Esq. (CABN 317948)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
vega@scmv.com
arias@scmv.com;
padams@scmv.com;

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Thomas J. Whelan)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>  Defendant. | Case No. 18-CR-3677-W<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY AND MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**<br><br>DATE: July 1, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 3C<br>JUDGE: Hon. Thomas J. Whelan |

Defendant Duncan D. Hunter hereby moves the Court for an order that the Government provide discovery and production of various documents, objects, information, and materials with respect to the indictment in Criminal Case No. 18-CR-3677-W.

## I.     INTRODUCTION

Duncan D. Hunter ("Hunter") is a United States Representative representing California's 50th Congressional District. On August 21, 2018, a sixty count indictment was filed charging Hunter with violation of 18 U.S.C. § 371; 18 U.S.C. §§ 1343 and 2; 18 U.S.C. §§ 1519 and 2; 52 U.S.C. §§ 30109(b) and 30114(b)(1) and 18 U.S.C. § 2. Hunter hereby moves the Court for an order that the Government provide discovery and

production of various documents, objects, information, and materials with respect to the indictment in Criminal Case No. 18-CR-3677-W.

## II.     MOTION FOR DISCOVERY

Hunter makes this Motion pursuant to Title 18 of the United States Code, Rules 12, 16 and 57 of the Federal Rules of Criminal Procedure, and the Fourth, Fifth and Sixth Amendments to the United States Constitution, on the grounds that such items are essential to the proper preparation of a defense in the instant matter, can be utilized to impeach witnesses, may exculpate Hunter, and in all events must be produced pursuant to Federal Rules of Criminal Procedure.  Hunter's request is not limited to items the prosecutor or the United States Office of the Southern District of California is aware of , but includes all discovery listed below that is in the custody, control, care, or knowledge of any and all government agencies, and discovery of which the government may become aware of . *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

Hunter is entitled to and requests the government disclose the following documents and information:

### A.     Oral, Written, or Recorded Statements

Hunter seeks from the Government the substance of any oral and written statements by him in the possession of the Government, pursuant to Federal Rule of Criminal Procedure ("FRCP") 16(a)(1)(A) and (B).

### B.     Criminal Record

It is well-settled that a criminal defendant is entitled to a copy of his criminal record from the Government as part of criminal discovery, which includes his prior convictions and his FBI "rap sheet." *United States v. Trejo-Zambrano*, 582 F.2d 460, 465 (9th Cir. 1978).

### C.     Pre-trial Disclosure of 404(b) Evidence

Hunter makes a pre-trial request for all "other acts" evidence pursuant to FRCP 16(a)(1)(C), FRCP 16(a)(1)(D), and Federal Rule of Evidence ("FRE") 404(b).  Under 404(b) notice is mandatory, failure to provide notice renders the other acts evidence

inadmissible, whether the evidence is used in the prosecution's case-in-chief or for impeachment. *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999).

**D.   Description of Alleged Prior or Subsequent Bad Acts Both Charged and Uncharged**

Hunter requests a description of any alleged prior or subsequent "bad acts" which the Government intends to introduce as evidence in its case-in-chief, or any impeachment evidence in its rebuttal case. By "bad acts," Hunter is specifically referring to any prior convictions, alleged prior or subsequent criminal conduct for which Hunter was not prosecuted; for which charges were dismissed; for which Hunter was investigated, but no decisions were reached as to whether to prosecute; or for which no prosecution has yet been initiated. This item includes "bad acts" within the direct knowledge of the Government's witnesses, or in the possession of law enforcement agencies, both federal or in the State of California. By "description," Hunter requests:

(a)   A detailed description of the nature and circumstances of each bad act;

(b)   The date and approximate time of each bad act;

(c)   The locations where each bad act was allegedly committed, and;

(d)   The names and present whereabouts of all witnesses to each bad act.

Hunter makes this request under FRCP 12(d).

**E.   Production of Evidence Seized and Inspection of All Tangible Objects**

Hunter requests production of evidence seized as a result of any search with or without a warrant. FRCP 16(a)(1)(C). Hunter also requests the opportunity to inspect and copy, as well as test, all documents and tangible objects, including photographs, books, papers, documents, weapons, fingerprint analyses, vehicles, or copies of portions thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known, including documents in the possession of cooperating witnesses, to the government and which are material to the preparation of his defense or which are intended for use by the government in their case-in-chief at trial. Hunter seeks this under Rule 16.

