```
Gregory A. Vega, Ca. Bar No. 141477
Ricardo Arias, Ca. Bar No. 321534
Philip B. Adams Ca. Bar No. 317948
Seltzer Caplan McMahon Vitek
750 B Street, Suite 2100
San Diego, California 92101
Telephone: (619) 685-3040
Facsimile: (619) 702-6814
vega@scmv.com
arias@scmv.com
adams@scmv.com
```

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Thomas J. Whelan)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>Defendant. | Case No. 18-CR-3677-W<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWO, THREE, AND FORTY-FIVE OF THE INDICTMENT FOR VIOLATION OF THE STATUTE OF LIMITATIONS**<br><br>DATE: July 1, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 3C<br>JUDGE: Hon. Thomas J. Whelan |

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on July 1, 2019 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Thomas J. Whelan, United States District Court Judge, Courtroom 3C, located at 221 West Broadway, San Diego, California, 92101, Defendant Duncan D. Hunter hereby moves this Court to pursuant to Federal Rules of Criminal Procedure 12(b) to dismiss Counts Two, Three and Forty-Five of the indictment because the conduct underlying these Counts occurred outside the five-year statute of limitations period applicable to the charged offenses, and no justification for extending the limitations period exists.

1  This Motion is based on the instant Notice, Motion, and Memorandum of Points
2  and Authorities submitted herewith, the pleadings and other matters on file in this case,
3  and on such other and further argument and evidence as may be presented to the Court
4  at the hearing of this matter.

6  Dated: June 24, 2019              SELTZER CAPLAN McMAHON VITEK
                                     A Law Corporation

                                     By:   *s/ Gregory A. Vega*
                                           Gregory A. Vega
                                           Ricardo Arias
                                           Philip B. Adams
                                     Attorneys for Defendant, DUNCAN D. HUNTER

Gregory A. Vega, Esq. (CABN 141477)
Ricardo Arias, Esq. (CABN 321534)
Philip B. Adams, Esq. (CABN 317948)
SELTZER CAPLAN McMAHON VITEK
A Law Corporation
750 B Street, Suite 2100
San Diego, California  92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
E-Mail:     vega@scmv.com; padams@scmv.com;
                  arias@scmv.com

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Thomas J. Whelan)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DUNCAN D. HUNTER,<br><br>　　　　　Defendant. | Case No.  18-CR-3677-W<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COUNTS TWO, THREE, AND FORTY-FIVE OF THE INDICTMENT FOR VIOLATION OF THE STATUTE OF LIMITATIONS**<br><br>DATE:　　　　　July 1, 2019<br>TIME:　　　　　10:00 a.m.<br>COURTROOM:　3C<br>JUDGE:　　　　Hon. Thomas J. Whelan |

　　　Defendant DUNCAN D. HUNTER ("Hunter"), by and through his attorneys, Gregory A. Vega, Ricardo Arias, and Philip B. Adams, pursuant to Federal Rules of Criminal Procedure 12(b), respectfully moves this Court to dismiss Counts Two, Three and Forty-Five of the indictment because the conduct underlying these Counts occurred outside the five-year statute of limitations period applicable to the charged offenses and no justification for extending the limitations period exists.

## I. FACTUAL BACKGROUND

The indictment against Hunter was returned on August 21, 2018, and it contains the following counts subject to this motion to dismiss:

- Count Two of the indictment alleges Hunter committed wire fraud in violation of 18 U.S.C. §§ 1343 & 2 based on conduct occurring on April 20, 2013.
- Count Three of the indictment alleges Hunter committed wire fraud in violation of 18 U.S.C. §§ 1343 & 2 based on conduct occurring on April 22, 2013.
- Count Forty-Five of the indictment alleges Hunter falsified records related to campaign finance in violation of 18 U.S.C. §§ 1519 & 2 based on conduct occurring on July 15, 2013.

## II. ANALYSIS

Counts Two, Three and Forty-Five should be dismissed as time barred because the alleged offenses occurred more than five years before the date of the indictment.

### A. Counts Two, Three, and Forty-Five are Subject to the Five-Year Statute of Limitations Period Established by 18 U.S.C. § 3282(a).

18 U.S.C. § 3282 provides "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). This statute establishes a default statute of limitations period governing all non-capital violations of federal law and applies to charges of wire fraud and charges based on falsification of records related to campaign finance. See *id.*; *United States v. Mullins*, 613 F.3d 1273, 1278 (10th Cir. 2010) (the default five-year statute of limitations period provided by 18 U.S.C. § 3282 "applies to wire fraud charges"). Similarly, 52 U.S.C. § 30145(a) states "[n]o person shall be prosecuted, tried, or punished for any violation of subchapter I of this chapter, unless the indictment is found or the information is instituted within 5 years after the

date of the violation." 52 U.S.C.A. § 30145(a). This statute establishes a five-year statute of limitations period for any violation of 52 U.S.C. § 30101 *et seq*, which relate to the disclosure of federal campaign funds. See *id.*

**B.      The Court Should Dismiss Counts Two, Three, and Forty-Five Because the Government Did Not Obtain the Indictment Until After the Five-Year Limitations Period Expired with Respect to Those Counts.**

The government obtained the indictment against Hunter on August 21, 2018. Five years prior to August 21, 2018 is August 21, 2013. Charges of wire fraud and falsification of records related to campaign finance are non-capital offenses subject to the five-year statute of limitations period established by 18 U.S.C. § 3282. See 18 U.S.C. § 3282(a). Counts Two and Three of the indictment charge Hunter with wire fraud based on conduct that occurred before August 21, 2013 (on April 20, 2013 and April 22, 2013 respectively). Similarly, Count Forty-Five of the indictment charges Hunter with falsification of records related to campaign finance based on conduct that occurred before August 21, 2013 (on July 15, 2013). Thus, Counts Two, Three and Forty-Five are all based on conduct outside the five-year limitations period and should be dismissed as time barred.

## III.   CONCLUSION

For the aforementioned reasons, this Court should dismiss Counts Two, Three, and Forty-Five of the indictment because they are all based on conduct that occurred outside of the the five-year statute of limitations period and no justification for extending the limitations period exists.

Dated:  June 24, 2019

Respectfully submitted,
SELTZER CAPLAN McMAHON VITEK
A Law Corporation


By:   *s/ Gregory A. Vega*
      Gregory A. Vega
      Philip B. Adams
      Ricardo Arias
Attorneys for Defendant, DUNCAN D. HUNTER

3