DAVID D. LESHNER
Attorney for the United States
Acting under Title 28, U.S.C. Section 515
EMILY W. ALLEN (Cal. Bar No. 234961)
W. MARK CONOVER (Cal. Bar No. 236090)
PHILLIP L.B. HALPERN (Cal. Bar No. 133370)
BRADLEY G. SILVERMAN (D.C. Bar No. 1531664)
Assistant United States Attorneys
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-6345
Email: bradley.silverman@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>Defendant. | Case No. 18CR3677(1)-W<br><br>**PRETRIAL MOTION TO EXCLUDE:**<br>**(1) EVIDENCE AND ARGUMENT REGARDING OTHER CONGRESSMEMBERS' MISUSE OF CAMPAIGN FUNDS;**<br>**(2) TESTIMONY AS TO LEGAL CONCLUSIONS CONCERNING HUNTER'S GUILT OR INNOCENCE; AND**<br>**(3) TESTIMONY AS TO HUNTER'S BELIEF THAT HIS ACTIONS WERE LAWFUL** |

The United States of America, by and through its counsel David D. Leshner, Attorney for the United States, and Emily W. Allen, W. Mark Conover, Phillip L.B. Halpern, and Bradley G. Silverman, Assistant U.S. Attorneys, hereby moves to exclude inadmissible evidence and improper argument as described herein.

1

# I.
# INTRODUCTION

On August 21, 2018, Duncan D. Hunter ("Hunter" or "the defendant") and Margaret Hunter were indicted and charged with one count of conspiracy against the United States, in violation of 18 U.S.C. § 371; 43 counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; 13 counts of falsification of records related to campaign finance, and three counts of prohibited use of campaign contributions, in violation of 52 U.S.C. §§ 30109(d) and 20114(b)(1) and 18 U.S.C. § 2. On June 13, 2019, Margaret Hunter entered a guilty plea to Count One of the indictment, pursuant to a plea agreement.

Trial against Hunter is set to begin on September 10, 2019. By this motion, the United States seeks to preclude Hunter from attempting to elicit: (1) evidence or argument regarding other congressmembers' use of campaign funds to make personal expenditures; (2) testimony offering legal conclusions as to Hunter's innocence or guilt; and (3) testimony as to Hunter's state of mind from witnesses other than Hunter himself. Whether other congressmen embezzle campaign funds has no bearing on Hunter's own guilt or innocence. Likewise, witnesses are not competent to opine on the legality of Hunter's behavior or to draw conclusions or make statements as to Hunter's state of mind. Such evidence is inadmissible and improper.

# II.
# ANALYSIS

## A. Evidence and Argument Regarding Other Congressmembers' Use of Campaign Funds is Improper and Inadmissible

The United States anticipates that at trial, Hunter may argue that his routine personal use of campaign funds was also routine for other members of Congress; that among his contemporaries, it is normal and acceptable to treat one's campaign treasury as a personal slush fund. He may suggest that the personal use of campaign money is simply a part of life in Washington, just "the way things are done"—and therefore, that he didn't know any better himself.

This defense, however, has a crucial flaw. Evidence that other congressmembers use

campaign funds for personal expenses is wholly irrelevant to Hunter's own culpability for embezzlement. *See United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 991 (7th Cir. 1999) (district court properly "excluded evidence based on a fear that the jury might find [defendant] not guilty because 'everyone does it'"); *United States v. Fowler*, 932 F.2d 306, 315–16 (4th Cir. 1991) (evidence on "'the everybody-does-it' defense" is "irrelevant"); *United States v. Page*, 959 F.2d 232, at *2 (4th Cir. 1992) (unpublished) ("A thief is not less a thief if he lives in a den of thieves.").

Evidence that other members of Congress similarly embezzle campaign funds would show only that they have violated the law, not that Hunter did not. *See Matter of Husain*, 866 F.3d 832, 835 (7th Cir. 2017) (attorney's claim that most bankruptcy lawyers commit fraud would only "mean that more disciplinary proceedings are in order; it would not exculpate" the attorney in disbarment action); *LaCrosse v. CFTC*, 137 F.3d 925, 933 (7th Cir. 1998) ("illegal trades [do not] become more palatable because others participated in the same behavior"). Such evidence also would be unduly prejudicial, serving no purpose but to inflame the jury's emotions and encourage nullification. *See United States v. Kleinman*, 880 F.3d 1020, 1031 (9th Cir. 2017) (courts have a duty to forestall or prevent nullification). As any kindergartener can attest, "everyone else was doing it" simply is no excuse for wrongful behavior.

