DAVID D. LESHNER
Attorney for the United States
Acting under Title 28, U.S.C. Section 515
EMILY W. ALLEN (Cal. Bar No. 234961)
W. MARK CONOVER (Cal. Bar No. 236090)
PHILLIP L.B. HALPERN (Cal. Bar No. 133370)
BRADLEY G. SILVERMAN (D.C. Bar No. 1531664)
Assistant United States Attorneys
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-9738
Email: emily.allen@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>Defendant. | Case No. 18CR3677(1)-W<br><br>**UNITED STATES' RESPONSE TO MOTION TO DISMISS COUNTS TWO, THREE, AND FORTY-FIVE OF THE INDICTMENT FOR VIOLATION OF THE STATUTE OF LIMITATIONS** |

The United States of America, by and through its counsel David D. Leshner, Attorney for the United States, and Emily W. Allen, W. Mark Conover, Phillip L.B. Halpern, and Bradley G. Silverman, Assistant U.S. Attorneys, hereby files its response to Defendant's motion to dismiss Counts Two, Three, and Forty-Five of the Indictment as time-barred by the statute of limitations (Doc. No. 43) (filed Jun. 24, 2019).

# I.

# INTRODUCTION

On August 21, 2018, defendant Duncan D. Hunter ("Hunter" or "the defendant") and his wife Margaret Hunter were charged in a 60-count Indictment alleging that the Hunters pilfered funds donated by citizens in order to support a profligate lifestyle and pay numerous outstanding bills beginning at least as early as January 2010 and continuing through at least April 2016.  *See generally* Indictment, Doc. No. 1.  The Hunters' criminal acts included illegally using campaign funds to purchase hotel rooms, airline tickets and upgrades, meals and food, and entertainment expenses for vacations for themselves and their friends and family, and extended internationally, including "more than $14,000 for a family Thanksgiving vacation in Italy in November 2015."  Indictment ¶ 21(15)(i).  Margaret Hunter has entered a guilty plea to Count One of the Indictment, pursuant to a plea agreement.  Trial against Hunter is set to begin on September 10, 2019.

The defendant seeks dismissal of Counts Two and Three of the Indictment charging him with wire fraud in violation of 18 U.S.C. §§ 1342 and 2, and Count Forty-Five of the Indictment charging him with falsifying campaign finance-related records in violation of 18 U.S.C. §§ 1519 and 2.  He claims these counts are time-barred because the conduct alleged in these counts occurred before August 21, 2013 – *i.e.*, more than five years before the August 21, 2018, Indictment.  Def. Mot. at 3; *see also* 18 U.S.C.A. § 3282 (establishing five-year statute of limitations).  Put differently, the defendant claims that dismissal is warranted because these counts were brought 37, 121, and 123 days too late.[1]

The defendant's motion must be denied.  By Court Order entered pursuant to 18 U.S.C. § 3292, the running of the statute of limitations was suspended for a period of 180 days, which extends the statute of limitations period to 5 years and 180 days.  Because the conduct alleged

---

[1]   Counts Two and Three relate to conduct occurring on April 20, 2013, and April 22, 2013, respectively.  Count Forty-Five concerns conduct dated July 15, 2013.

in the counts occurred within 5 years and 180 days of the Indictment, Counts Two, Three, and Forty-Five are timely.

## II.

## ARGUMENT

Title 18, United States Code, Section 3292 provides that, upon application of the United States, the Court shall issue an order to suspend the running of the statute of limitations for a period of up to three years when an official request has been made for evidence in a foreign country. Section 3292(a)(1) provides:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. § 3292. The period of suspension begins on the date the official request was made, and ends on the date the foreign authority takes final action on the request—but shall not exceed six months. *Id.* at § 3292(b), (c)(2).

