DAVID D. LESHNER
Attorney for the United States
Acting under Title 28, U.S.C. Section 515
EMILY W. ALLEN (Cal. Bar No. 234961)
W. MARK CONOVER (Cal. Bar No. 236090)
PHILLIP L.B. HALPERN (Cal. Bar No. 133370)
BRADLEY G. SILVERMAN (D.C. Bar No. 1531664)
Assistant United States Attorneys
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-9738
Email: emily.allen@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DUNCAN D. HUNTER,<br><br>　　　　　Defendant. | Case No. 18CR3677(1)-W<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS** |

　　　Defendant Duncan D. Hunter ("Hunter" or "the defendant") seeks information that is not appropriate to a bill of particulars, including the identification of particular items of evidence and the means by which the United States will prove its case. Moreover, much of the information the defendant seeks has already been provided elsewhere—in discovery, in the United States' opposition to Hunter's numerous motions to dismiss, and in other parts of the indictment itself. The United States has provided broad discovery and detailed specificity regarding the charges in this case, well beyond its obligations under the law.  For the reasons that follow, the defendant's Motion for a Bill of Particulars (Doc. No. 39) (filed Jun. 24, 2019) should be denied.

# I.

## STATEMENT OF FACTS

On August 21, 2018, Hunter and his wife and coconspirator Margaret Hunter[1] were indicted and charged with one count of conspiracy against the United States, in violation of 18 U.S.C. § 371; 43 counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; 13 counts of falsification of records related to campaign finance, and three counts of prohibited use of campaign contributions, in violation of 52 U.S.C. §§ 30109(d) and 20114(b)(1).  The forty-seven page indictment lays out in relentless detail the allegations against the defendant.

Count One defines the goals of the conspiracy and contains a detailed description of the manner and means by which the Hunters operated the conspiracy.  Doc. No. 1 ¶¶ 1-21.  Count One concludes with a recitation of two hundred overt acts organized chronologically with example after example of specific instances of the defendant's illegal use of campaign funds.  *Id.*, ¶¶ 22 (1-200).

Ten days after the indictment was filed, on August 31, 2018, the United States delivered a vast initial production of discovery to the defendant, along with searchable indexes detailing each and every category of the materials.  To the extent possible, these records were provided in native, text-searchable form, such that the records could be loaded and reviewed in any number of document review platforms.  The discovery materials provided include, among other things, email correspondence from internet service providers, text message communications, financial records, business records from a host of third-party vendors, social media correspondence and photos, evidence seized through a number of search warrants (including at the Hunters' home and campaign headquarters and his district office), agents' reports (and handwritten notes) of interviews, surveillance photographs, and ex parte pleadings (including sealed search warrant affidavits).

---

[1] On June 13, 2019, Margaret Hunter entered a guilty plea to Count One of the indictment, pursuant to a plea agreement.

In addition, the United States has also provided information about the allegations against defendant in numerous filings in this case. In particular, the United States has provided detailed examples of evidence it intends to introduce relating to coconspirator statements (Doc. No. 47), the Hunters' use of personal and campaign funds for various personal expenses (Doc. No. 48), and the use of campaign funds for Hunter's personal relationships (Doc. No. 49). In addition, in opposition to defendant's motions to dismiss, Doc. No. 36, 38, 43, 44, and 45, the United States will provide additional detail about the defendant's criminal liability.

## II.

## ARGUMENT

### A. Defendant's Motion for Bill of Particulars

The defendant moves for a bill of particulars as to Counts 45-57: Falsification of Records Related to Campaign Finance, and Counts 58-60: Prohibited Use of Campaign Contributions Doc. No. 39, at p. 1. Specifically, the defendant asks for: (1) "specific descriptions as to which receipts and disbursements from each report it considers a violation of 18 U.S.C. §§ 1519 and 2" (Counts 45-57), *id*. at p. 4; and (2) "specific expenditures that support the government's claim that the Hunters' "converted $25,000 and more of Campaign funds" to their personal use in years 2014, 2015, and 2016 respectively." (Counts 58-60), *id*. at p. 5.

### B. Legal Standard

Under the authority of Rule 7(f) of the Federal Rules of Criminal Procedure, a Bill of Particulars may be ordered by the court. The Ninth Circuit has stated on many occasions the purpose of a bill of particulars is:

> [T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (indictment was definite enough to enable defendant to plead his conviction as a bar to any future proceedings for conspiracy to defraud the government during the same period of time).

"A defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case . . . . He is not entitled to know the content of the testimony of each of the government witnesses before trial." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986); *see also United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979) (finding defendant not entitled to know how government intends to prove its case).

Likewise, "[a] bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Hsuan Bin Chen*, 2011 WL 332713, at *7 (N.D. Cal. 2011) (quoting *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985); *accord United States v. Taylor*, 2018 WL 4961608, at *2 (N.D. Cal. 2018).

When determining whether to direct the United States to file a bill of particulars, the "court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." *Giese*, 597 F.2d at 1180 (quoting 8 Moore's Federal Practice § 7.06(1) at 7-31 n.1 (2d ed. 1978)).

Even where the indictment does not provide such details, "[f]ull discovery will obviate the need for a bill of particulars." *Long*, 706 F.2d at 1054. "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *Id.*

**C.   A Bill of Particulars is Unwarranted**

Here, the indictment contains extraordinary detail. The indictment itself runs forty-seven pages long and contains detailed background on the Hunter Campaign Committee, ¶¶

6-10; the defendants and other individuals involved, ¶¶ 13:1-5; and the Hunters' financial background, ¶¶ 14-7.

The indictment further enumerates two hundred overt acts ¶ 21(1)-(200). Often, a single overt act describes with specificity multiple campaign expenditures. These overt acts enumerate with specificity how and when defendant illegally converted and stole campaign funds to purchase goods and services for his personal use and enjoyment. The indictment is organized chronologically by month and year. This organization allows the defendant a clear roadmap to the types of campaign expenditures the United States alleges are personal in nature.

Despite the extraordinary detail provided in the indictment, the defendant argues that detailed information is irrelevant because the specific counts for which he seeks a bill of particulars "did not incorporate by reference any of the overt acts alleged in Count 1." However, an indictment should be: "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993). The detailed information contained in the indictment sufficiently informs the defendant of the nature of the charges against him and the United States' theory of its case related to all counts, even without incorporating by reference.

What the indictment does not provide, does not purport to provide, and is not required to provide, is a complete listing of the United States' trial evidence. *See Ryland*, 806 F.2d at 942 (stating that a "defendant is not entitled to know all the *evidence* the government intends to produce"); *see also United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (collecting cases) (holding that the government "is not limited in its proof to the overt acts alleged in the indictment").

In this case, the indictment and filed motions, combined with the discovery produced and the format in which it was produced – searchable, with detailed indexes – provides abundant evidence of "the theory of the government's case." *Ryland*, 806 F.2d at 942. No bill of particulars is warranted. *See United States v. Mangano*, 2018 WL 851860, at *16 (E.D.N.Y. 2018) (denying defendants' request for a bill of particulars setting forth "all of the

alleged official acts that the government will rely on in support of the charges" where "[t]he Indictment adequately informs the defendants of the specific acts of which they are accused" and the defendants received not only "voluminous discovery, but they are going to receive trial exhibits, a witness list, and 3500/Giglio material in advance of trial, which will provide additional clarity on the charges.")

The defendant's motion impermissibly seeks details about the specific documentary evidence the United States intends to use at trial. He requests "specific descriptions as to which receipts and disbursements" and "specific expenditures that support the government's claim." Doc. No. 39. The defendant is essentially asking for the evidence that will be relied upon at trial—but a "defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Ryland*, 806 F.2d 941, 942 (9th Cir. 1986).

Applying this principle, courts have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the United States' evidence. Given the detailed nature of the Indictment, filed motions, and the extensive amount of information provided to the defendant in discovery, it is clear that a bill of particulars is not warranted in this case. While it may indeed be helpful to the defense to have the United States disclose its trial strategy and the specific manner in which it intends to prove the allegations in the indictment, the law is clear that the defendant is not entitled to such information.

The United States has and will continue to fully comply with its discovery obligations, which, combined with the detailed indictment and robust pretrial motions disclosures, belies defendant's claim of inadequate notice.

## III.
## CONCLUSION

For the reasons set forth above, this Court should deny the defendant's motion for a bill of particulars.

DATED: June 27, 2019

                                       Respectfully submitted,

                                       DAVID D. LESHNER
                                       Attorney for the United States

                                       *s/ Emily W. Allen*
                                       EMILY W. ALLEN
                                       W. MARK CONOVER
                                       PHILLIP L.B. HALPERN
                                       BRADLEY SILVERMAN
                                       Assistant U.S. Attorneys