Gregory A. Vega, Esq. (CABN 141477)
Ricardo Arias, Esq. (CABN 321534)
Philip B. Adams, Esq. (CABN 317948)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California  92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
Email: vega@scmv.com; arias@scmv.com
padams@scmv.com

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>Defendant. | Case No.  18-CR-3677-W<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S PRETRIAL MOTION TO EXCLUDE: (1) EVIDENCE AND ARGUMENT REGARDING OTHER CONGRESSMEMBERS' MISUSE OF CAMPAIGN FUNDS; (2) TESTIMONY AS TO LEGAL CONCLUSIONS CONCERNING HUNTER'S GUILT OR INNOCENCE; AND (3) TESTIMONY AS TO HUNTER'S BELIEF THAT HIS ACTIONS WERE LAWFUL**<br><br>DATE:  July 1, 2019<br>TIME:  10:00 a.m.<br>COURTROOM:  3C<br>JUDGE:  Hon. Thomas J. Whelan |

Defendant DUNCAN D. HUNTER ("Mr. Hunter"), by and through his attorneys, Gregory A. Vega, Ricardo Arias, and Philip B. Adams, respectfully responds in opposition to the Government's pretrial motion to exclude: (1) evidence and argument regarding other Congressmembers' misuse of campaign funds; (2) testimony as to legal

conclusions concerning Mr. Hunter's guilt or innocence; and (3) testimony as to Mr. Hunter's belief that his actions were lawful.

## I.     INTRODUCTION

Mr. Hunter is a United States Representative representing California's 50th Congressional District. On August 21, 2018, a sixty count indictment was filed charging Mr. Hunter with violation of 18 U.S.C. § 371; 18 U.S.C. §§ 1343 and 2; 18 U.S.C. §§ 1519 and 2; 52 U.S.C. §§ 30109(b) and 30114(b)(1) and 18 U.S.C. § 2.

## II.    RESPONSE IN OPPOSITION

### A.  The Government's Pretrial Motion to Exclude Testimony as to Evidence and Argument Regarding Other Congressmembers' Misuse of Campaign Funds

Mr. Hunter does not intend to elicit testimony from other members of Congress regarding the legality of the use of their campaign funds.  As the Government correctly notes, such testimony is not relevant to the issue of how Mr. Hunter spent his campaign funds. The scope of Mr. Hunter's cross-examination of these witnesses will be determined by what is elicited from these witnesses on direct examination by the Government.

Should the Government "Open the Door" on direct examination to testimony on how these witnesses spent campaign funds, then Mr. Hunter would be permitted to inquire on cross-examination of this same area.  The Court should defer on this motion until the time of trial, because only then will the Court be able to rule on this issue.

### B.  The Government's Pretrial Motion to Exclude Testimony as to Legal Conclusions Concerning Mr. Hunter's Guilt or Innocence

Mr. Hunter does not intend to elicit testimony as to legal conclusions concerning his guilt or innocence.  However, the Court must allow Mr. Hunter to elicit testimony from witnesses rationally based on the perception of the witness that is helpful to the jury in acquiring a clear understanding of the witness' testimony or the determination of a fact in issue.  *See*, Fed. R. Evid. 701.  If Mr. Hunter can illicit witnesses testimony that

2

RESPONSE IN OPPOSITION TO MOTION TO EXCLUDE                    18-CR-3677-W
EVIDENCE OR ARGUMENT RE MISUSE, ETC.

a particular campaign expense the Government erroneously believes was actually for a legitimate campaign purpose, the Court should not prevent him from doing so.

The Government cites *United States v. Wantuch*, 525 F.3d 505 (7th Cir. 2008) in support of its moving papers. The court's issue in that case was the Government eliciting a conclusionary statement by its own witness, having already presented enough evidence for the jury to come up with its own conclusion, as to the legality of the defendant's conduct. *Id*. at 514. Asking a witness whether the defendant is guilty or not guilty is clearly unhelpful to the jury. However, the defense must be allowed to introduce testimony about the appropriateness of campaign expenditures rationally based on the perception of potential witnesses. In *United States v. Hauert*, 40 F.3d 197 (7th Cir. 1994), for example the court allowed lay witness opinion testimony introduced by the defendant to show he was honest, sincere, and a good person because it bore upon his "good faith" defense. *Id.* at 201.

The Court must deny the Government's motion as to not preemptively exclude all potential lay witness testimony the defendant may seek to introduce attacking the elements of the alleged crimes in the indictment. In the alternative, the Court should delay ruling on this motion since it concerns matters more appropriately dealt with as they come up at trial.

**C.   The Government's Pretrial Motion to Exclude Testimony as to Mr. Hunter's Belief that His Actions were Lawful**

The Government's motion to exclude testimony as to Mr. Hunter's belief that his actions were lawful is overbroad and premature. The Court cannot provide the Government a blanket order denying third party lay witnesses to testify about their understanding of conversations in which they participated, even if their testimony implies an opinion about what the speaker thought. *United States v. Curescu*, 674 F.3d 735, 740 (7th Cir. 2012); *See also*, *United States v. Estrada*, 39 F.3d 772, 773 (7th Cir. 1994) (finding lay witness's testimony admissible where the witness participated in the

conversations with defendant and testified as to his understanding of their communications). The Court must allow third party witnesses to provide testimony rationally based on the perception of the witness and that is helpful to the jury in acquiring a clear understanding of the witness' testimony or the determination of a fact in issue, even if the testimony is related to Mr. Hunter's beliefs. *See*, Fed. R. Evid. 701.

The Government's own case states a lay witness may, in appropriate circumstances, give an opinion on an ultimate issue. *Hauert*, 40 F.3d at 201. Opinion testimony on ultimate issues of fact are admissible unless the testimony concerns the mental state or condition of a defendant in a criminal case. *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986). Opinions of non-experts may be admitted where the facts could not otherwise be adequately presented or described to the jury in such a way as to enable the jury to form an opinion or reach an intelligent conclusion. *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982). In *Skeet*, the court stated:

> Because it is sometimes difficult to describe the mental or physical condition of a person, his character or reputation, the emotions manifest by his acts; speed of a moving object or other things that arise in a day to day observation of lay witnesses; things that are of common occurrence and observation, such as size, heights, odors, flavors, color, heat, and so on; witnesses may relate their opinions or conclusions of what they observed.

*Skeet*, 665 F.2d 983, 985 (9th Cir. 1982).

Here, the Court must review lay witness testimony on a case-by-case basis under the appropriate rules of evidence. Accordingly, the Court should deny the Government's motion since this matter is more appropriately dealt with as it comes up in trial.

## III. CONCLUSION

For the foregoing reasons, Mr. Hunter respectfully requests the Court deny the Government's pretrial motion to exclude: (1) evidence and argument regarding other Congressmembers' misuse of campaign funds; (2) testimony as to legal conclusions

concerning Mr. Hunter's guilt or innocence; and (3) testimony as to Mr. Hunter's belief that his actions were lawful.

Dated: June 28, 2019                    SELTZER CAPLAN McMAHON VITEK
                                        A Law Corporation

                                        By:    *s/ Gregory A. Vega*
                                               Gregory A. Vega
                                               Ricardo Arias
                                               Philip B. Adams
                                        Attorneys for Defendant, DUNCAN D. HUNTER