1  Gregory A. Vega, Esq. (CABN 141477)
2  Ricardo Arias, Esq. (CABN 321534)
   Philip B. Adams, Esq. (CABN 317948)
3  SELTZER CAPLAN McMAHON VITEK
4  750 B Street, Suite 2100
   San Diego, California 92101-8177
5  Telephone: (619) 685-3003
   Facsimile: (619) 685-3100
6  Email: vega@scmv.com; arias@scmv.com
7  padams@scmv.com

8  Attorneys for Defendant DUNCAN D. HUNTER

9

10              **UNITED STATES DISTRICT COURT**

11           **SOUTHERN DISTRICT OF CALIFORNIA**

12               **(HON. THOMAS J. WHELAN)**

13  UNITED STATES OF AMERICA,          Case No.  18-CR-3677-W

14                    Plaintiff,        **DEFENDANT'S RESPONSE IN**
                                        **OPPOSITION TO GOVERNMENT'S**
15          v.                          **MOTIONS IN LIMINE**

16  DUNCAN D. HUNTER,
                                        DATE:           July 1, 2019
17                    Defendant.        TIME:           10:00 a.m.
                                        COURTROOM:   3C
18                                      JUDGE:          Hon. Thomas J. Whelan

19

20        Defendant DUNCAN D. HUNTER ("Mr. Hunter"), by and through his attorneys,

21  Gregory A. Vega, Ricardo Arias, and Philip B. Adams, respectfully responds in

22  opposition to the Government's motions in limine.

23              **I.    INTRODUCTION**

24        Mr. Hunter is a United States Representative representing California's 50th

25  Congressional District. On August 21, 2018, a sixty count indictment was filed charging

26  Mr. Hunter with violation of 18 U.S.C. § 371; 18 U.S.C. §§ 1343 and 2; 18 U.S.C. §§

27  1519 and 2; 52 U.S.C. §§ 30109(b) and 30114(b)(1) and 18 U.S.C. § 2.

28

## II.   RESPONSE IN OPPOSITION

**1.   The Government's Motion to Exclude Advice of Counsel Defense Evidence and Argument**

The Government seeks to preclude the defense from using the advice of counsel defense. The Government bases its motion on mere speculation and conjecture. The Government seeks to induce the defense to present its theory of defense under the Government's terms. The Government takes liberties citing irrelevant out of context quotes under the pretext of attempting to force the defense into tipping its hand. Mr. Hunter is not making an advice of counsel defense at this time, but when and if he does, he will give notice, make a definite showing that the reliance was in good faith, and that the advice was obtained after full disclosure of all of the facts to which the advice pertained. *United States v. Conforte*, 624 F.2d 869, 877 (9th Cir. 1980).

**2.   The Government's Motion to Allow Leading Questions of Certain Witnesses**

Mr. Hunter requests that the Court defer on this motion in limine until the time of trial. The Government correctly recites Fed. R. Crim. Proc. 611(c) that "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with adverse party, interrogation *may* be by leading question." [*emphasis added*] Had congress intended leading questions to be automatically available on this class of witness, it surely would have used the word "shall" instead of "may." Accordingly, until a witness takes the stand and the Court is able to observe the manner in which the witness answers the Government's questions, there is simply no reason to believe that the witness will not answer the Government's questions truthfully. The Government may request permission to use leading questions if a witness at trial testifies in a manner hostile to the Government. This Court has broad discretion in the manner of conducting the trial and accordingly, should defer on this motion in limine until trial.

**3.   The Government's Motion to Admit Evidence of Defendant's Statements**

The United States may introduce statements of Mr. Hunter pursuant to Federal Rule of Evidence 801(d)(2)(A) that are relevant to the issues before the Court. Federal

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

2

Rule of Evidence 106 provides however: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." The Advisory Committee Notes state, in relevant part: "The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial…." Mr. Hunter will not seek to bootstrap any inadmissible self-serving hearsay under Rule 106. Mr. Hunter will however, use the Rule of Completeness (Rule 106) in the event the Government introduces any of Mr. Hunter's statements that are misleading.

**4.    The Government's Motion to Admit Prior Testimony as Substantive Evidence**

At this time Mr. Hunter has no issues with the Government's motion to admit prior testimony as substantive evidence as long as it meets all the requirements set forth under Rule 801(d)(1)(A) of the Federal Rules of Evidence. Nonetheless, Mr. Hunter expressly reserves his right to object to the Government's admission of prior testimony as substantive evidence in the event the Government fails to satisfy the requirements of Federal Rule of Evidence Rule 801(d)(1)(A).

**5.    The Government's Motion to Allow Testimony and Witnesses to be Recalled**

At this time Mr. Hunter does not oppose the Government's motion to allow testimony and witnesses to be recalled as long as the evidence comports to the Federal Rules of Evidence. However, the Government's request for a pretrial order that the subject of cross-examination of the United States witnesses will be "limited to the subject matter of their direct examination and matters affecting [those witnesses'] credibility" will unduly constrain Mr. Hunter's ability to cross-examine witnesses.

The right to cross-examine a witness is fundamental in the judicial system. *Harries v. U.S.*, 350 F.2d 231, 236 (9th Cir. 1965). Wide latitude in the right of cross-examination should always be afforded. *Singleton v. U.S.*, 381 F.2d 1, 4 (9th Cir. 1967).

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

3

*See also, U.S. v. Jones*, 557 F.2d 1237, 1238 (8th Cir. 1977) ("The right of a defendant to engage in a searching and wide-ranging cross-examination is an essential requirement for a fair trial"). Limiting cross-examination to the subject matter of direct examination and matters affecting credibility will limit Mr. Hunter's ability to engage in a searching cross-examination, and constrict his fundamental right to cross-examination.

**6.    The Government's Motion to Admit Expert Testimony About Computer Forensics**

Mr. Hunter does not oppose the Government's motion to admit expert testimony about computer forensics at this time. Nonetheless, Mr. Hunter expressly reserves his right to object to the Government's admission of expert testimony about computer forensics in the event the Government's witnesses do not satisfy the requirements of Federal Rule of Evidence 702, or the witnesses' testimony deviates from authentication and crosses into the impermissible realm of offering opinions as to the substantive contents of the records or the weight that the jury should accord certain evidence.

The Government does not need expert testimony to explain anything in this case beyond the technical processes through which the Government obtained certain electronic evidence for the purpose of laying an adequate foundation to authenticate such evidence. Any testimony that exceeds this narrow scope is patently superfluous as no specialized training or education is necessary to determine the inferences (if any) that should be drawn from the evidence by the jury.

**7.    The Government's Motion to Admit Business and Public Records**

The Government moves to admit business and public records under Rule 803(6) and (8), but fails to identify such records with any particularity, stating only that the records will be produced in discovery. ECF 46 at 11. Rule 803(6) includes many stringent requirements, including that each record be made at or near the time of the act or event by someone with knowledge, that the record was kept in the course of a regularly conducted activity, and that making the record was a regular practice of that activity; additionally, the Rule provides for the opportunity for the opponent to

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

4

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

demonstrate that the evidence lacks trustworthiness. Fed. R. Evid. 803(6). Rule 803(8) likewise contains requirements that each individual record must meet, such as that the matter be observed while under an official duty to report, and an opportunity for the opponent to challenge trustworthiness. Rule 803(8).

Without specific information as to each record, there is no way to determine whether each record meets the requirements of the Rules of Evidence or whether circumstances indicate a lack of trustworthiness. As such, this motion should be denied as premature. *See*, *e.g.*, *U.S. v. Aiyaswamy*, 2017 WL 1365228, *3 (N.D. Cal. 2017) (holding that a motion to admit records under Rules 803(6) and (8) was premature because the court could not know whether the records were properly certified without the records themselves being produced).

**8.    The Government's Motion to Admit Electronic Evidence**

Mr. Hunter anticipates that a Stipulation can be reached with the Government on the authenticity of electronic evidence it intends to introduce.  Mr. Hunter however, will reserve the right to object to any electronic evidence on relevancy grounds.

**9.    The Government's Motion to Admit Summaries and Charts**

Fed. R. Crim. P. 1006 permits the use of Summaries and Charts for voluminous writings, recordings or photographs.  Mr. Hunter does not oppose the use of Summaries and Charts as aids for the jury, so long as the contents of the information contained in the summaries and charts is accurate and a proper foundation has been laid.  *United States v. Scales*, 594 F.2d 558 (6th Cir. 1979) *See also*, *United States v. Johnson*, 594 F.2d 1253 (9th Cir. 1979) (holding that the trial court committed reversible error in permitting the prosecution to use summaries of voluminous records without first requiring the reliability of the records themselves to be established).

**10.    The Government's Motion to Allow Use of Exhibits in Opening Statements**

Mr. Hunter does not oppose the Government's motion in limine to Allow Use of Exhibits in Opening Statements based on the Government's representation that it will confer with defense counsel in advance of trial.  Mr. Hunter however, requests for the

Government to acknowledge that it is aware that a mistrial may result by using exhibits in Opening Statements that are not later admitted into evidence.

**11.  The Government's Motion for Attorney Voir Dire**

Mr. Hunter agrees that attorney voir dire would be beneficial to all parties in selecting an impartial jury due to the extensive pre-trial publicity that has been generated in this case.

**12.  The Government's Motion to Preclude Certain Defense Evidence**

Mr. Hunter agrees that the Government should comply with its obligations under the Federal Rules and the Constitution of the United States to produce discovery, including reports of witness interviews and other Jencks Act materials, well in advance of trial.  Mr. Hunter will comply with any reciprocal discovery obligations under the Federal Rules or the Constitution of the United States.

**13.  The Government's Motion for Order Regarding Schedule for Pre-Trial Disclosures**

Mr. Hunter moves the Court for an order setting out dates and deadlines for the parties' exchange of pre-trial disclosures as follows:

A.  All available reciprocal discovery provided by the defense to the United States four (4) weeks in advance of trial;

B.  Witness lists, and materials subject to 18 U.S.C. § 3500, Rule 26.2 and *Giglio* exchanged four (4) weeks in advance of trial;

C.  Exhibit lists and summary charts exchanged four weeks in advance of trial;

D.  Marked exhibits exchanged two weeks in advance of trial; and

E.  Exhibits to be used in opening statements exchanged three days in advance of trial.

/ / /

/ / /

/ / /

SELTZER CAPLAN MCMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE**                    18-CR-3677-W

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Mr. Hunter respectfully requests the Court issue an order to the Government's motions in limine as set forth above.

Dated:  June 28, 2019                    SELTZER CAPLAN McMAHON VITEK
                                         A Law Corporation


                              By:     *s/ Gregory A. Vega*
                                      Gregory A. Vega
                                      Ricardo Arias
                                      Philip B. Adams
                              Attorneys for Defendant, DUNCAN D. HUNTER

SELTZER CAPLAN McMAHON VITEK
750 B STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8177

7

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE**                    18-CR-3677-W