Gregory A. Vega, Esq. (CABN 141477)
Ricardo Arias, Esq. (CABN 321534)
Philip B. Adams, Esq. (CABN 317948)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
Email: vega@scmv.com; arias@scmv.com
padams@scmv.com

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>  Defendant. | Case No. 18-CR-3677-W<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION (1) PRECLUDE EVIDENCE OR ARGUMENT CONCERNING ALLEGED POLITICAL BIAS OR MOTIVE OF THE PROSECUTION TEAM AND (2) ADMONISH THE DEFENSE TO REFRAIN FROM MAKING PUBLIC STATEMENTS THAT MAY TAINT THE JURY POOL**<br><br>DATE: July 1, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 3C<br>JUDGE: Hon. Thomas J. Whelan |

Defendant DUNCAN D. HUNTER ("Mr. Hunter"), by and through his attorneys, Gregory A. Vega, Ricardo Arias, and Philip B. Adams, hereby submits this response in opposition to the Government's motion to (1) preclude evidence or argument concerning alleged political bias or motive of the prosecution team and (2) admonish the defense to refrain from making public statements that may taint the jury pool.

## I.　RESPONSE IN OPPOSITION

Mr. Hunter has properly made a pretrial motion to Dismiss the Indictment or in the Alternative to Recuse the United States Attorney's Office for the Southern District of California ("Motion to Dismiss") pursuant to Fed. R. Crim. Proc. 12(b)(3)(A)(iv). ECF 36-1.  The basis for his motion is a conflict of interest and a loss of impartiality by the U.S. Attorney's Office based upon the partisan political activities of prosecutors directly involved in the investigation and prosecution of Mr. Hunter.[1]  Based upon the facts set forth in his Motion to Dismiss, Mr. Hunter has a good faith belief in the truthfulness of his public statements that his investigation and prosecution are politically motivated.  Mr. Hunter's public statements of his innocence and his belief that the investigation and prosecution are politically motivated are not without a factual basis. As set forth in the Motion to Dismiss, correspondence from the Executive Office for United States Attorneys and the Secret Service calls into question the motives of the prosecutors investigating and prosecuting Mr. Hunter. Both agencies affirmatively provided false information in an attempt to justify the clear political activities of the prosecutors. The false explanations given are consciousness of guilt.

This Court may consider the statements from the Executive Office for United States Attorneys and the Secret Service in assessing Mr. Hunter's good faith basis for the statements he has publicly made about his prosecution. Circumstantial evidence exists establishing an attempted cover-up to justify and legitimize the political activities of the prosecutors.  Ninth Circuit Pattern Jury Instruction 3.8 states:

> Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

---

[1] The facts contained in the Motion to Dismiss or in the Alternative, to Recuse the United States Attorney's Office for the Southern District will not be repeated in this Response.  Mr. Hunter requests that the facts be incorporated by reference herein.

> You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence."

As the Advisory Committee's comments state; "Circumstantial and testimonial evidence are indistinguishable … and circumstantial evidence can be used to prove any fact." *United States v. Ramirez-Rodriquez*, 552 F.2d 883, 884 (9th Cir.1977) (citations omitted). *See also, United States v. Kelly*, 527 F.2d 961, 965 (9th Cir.1976) and *Payne v. Borg*, 982 F.2d 335, 339 (9th Cir.1992). The explanation given by the Government for the political activities of the prosecutors when viewed considering all the evidence in the light of reason, experience, and common sense leads to just one conclusion that the Government was engaged in a cover-up.

Unlike the other thousands of defendants that appear before this Court, Mr. Hunter is a United States Representative that must run for office and address the charges against him to the voters of his district.  Serving in the United States Congress is not a job like any other. *United States v. Rostenkowski*, 59 F.3d 1291, 1312 (D.C. Cir. 1995) ([S]econd, the life of a congressman -- as incumbent legislator and perpetual candidate for office, whose official day ends only after a round of nominally "social" events at which he is obliged to appear, and whose weekends and holidays are only an opportunity to reconnect with his constituents … Serving in the United States Congress is not a job like any other).   Mr. Hunter is a candidate for the United States Congress and as such, he is entitled to publicly discuss his present situation with the voters at town hall meetings and other public forums so the voters can then make an informed decision in casting their vote.  The Government's request to admonish Mr. Hunter will have a negative "chilling effect" on Mr. Hunter's ability to campaign. This Court should resist the Government's attempt to insert the court in any way into a political campaign.

///

///

## II. <u>CONCLUSION</u>

The Government's concern that Mr. Hunter's public statements will poison the jury pool is speculative and as such, its request to have this Court admonish Mr. Hunter should be denied.

Dated: June 28, 2019      SELTZER CAPLAN McMAHON VITEK
                          A Law Corporation


                    By:   *s/ Gregory A. Vega*
                          Gregory A. Vega
                          Ricardo Arias
                          Philip B. Adams
                          Attorneys for Defendant, DUNCAN D. HUNTER