Gregory A. Vega, Esq. (CABN 141477)
Ricardo Arias, Esq. (CABN 321534)
Philip B. Adams, Esq. (CABN 317948)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
Email: vega@scmv.com; arias@scmv.com
padams@scmv.com

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DUNCAN D. HUNTER,<br><br>　　　　　Defendant. | Case No. 18-CR-3677-W<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO EXCLUDE IMPROPER EVIDENCE CONCERNING CHARACTER AND GOOD ACTS**<br><br>DATE:　　　　July 1, 2019<br>TIME:　　　　10:00 a.m.<br>COURTROOM:　3C<br>JUDGE:　　　Hon. Thomas J. Whelan |

Defendant DUNCAN D. HUNTER ("Mr. Hunter"), by and through his attorneys, Gregory A. Vega, Ricardo Arias, and Philip B. Adams, hereby submits this response in opposition to the Government's motion to exclude improper evidence concerning character and good acts.

## I.　　INTRODUCTION

Although evidence of specific good acts is inadmissible unless they pertain to a pertinent trait, reputation and opinion evidence regarding Mr. Hunter's good character is admissible under Federal Rules of Evidence 404(a) and 405. Furthermore, Rule 403 does not provide a bar to admissibility of otherwise admissible evidence regarding Mr. Hunter's good character.

## II. RESPONSE IN OPPOSITION

### A. Evidence of Hunter's Military Service is Admissible For Substantive Purposes

The Government argues that FRE 404 precludes admissibility of evidence relating to Mr. Hunter's military service because his traits of "patriotism, bravery, or community spirit" are not pertinent to the Government's allegations. [ECF 50 at 4.] However, Rule 404 only states that evidence of a person's character or character trait is not admissible to prove that the person *acted in accordance with the character or trait*. Fed. R. Evid. 404(a)(1). Rule 404's prohibition on specific acts evidence likewise only prevents the use of evidence of specific prior acts to prove that the person acted in accordance with a certain character. Rule 404(b). Mr. Hunter does not intend to introduce evidence of his military service to prove his good character, but rather for a substantive purpose.

Mr. Hunter's military service is relevant to show he left his family's financial responsibilities to his wife while on deployment in Iraq and Afghanistan, and this arrangement continued throughout the period of the indictment. As the Government itself notes, "some amount of background evidence, including some description of his military service or volunteer service, would be appropriate." [ECF 50 at 3.] *See also, U.S. v. Blackwell*, 853 F.2d 86, 88 (2nd Cir. 1988) (testimony concerning defendant's service in the Marine Corps was properly received as background evidence). Because Mr. Hunter will introduce evidence of his military service to show his wife's control of the family's finances, rather than for good character purposes, Rule 404 does not bar admissibility, and the evidence should be allowed in as background evidence.

### B. Evidence of Hunter's Good Character is Admissible Under the Federal Rules of Evidence

As a threshold to admissibility, evidence must be relevant. Fed. R. Evid. 402. While evidence of a person's character or character trait is generally not admissible to prove that the person acted in accordance with the character or trait, a defendant in a

criminal case may offer evidence of the defendant's pertinent trait. Rule 404(a). When evidence of a person's character is admissible, it can be proven by reputation or opinion testimony. Rule 405(a).

Evidence that a defendant has a law-abiding character is always relevant. *U.S. v. De Leon*, 728 F.3d 500, 504-05 (5th Cir. 2013); *see also U.S. v. Yarbrough*, 527 F.3d 1092, 1102 (10th Cir. 2008) ("[W]hen… the defendant in a criminal case seeks to offer evidence of his good character to imply that he is unlikely to have committed a crime, the general rule against propensity evidence is not applied." (quoting Kenneth S. Broun, 1 *McCormick on Evidence* § 191 (6th ed., 2006)); *U.S. v. Angelini*, 678 F.2d 380, 382 (1st Cir. 1982) ("[T]he trait of law-abidingness was relevant and admissible under Rule 404(a)."). In *U.S. v. Diaz*, 961 F.2d 141 (9th Cir. 1992), the Ninth Circuit expressly agreed with the First Circuit's opinion in *Angelini* and the Fifth Circuit's opinion in *U.S. v. Hewitt*, 634 F.2d 277 (5th Cir. 1981), approving the admissibility of evidence of a general character of "lawfulness" or "law-abidingness."

Additionally, the United States Supreme Court has explained that the defendant in a criminal trial can introduce affirmative testimony that "the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged." *Michelson v. U.S.*, 335 U.S. 469, 476 (1948). The privilege to introduce favorable character evidence is valuable because such testimony alone "may be enough to raise a reasonable doubt of guilt." *Id.*

In addition to introducing evidence of his military service for a substantive purpose, Mr. Hunter has the right to introduce favorable character evidence, either in pursuit of the purpose of demonstrating a character for lawfulness or in pursuit of the purpose of demonstrating a general favorable character. Although Mr. Hunter cannot introduce evidence of specific acts, such as individual commendations for his military service, that does not preclude general reputation or opinion evidence establishing his character for lawfulness or his "favorable" character.

**C.     Rule 403 Does Not Bar Admissibility of Evidence Either For a Substantive Purpose or as Evidence of Hunter's Good Character**

Rule 403 allows a Court to exclude otherwise admissible evidence when the probative value of the evidence is substantially outweighed by one or more of the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

**1.     Rule 403 does not preclude use of evidence of Hunter's military service for its substantive purpose.**

The Ninth Circuit has held that exclusion of evidence offered by a defendant under Rule 403 is "an extraordinary remedy to be used sparingly," and that "the danger of [unfair] prejudice must not merely outweigh the probative value of the evidence, but substantially outweigh it." *U.S. v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (emphasis in original). Additionally, that court has explained that application of Rule 403 must be "cautious and sparing" because the Rule's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *U.S. v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)).

Mr. Hunter's substantive use of evidence of his military service does not present the sort of case where the "extraordinary remedy" of exclusion under 403 should be used. Mr. Hunter's use is intended to show his wife's control of the family finances, which is not a "matter of scant or cumulative probative force" in the way contemplated by the Ninth Circuit. The prejudicial effect upon the jury, if any, of his military service will not be so great as to "substantially outweigh" the probative value of demonstrating Mrs. Mr. Hunter's control of the finances.

**2.     Rule 403 does not generally preclude use of evidence of Hunter's good character.**

In support of its contention that Rule 403 necessarily excludes good character evidence, the Government cites a single district court case from Louisiana, where the

court excluded evidence of a defendant police officer's prior specific acts under 403. In that case, the court held that the evidence should be excluded on grounds of the danger of "confusion of the issues, misleading the jury, considerations of undue delay, and a waste of time." *U.S. v. Warren*, 2010 WL 4668345, *5 (E.D. La. 2010). From this narrow holding, the Government argues that the probative value of any good character evidence Mr. Hunter might produce would necessarily be outweighed by the dangers of "unfair prejudice" and appealing to the jury's emotions. ECF 50 at 5.

Besides stretching the language of *Warren* far beyond what the court in that case stated, this position ignores the substantial weight of authority behind the admissibility of good-character evidence. *See, De Leon*, 728 F.3d at 505 (stating that exclusion of evidence that defendant was a law-abiding citizen was abuse of discretion); *See, also*, *Yarbrough*, 527 F.3d at 1100-01 (holding that exclusion of evidence that defendant was a trusted police officer was abuse of discretion).

Based on the substantial weight of authority supporting the admissibility of good-character evidence, Rule 403 provides no general bar to admission of evidence of Mr. Hunter's good character.

### III.   CONCLUSION

For the foregoing reasons, Mr. Hunter respectfully requests the Court deny the Government's motion to exclude improper evidence concerning character and good acts.

Dated:  June 28, 2019                SELTZER CAPLAN McMAHON VITEK
                                     A Law Corporation

                                     By:    *s/ Gregory A. Vega*
                                            Gregory A. Vega
                                            Ricardo Arias
                                            Philip B. Adams
                                     Attorneys for Defendant, DUNCAN D. HUNTER