Gregory A. Vega, Esq. (CABN 141477)
Ricardo Arias, Esq. (CABN 321534)
Philip B. Adams, Esq. (CABN 317948)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California 92101-8177
Telephone: (619) 685-3003
Facsimile: (619) 685-3100
Email: vega@scmv.com; arias@scmv.com
padams@scmv.com

Attorneys for Defendant DUNCAN D. HUNTER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

# (HON. THOMAS J. WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>DUNCAN D. HUNTER,<br><br>     Defendant. | Case No. 18-CR-3677-W<br><br>**DEFENDANTS RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT COCONSPIRATOR STATEMENTS AND SPOUSAL TESTIMONY**<br><br>DATE: July 1, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 3C<br>JUDGE: Hon. Thomas J. Whelan |

Defendant DUNCAN D. HUNTER ("Mr. Hunter"), by and through his attorneys, Gregory A. Vega, Ricardo Arias, and Philip B. Adams, hereby submits this response in opposition to the Government's motion to admit coconspirator statements and spousal testimony.

## I.     INTRODUCTION

The Government may not introduce privileged communications exchanged between Mr. Hunter and his wife, Margaret Hunter ("Mrs. Hunter") unless and until it establishes that the alleged conspiracy actually existed. Furthermore, the Government

---

**OPPOSITION TO MOTION TO ADMIT COCONSPIRATOR STATEMENTS AND SPOUSAL TESTIMONY**                              18-CR-3677-W

risks a mistrial for any privileged communications presented to the jury that were not made during and in furtherance of the alleged conspiracy.

## II.     RESPONSE IN OPPOSITION

The Court should not rely on the privileged marital communications offered by the Government when making its preliminary determination as to whether Mr. and Mrs. Hunter conspired to convert Mr. Hunter's campaign funds to their personal use. The Government has not provided sufficient evidence for a reasonable jury to find by a preponderance that such a conspiracy existed at all, let alone sufficient to establish precisely when the alleged conspiracy began. Until the Court is satisfied that a reasonable jury could find the existence of a conspiracy and that each statement falls within the conspiratorial period, it may not examine the privileged marital communications. Therefore, the Court should either deny the Government's motion or refrain from ruling on the motion until the Government provides further evidence showing the existence of the alleged conspiracy and establishing when it began.

### A.     The Marital Communications Privilege Applies to All Statements Privately Exchanged Between Mr. and Mrs. Hunter

Federal Rule of Evidence 501 provides that, except as otherwise required by the Constitution, federal statute, or Supreme Court rule, the privilege of a witness shall be governed by the principles of common law as interpreted by United States courts "in the light of reason and experience." Fed. R. Evid. 501. The Ninth Circuit recognizes two privileges that arise from a marital relationship, the marital communications privilege and the spousal testimonial privilege. *United States v. Fomichev,* 899 F.3d 766, 771 (9th Cir. 2018). Both privileges require the existence of a valid marriage. *Id.*

The privilege afforded to marital communications extends to words and acts intended to be a communication. *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004). The privilege applies only to confidential communications *Id.* Private communications between spouses "are generally assumed to have been intended to be confidential, and hence they are privileged." *Id.* The privilege "exists to insure that

spouses generally feel free to communicate their deepest feelings to each other without fear of eventual exposure in a court of law." *Fomichev,* 899 F.3d at 771. "The law safeguards the confidentiality of marital communications not because it fails to recognize the risk that such a privilege could be misused to obstruct justice, but because privacy between spouses is so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of justice which the privilege entails. *Id* at 772. Either spouse may assert the marital communications privilege to prevent testimony regarding communications between spouses. *Montgomery*, 384 F.3d at 1058-59. Although the marital communications privilege does not apply to statements made in furtherance of joint criminal activity, "communications made before a spouse begins to participate in the criminal activity are privileged." *United States v. Montgomery*, 384 F.3d at 1060.

The Government does not dispute the validity of Mr. and Mrs. Hunter's marriage. Thus, for purpose of the Court's analysis, all privately exchanged communications between Mr. and Mrs. Hunter fall squarely within the scope of the marital communications privilege. *See*, *Montgomery*, 384 F.3d at 1056. Furthermore, until the Government establishes that the alleged criminal conspiracy existed and when it began, all of the private marital communications remain privileged, and Mr. Hunter may assert the privilege to prevent testimony by Mrs. Hunter regarding their privileged communications. *See, Id.* at 1058-60.

**B.     Mrs. Hunter's Statements are Not Admissible under Rule 801(d)(2)(E) To Prove the Existence of the Alleged Conspiracy or Mr. Hunter's Participation**

In general, a coconspirator's statement is admissible as non-hearsay under Rule 801(d)(2)(E) if: (1) it was made in furtherance of a conspiracy or common enterprise; (2) it was made during the life of the conspiracy or enterprise; and (3) the defendant and the declarant were members of the conspiracy or enterprise. *See generally Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Layton*, 855 F.2d 1388 (9th Cir. 1988). However, before a statement may be admitted under Rule 801(d)(2)(E), the

court must first determine whether a jury could reasonably find that a conspiracy existed by a preponderance of the evidence. *See, Bourjaily*, 483 U.S. at 180-81. The existence of a conspiracy and the defendant's involvement in it are preliminary questions of fact that are resolved by the trial judge under Rule 104(a). *Id.* at 176.

Federal Rule of Evidence 104(a) empowers a court to decide any preliminary question about whether a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, *except those on privilege*. FRE 104(a) (emphasis added); *See also, Bourjaily*, 483 U.S. at 176 (finding that the court is not bound by the rules of evidence *except those with respect to privileges* when determining preliminary questions concerning the admissibility of evidence) (emphasis added).

In *Bourjaily*, the Court considered whether Rule 104(a) permitted a court to "make the preliminary factual determinations relevant to Rule 801(d)(2)(E) by considering any evidence it wishes, unhindered by considerations of admissibility." *Bourjaily*, 483 U.S. at 179. The *Bourjaily* Court observed that Rule 104(a) "on its face allows the trial judge to consider any evidence whatsoever, *bound only by the rules of privilege,*" and thus held that a court may examine the alleged coconspirator statements sought to be admitted in making a preliminary factual determination under 801(d)(2)(E). *Id.* at 179-181 (emphasis added). However, the coconspirator statements involved in *Bourjaily* were not subject to any evidentiary privileges and the coconspirators were not spouses. Thus, this Court cannot base its decision based on factors that were not considered in *Bourjaily* in making a factual determination under rule 801(d)(2)(E), as the Government requests. Indeed, the *Bourjaily* court explicitly stated that in making such a determination, a trial judge remained "bound only by the rules of privilege." *Bourjaily*, 483 U.S. at 179.

Accordingly, one could reasonably argue that *Bourjaily* supports the proposition that although a court may, in general, examine a coconspirator's statement in making a factual determination under Rule 801(d)(2)(E), when the alleged coconspirators are spouses, Rule 104(a) precludes the court from examining such statements because the

court remains bound the marital communications privilege. *See* FRE 104(a) (when deciding whether evidence is admissible, the court is not bound by evidence rules, *except those on privilege*) (emphasis added); *see also Bourjaily*, 483 U.S. at 176 (finding that the court is not bound by the rules of evidence when determining preliminary questions concerning the admissibility of evidence *except those with respect to privileges*) (emphasis added).

Therefore, the Court should not permit the Government to introduce privileged communications exchanged between Mr. Hunter and Mrs. Hunter unless and until the Government establishes that the alleged conspiracy actually existed and the statements sought to be admitted were made during and in furtherance of the alleged conspiracy.

### III.  CONCLUSION

For the foregoing reasons, Mr. Hunter respectfully requests the Court deny the Government's motion to admit coconspirator statements and spousal testimony.

Dated: June 28, 2019                        SELTZER CAPLAN McMAHON VITEK
                                            A Law Corporation

                                            By:     *s/ Gregory A. Vega*
                                                    Gregory A. Vega
                                                    Ricardo Arias
                                                    Philip B. Adams
                                            Attorneys for Defendant, DUNCAN D. HUNTER