### F. Review of All Personnel Files of Each Government Agent Involved in the Case

Hunter requests the government review the individual personnel files of each agent involved in Hunter's case for impeachment material or material favorable to his defense. The government must disclose information favorable to the defense and has a duty to examine personnel files upon a request by the defendant. *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir.1984). The obligation to examine the personnel files arises by virtue of the defendant making of a demand for their production. *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991). Failure to disclose this information constitutes error. *Id*.

### G. Preservation of Evidence

Hunter requests the preservation of all agents' communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the investigation in this case. This request includes, but is not limited to seized weapons, alleged contraband and vehicles, the results of any fingerprint or handwriting analysis, defendant's personal effects, and any evidence seized from defendant or any other party.

### H. Summaries of All Testimony of Experts the Government Intends to Use in Its Case-in-Chief

Hunter requests the Government provide summaries of the testimony of all expert witnesses the Government intends to use at trial, including the opinions, the bases and reasons therefore, and the witnesses' qualifications, pursuant to FRCP 16(a)(1)(G). See, *United States v. W.R. Grace*, 526 F.3d 499, 516 (9th Cir. 2008) (requiring the timely disclosure of the government's expert witnesses and an expert report tailored to the issues on which each expert is expected to testify and further requiring expert disclosures must identify the documents or information that the expert reviewed in preparing his or her report).

### I. *Giglio* Material

Hunter requests all statements and promises, express or implied, made to any government witnesses in exchange for testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972).

### J. All information regarding Informants and Cooperating Witnesses

Hunter requests full disclosure of the name(s), address(es), criminal record, and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id*. Hunter also requests that the government provide any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to his defense.

### K. Jencks Act Material

Hunter requests production in advance of trial of all Jencks Act material pursuant to 18 U.S.C. § 3500. Since "the rationale of the Jencks Act is to provide the defense with material that could impeach a government witness", the Court should order the Jencks Act material to be produced well in advance of trial. See, *United States v. Polizzi*, 500 F.2d 856, 893 (9th Cir. 1974).

### L. All Statements by both Charged and Uncharged Co-Conspirators

Hunter requests the government turn over any and all statements the government intends to offer as evidence in trial made by all charged or uncharged coconspirators pursuant to FRCP 12 and 16 and FRE 801. Hunter requests the Court order the government to immediately turn over coconspirator statements including, but not limited to, those containing exculpatory information, statements attributed to Hunter, or

**MEMORANDUM OF POINTS AND AUTHORITIES RE MOTION FOR DISCOVERY**                           18-CR-3677-W

the results of any scientific tests. Pretrial disclosure of conspirators' declarations which the government plans to introduce at trial as the defendants' own would substantially temper the possibility of unfair prejudice. *United States v. Gallo*, 654 F. Supp. 463, 477 (E.D.N.Y. 1987). Hunter needs these statements in order to adequately prepare his defense for trial.

**M.   Government's Compliance with the Ogden Memorandum**

Hunter requests the government comply with the Ogden memorandum issued on January 4, 2010, by then Deputy Attorney General Ogden, which instructed federal prosecutors on how to review discoverable information from other agencies in complex cases involving parallel proceedings with regulatory agencies, such as the case here. Hunter further requests the government provide a detailed summary of what steps it took in meeting its obligations under the Ogden memorandum, including but not limited to its review process regarding: its review of the Investigative Agency's Files; Confidential Informant (CI)/Witness (CW)/Human Source (CHS)/Source (CS) Files; Evidence and Information Gathered During the Investigation; Documents or Evidence Gathered by House of Representative Attorneys in any House Ethics Proceedings.

**N.   Information that May Result in a Lower Sentence**

Hunter requests any information that may result in a lower sentence under the Sentencing Guidelines. This information is discoverable under *Brady v. Maryland*, 373 U.S. 83(1963). Included in this request is any information relevant to an adjustment, departure, a determination of Hunter's criminal history, or any other application of the Guidelines.

**O.   Governments Witness List**

Hunter requests a list of witnesses in the instant case including witnesses that the Government intends to call in its case-in-chief at trial, and a list of percipient witnesses to the events in the indictment, who the Government does not intend to introduce at trial. The Court has absolute discretion to order the Government to produce such a list. *United States v. Cadet*, 727, F.2d 1453, 1469 (9th Cir. 1984). In fact the Ninth Circuit

has allowed the production of the governments witness list a year in advance of trial. *W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008).

In *Cadet*, the defendants sought a list of all witnesses to the actions described in the indictment. In addressing this discovery motion, the District Court ordered the Government to produce for Cadet's inspection the names and addresses of all witnesses to the actions described in the indictment, which the Government did not intend to call at trial. The Government objected to this order contending that the identity of the "non-witnesses" was not discoverable absent a showing of materiality. In upholding this order on appeal, the Ninth Circuit initially distinguished the names of witnesses from the witness' statement. The Court emphasized that the latter category of information was covered by the Jencks Act. However, the Court emphasized that it was well within the Court's discretion to permit disclosure of the identities of witnesses. The Court of Appeals concluded that the District Court properly exercised its discretion to order the production of such a witness list.

Here, the Court should mandate the disclosure of a list of Government witnesses at this juncture. First, for the reasoning utilized by the Court in *Cadet*, it is apparent that witnesses who the government does not intend to call at trial may very well be witnesses exonerating Hunter. Thus, disclosure of their names is entirely appropriate. This disclosure would facilitate voir dire as well as defense preparation. Given the Court's broad discretion in this regard, Hunter requests an order for the witness list in advance of trial.

**P.     Statements of All Witnesses the Government Intends to Use at Trial in Its Case-in-Chief**

In the interest of expediency once trial begins, Hunter has requested the statements of all witnesses the Government intends to use at trial in its case-in-chief. Hunter requests such statements 30 days prior to trial.

### Q. All Impeachment Materials and Information of Government's Witnesses

Hunter requests production of all evidence that might tend to impeach the Government's witnesses. Hunter's requests for *Giglio* and *Brady* material are reincorporated. Hunter additionally requests all information regarding prior participation of government witness in any investigations. *United States v. Shaffer*, 789 F.2d 682 (9th Cir. 1986). Specific information of prior testimony or participation by government witnesses in other matters, investigations, or cases. *Johnson v. Brewer*, 521 F.2d 556 (9th Cir. 1975). Internal government notes, memorandum, documents, and communications regarding impeachment information of all potential government witnesses, denial of which is grounds for reversible error. *United States v. Brumel-Alvarez*, 991 F.2d 1462 (9th Cir. 1993).

### R. Names of Favorable Witnesses and Any Statements Relevant to his Defense

Hunter requests the names, addresses, phone numbers, and email addresses of any witnesses who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Hunter also requests disclosure of any statement that may be "relevant to any possible defense or contention" that he may assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

### S. Subpoena's, Intercepts, Warrant Information, including Warrant Affidavits, and Evidence Related to this Case

Hunter requests a copy of all electronic interception orders, search warrant affidavits, search warrants, sealing orders, and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and all related applications for electronic interception, subpoenas, and warrants, their affidavits, attachments, and inventories related to this case. He also requests copies of all documents provided to or seized by the government pursuant to such court authorized orders. Hunter requests copies of all recordings made by the

government pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

### T.  Residual Discovery and All Other Relevant Material

Hunter intends for this motion to cover the full extent of discoverable material under Rule 16, the Federal Rules of Evidence, any other applicable statute, and the United States Constitution.  Hunter therefore requests that the government be required to provide all other discoverable material which he otherwise has failed to specifically request.  Hunter also requests that the government be directed to provide discovery on a continuing basis, such that if newly discovered evidence, or evidence not previously ordered to be provided, becomes reasonably known to the government, such evidence be provided immediately.

### U.  Exculpatory Evidence

Hunter requests all material or information in the possession, custody, or control of the Government that may tend to exculpate him, pursuant to the United States Supreme Court's holding in *Brady*.

### III.  MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Hunter requests leave to file additional substantive motions once he has received and reviewed the expected discovery.

### IV.  CONCLUSION

For the foregoing reasons, Hunter respectfully requests that the Court grant his motions for discovery and for leave to file additional motions.

Dated: June 24, 2019         SELTZER CAPLAN McMAHON VITEK
                             A Law Corporation

                             By:  *s/ Gregory A. Vega*
                                  Gregory A. Vega
                                  Ricardo Arias
                                  Philip B. Adams
                             Attorneys for Defendant, DUNCAN D. HUNTER