Hunter's congressional colleagues' practices in spending their own campaign funds has, on its own, little or no bearing on Hunter's own liability. In *United States v. Warner*, a corruption trial involving bribery, embezzlement, and related crimes, the defense sought to admit evidence that prior government administrations had engaged in similar conduct, arguing that such evidence helped establish the defendant's good faith. 396 F. Supp. 2d 924, 936-37 (N.D. Ill. 2005). The district court noted the logical fallacy in this argument: "[t]he mere fact that somebody else does it doesn't help a whole lot with anybody determining whether what happened in this case violated the law." *Id.* at 973 (quoting court's observations in codefendant Scott Fawell's hearing). Similarly here, any testimony by Hunter's father, former Representative Duncan L. Hunter, or any of Hunter's current or former congressional colleagues as to how they spent their own campaign funds would be improper, because it has

no bearing on Hunter's own conduct or state of mind.[1] *See id.* ("any attempt to establish [defendants'] innocence based on the fact that other administrations acted in the same manner would be improper—arguably akin to a driver pulled over for speeding who, unaware of the lawful limit, concludes that 80 m.p.h. is acceptable because she observed other drivers passing her."); *United States v. Fawell*, Crim. No. 2-310, 2003 WL 21544239, at *8 (N.D. Ill. July 9, 2003) ("Whether the practice was common or uncommon, it was improper and the charged activities were unlawful."); *United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (affirming exclusion of testimony by other individuals who received tribal funds for personal use in defendant's embezzlement trial because "the fact that others may have been the beneficiaries of improper conduct does nothing to excuse [defendant]").

### B. Testimony Offering Conclusions As To Hunter's Culpability is Improper and Inadmissible

Nor can Hunter elicit testimony that any particular expenditure of campaign funds he made was appropriate. Lay witness opinion testimony must be "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701. "It is black-letter law that it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge." *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997). While Hunter may question witnesses about matters such as who was present while he was making particular expenditures or what topics were discussed, testimony that his purchases were appropriate—*e.g.*, because they were made while campaign staff were present or while campaign matters were being discussed—calls for a bare "conclusion as to the legality of [his] conduct, which is unhelpful to the jury under Rule 701." *United States v. Wantuch*, 525 F.3d 505, 514 (7th Cir. 2008); *see also United States v. Locke*, 643 F.3d 235, 241 (7th Cir. 2011)

---

[1] The Court must carefully police the boundary between *bona fide* evidence of Hunter's intent and generalized evidence of congressional corruption unconnected to Hunter's own state of mind. Evidence of other congressmen's embezzlement could only be relevant if Hunter lays a proper foundation that ties the evidence directly to his own state of mind. Otherwise, what other members did with their money says nothing about the legality of Hunter's conduct.

4

("a witness's opinion that the facts in a case meet the elements of the charged crime will likely constitute unhelpful testimony because it merely tells the jury what result to reach."); *United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009) ("a lay witness's purpose is to inform the jury what is in the evidence, not to tell it what inferences to draw from that evidence.").

### C. Testimony Offering Speculation Into Hunter's Purported Beliefs is Improper and Inadmissible

Finally, Hunter cannot elicit testimony from third parties as to his own subjective belief that any particular expenditure of campaign funds were appropriate or lawful. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Testimony as to Hunter's beliefs about the lawfulness of his campaign spending is speculative, falling outside the personal knowledge of anyone but Hunter himself. *See United States v. Hauert*, 40 F.3d 197, 202 (7th Cir. 1994) ("[D]efendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances not present here. In this case, such testimony was not helpful to the jury." (citation omitted)); *see also Wantuch*, 525 F.3d at 514 (finding error in district court's admission of lay witness's conclusion that defendant knew what he was doing was illegal, though concluding error was harmless). Such testimony is also inadmissible hearsay, and further, any probative value is substantially outweighed by the danger of unfair prejudice such evidence would inject. Fed. R. Evid. 801, 802, 403.

Hunter is free to testify as to his own subjective beliefs, subject to cross-examination and the jury's evaluation. But he may not use the speculation of third party witnesses to introduce evidence about his own state of mind.

## III.
## CONCLUSION

For the foregoing reasons, this Court should exclude (1) evidence or argument regarding other congressmembers' use of campaign funds to make personal expenditures; (2) testimony offering legal conclusions as to Hunter's innocence or guilt; and (3) testimony as to Hunter's state of mind from witnesses other than Hunter himself.

DATED: June 24, 2019

    Respectfully submitted,

    DAVID D. LESHNER
    Attorney for the United States

    *s/ Bradley G. Silverman*
    EMILY W. ALLEN
    W. MARK CONOVER
    PHILLIP L.B. HALPERN
    BRADLEY G. SILVERMAN
    Assistant U.S. Attorneys