Prior to the return of the Indictment, the United States filed an *ex parte* Application pursuant to 18 U.S.C. § 3292, requesting that the Court issue an order suspending the running of the statute of limitations on account of an official request, made during the course of the investigation underpinning the charges, by the Office of International Affairs of the United States Department of Justice to an "authority of a foreign country" in Italy for evidence located in Italy. *See* Exhibit 1 (Order Granting United States' Ex Parte Application Pursuant to 18 U.S.C. § 3292).[2] Then-Chief Judge Barry T. Moskowitz granted that application on July 14, 2018, and ordered that the running of the statute of limitations for the offenses under

---

[2] At the time the defendant filed this motion, the United States first realized that the defense did not have copies of the *ex parte*, under seal Application and Order. The United States produced copies of the relevant pleadings, pursuant to the Protective Order (Doc. No. 18) (entered Aug. 28, 2018), which authorizes disclosure of sealed materials, on June 26, 2019.

3

investigation by the grand jury, including wire fraud and falsification of records, be suspended for 180 days. *Id.* Taking those additional days into account, the charges were timely filed.

## III.
## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to dismiss Counts Two, Three, and Forty-Five of the Indictment.

DATED: June 27, 2019

                                      Respectfully submitted,

                                      DAVID D. LESHNER
                                      Attorney for the United States

                                      *s/ Emily W. Allen*
                                      EMILY W. ALLEN
                                      W. MARK CONOVER
                                      PHILLIP L.B. HALPERN
                                      BRADLEY G. SILVERMAN
                                      Assistant U.S. Attorneys

# EXHIBIT 1

FILED

JUL 16 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAND JURY PROCEEDINGS: DUNCAN D. HUNTER AND MARGARET E. HUNTER | Case No. 17GJ0045<br><br>ORDER GRANTING UNITED STATES' EX PARTE APPLICATION PURSUANT TO 18 U.S.C. § 3292<br><br>**UNDER SEAL** |

Upon the application of the United States for an order, pursuant to 18 U.S.C. § 3292, suspending the running of the statute of limitations with respect to certain offenses, and after examining the application and the supporting declaration, the Court finds by a preponderance of evidence that:

1. A duly impaneled grand jury in this district is conducting an investigation of Duncan D. Hunter and Margaret E. Hunter for the following offenses: conspiracy (18 U.S.C. § 371), false statements (18 U.S.C. § 1001), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), falsification of records (18 U.S.C. § 1519), and prohibited use of campaign contributions (52 U.S.C. § 30114(b)) (the "Offenses");

2. On or about May 31, 2017, an official request, as defined in 18 U.S.C. § 3292(d), was made by the Office of International Affairs of the United States Department of Justice to an "authority of a foreign country" in Italy;

3. It reasonably appears, and reasonably appeared at the time the official request was made, that evidence of the offenses under investigation is, or was located in Italy; and

4. Italy did not take final action on this official request until on or about February 23, 2018.

Now, therefore,

IT IS ORDERED that, pursuant to 18 U.S.C. § 3292, the Government's application for the suspension of the running of the statute of limitations for the Offenses is hereby GRANTED; and

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3292, the running of the statute of limitations for the offenses under investigation by the grand jury shall be suspended for a period of 180 days.

IT IS FURTHER ORDERED that the Clerk of the Court seal the United States' Amended Application to Suspend the Running of the Statute of Limitations, the Amended Declaration attached thereto, the Amended Motion to Seal, and this accompanying Order, and directing that no person shall have access to same except the Clerk or his designated deputies and attorneys for the United States.

DATED: July 14, 2018

*Barry Ted Moskowitz*
BARRY T. MOSKOWITZ
CHIEF UNITED STATES DISTRICT JUDGE

2

COPY

FILED

JUN 27 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GRAND JURY PROCEEDINGS: DUNCAN D. HUNTER AND MARGARET E. HUNTER | Case No. ~~17GJ0045~~  '19GJ0075<br><br>**ORDER TO UNSEAL UNITED STATES' EX PARTE ORDER PURSUANT TO 18 U.S.C. § 3292** |

Upon application of the Government and good cause appearing thereof,

IT IS HEREBY ORDERED that the United States' Motion to Unseal the Ex Parte Order Pursuant to 18 U.S.C. § 3292 in this matter is **GRANTED**.

IT IS FURTHER ORDERED that the Ex Parte Order in this matter be UNSEALED.

DATED:  6/27/19

HON. THOMAS J. WHELAN
United States District Judge

I hereby attest and certify on  6/27/19
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy