1              THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
2

3               HONORABLE THOMAS J. WHELAN
            UNITED STATES DISTRICT JUDGE PRESIDING
4

5    ------------------------------------------------------------

6    UNITED STATES OF AMERICA,      )
                                    )
7                  PLAINTIFF,       )  NO. 18-CR-3677-TJW
                                    )
8    VS.                            )  JULY 1, 2019
                                    )
9    DUNCAN D. HUNTER,              )  MOTION HEARING
                                    )
10                 DEFENDANT.       )

11   ------------------------------------------------------------

12

13   APPEARANCES:

14

15   FOR THE PLAINTIFF:      W. MARK CONOVER
                             EMILY ALLEN
16                           U.S. ATTORNEY'S OFFICE
                             SOUTHERN DIST. OF CALIFORNIA
17                           CRIMINAL DIVISION
                             880 FRONT STREET, SUITE 6293
18                           SAN DIEGO, CA  92101

19

20   FOR THE DEFENDANT:      GREG A. VEGA
                             PHILIP B. ADAMS
21                           RICARDO ARIAS
                             SELTZER CAPLAN MCMAHON VITEK
22                           2100 SYMPHONY TOWERS
                             750 B STREET
23                           SAN DIEGO, CA  92101

24

25   THE COURT REPORTER:     GAYLE WAKEFIELD, RPR, CRR

1

1    JULY 1, 2019

2                          MORNING SESSION

3          THE CLERK:  CALLING MATTER NUMBER 14 ON THE CALENDAR,

4    18-CR-3677, UNITED STATES OF AMERICA VS. DUNCAN HUNTER.

5          MS. ALLEN:  GOOD MORNING, YOUR HONOR, EMILY ALLEN AND

6    MARK CONOVER FOR THE UNITED STATES.

7          MR. CONOVER:  GOOD MORNING, YOUR HONOR.

8          MR. VEGA:  GOOD MORNING, YOUR HONOR, GREGORY VEGA,

9    PHILIP ADAMS AND RICARDO ARIAS ON BEHALF OF DUNCAN HUNTER, WHO

10   IS PRESENT BEFORE THE COURT ON BOND.

11         THE COURT:  GOOD MORNING, GENTLEMEN.  HAVE A SEAT.

12         AS YOU'RE AWARE, THE MATTER IS ON CALENDAR FOR A MOTION

13   HEARING.  IN THAT REGARD, WITH REGARD TO THE HEARING, COUNSEL

14   I'M SURE ARE AWARE, AND THE CALENDAR INDICATES, THERE WERE 31

15   MOTIONS SET ON THIS MORNING'S CALENDAR.  24 OF THOSE WERE FULLY

16   BRIEFED AS OF THE CLOSE OF BUSINESS LAST FRIDAY.  THE OTHERS

17   WERE BRIEFED AFTER THAT TIME.  THE LAST ONE BEING FILED

18   APPROXIMATELY 8:35 OR 8:37 FRIDAY EVENING.  I'M PREPARED TO

19   RULE ON THOSE THAT WERE FULLY BRIEFED BECAUSE THE ONES THAT

20   WERE FILED AFTER CLOSE OF BUSINESS DIDN'T EVEN REACH MY

21   CHAMBERS UNTIL THIS MORNING.

22         I SHOULD SAY THERE'S ONE EXCEPTION TO THAT BECAUSE

23   NUMBER 65 IS THE DEFENSE REPLY TO ONE OF THE GOVERNMENT'S

24   MOTIONS, AND I DID HAVE A CHANCE TO READ JUST THAT FIRST ONE,

25   SO I'M PREPARED TO DO THAT.  IN ANY EVENT, I'M PREPARED TO RULE

1      ON 25 OF THE MOTIONS THAT WERE FILED, AND PUT THE OTHERS OVER

2      TO A DATE CONVENIENT WITH COUNSEL.  MY NORMAL PLAN IS TO DO

3      ANOTHER MOTION HEARING NEXT MONDAY AT 10.  I DON'T KNOW IF

4      THAT'S AGREEABLE TO EVERYBODY.  IF YOU WANT TO GO OFF THE

5      RECORD AND SEE WHAT'S AGREEABLE TO PEOPLE, IT WILL BE FINE WITH

6      ME.  ALSO, NEXT WEEK I DON'T HAVE TRIAL SO IF YOU WANT TO DO IT

7      ON AN OFF DAY THAT'S LIKEWISE AGREEABLE WITH ME.

8           MR. VEGA:  YOUR HONOR, I WOULD HOPE I CAN MAKE YOUR JOB

9      A LITTLE EASIER.

10          THE COURT:  ALL RIGHT.

11          MR. VEGA:  WE ARE PREPARED TO WITHDRAW MOTION 43-1, THE

12     MOTION TO DISMISS COUNTS 2, 3 AND 45, FOR VIOLATION OF THE

13     STATUTE OF LIMITATIONS.  WE FILED THAT MOTION, AND ONLY AFTER

14     WE FILED THAT MOTION DID THE GOVERNMENT PROVIDE US WITH

15     INFORMATION THAT THEY HAD RECEIVED AN ORDER TOLLING THE STATUTE

16     OF LIMITATIONS.  WE WOULD HAVE APPRECIATED THAT OBVIOUSLY, AND

17     WE'RE SORRY TO TAKE UP THE COURT'S TIME, BUT WE DID NOT GET

18     THAT INFORMATION FROM THE GOVERNMENT UNTIL AFTER WE FILED OUR

19     MOTION.

20          THE COURT:  PERFECTLY UNDERSTANDABLE.  I DIDN'T SIGN

21     THE ORDER RELEASING THAT UNTIL LAST THURSDAY, SO YOUR MOTION

22     WAS OBVIOUSLY FILED WELL BEFORE THAT; NO, NOT AN ISSUE.

23          WITH REGARD TO -- THERE'S GOING TO BE ABOUT FOUR OR

24     FIVE REMAINING MOTIONS, LET'S TRY TO PICK A DATE FOR THAT RIGHT

25     NOW, IF WE CAN.  DO YOU WANT TO DISCUSS IT OFF THE RECORD AND

1      LET ME KNOW WHAT'S GOOD FOR YOU FOLKS?

2            MR. VEGA:  YOUR HONOR, WHICH MOTION IS 65, THE ONE YOU

3      SAID YOU READ THIS MORNING?

4            THE COURT:  THAT WAS YOUR MOTION WITH REGARD TO

5      GOVERNMENT'S -- I CAN TELL YOU EXACTLY.  GOVERNMENT'S 47-1,

6      THAT HAS TO DO WITH THE ADMISSIBILITY OF

7      CO-DEFENDANTS/CO-CONSPIRATOR STATEMENTS.  I'M PREPARED TO RULE

8      ON THAT.

9      (DISCUSSION HELD OFF THE RECORD.)

10           MR. VEGA:  YOUR HONOR, WE'VE CONFERRED, AND A WEEK FROM

11     TODAY WOULD WORK.

12           THE COURT:  10:00 OKAY?

13           MS. ALLEN:  YES.

14           THE COURT:  I INTEND TO GO FORWARD WITH THE 25 I'VE

15     INDICATED.

16           MR. CONOVER:  THANK YOU, YOUR HONOR.

17           THE COURT:  BY WAY OF BACKGROUND AND -- I HAVE READ THE

18     MOTIONS, ALONG WITH THE ATTACHMENTS, THE GOVERNMENT'S RESPONSE

19     TO THOSE MOTIONS.  I'VE READ THE GOVERNMENT'S MOTIONS AND THE

20     DEFENSE RESPONSE TO THOSE MOTIONS.  I SHOULD INDICATE I'VE ALSO

21     REVIEWED ALL THE ATTACHMENTS.  I'M GOING TO GO THROUGH THEM

22     GENTLEMEN -- LADIES AND GENTLEMEN, IN DOCKET ORDER --

23     SEQUENTIALLY IN DOCKET ORDER SO ANYBODY THAT WANTS TO FOLLOW

24     ALONG CAN.

25           WE'LL START WITH THE FIRST ONE THAT WAS FULLY BRIEFED,

1    IT'S DOCUMENT NUMBER 39-1, THAT'S THE DEFENSE MOTION FOR A BILL

2    OF PARTICULARS.  SPECIFICALLY, THE DEFENSE SEEKS A BILL OF

3    PARTICULARS WITH REGARD TO COUNTS 45 TO 57.  THE DEFENSE

4    REQUESTS THE GOVERNMENT IDENTIFY THE RECEIPTS FROM EACH REPORT

5    IT CONTENDS VIOLATED THE STATUTE.

6        WITH REGARD TO COUNTS 58 TO 60, THE DEFENSE REQUESTS

7    THAT THE GOVERNMENT IDENTIFY SPECIFIC EXPENDITURES THAT SUPPORT

8    THE CLAIM THAT THE DEFENDANT CONVERTED IN EXCESS OF $25,000 IN

9    EACH OF THE CALENDAR YEARS ALLEGED IN THOSE COUNTS,

10   SPECIFICALLY THE CALENDAR YEARS BEING 2014, '15 AND '16.

11       THE DEFENDANT'S CORRECT THAT THERE ARE 200 OVERT ACTS

12   ALLEGED IN COUNT 1 WITH REGARD TO THE CONSPIRACY, AND THAT

13   THOSE ALLEGATIONS ARE NOT INCORPORATED BY REFERENCE INTO THE

14   COUNTS 45 THROUGH 60.  HOWEVER, THE INDICTMENT IN THIS CASE

15   CONTAINS AN EXTRAORDINARY AMOUNT OF DETAIL, IN THE COURT'S

16   OPINION.  NINTH CIRCUIT CASE LAW PROVIDES THAT THE INDICTMENT

17   IS TO BE READ AS A WHOLE.  IT'S READ TO INCLUDE THOSE FACTS

18   THAT ARE NECESSARILY IMPLIED AND ALSO IT'S CONSIDERED TO BE

19   CONSTRUED OR SHOULD BE CONSTRUED WITH COMMON SENSE.

20       I WOULD FIND THAT THE INFORMATION IN THE INDICTMENT,

21   BASED ON MY READING OF IT, INFORMS THE DEFENDANT OF THE NATURE

22   OF THE CHARGES AGAINST HIM.  IT ALSO INFORMS HIM OF THE THEORY

23   OF THE GOVERNMENT'S CASE, AND IT IS SUFFICIENTLY -- PLED WITH

24   SPECIFICITY SO AS TO ALLOW HIM TO ASSERT A DEFENSE OF DOUBLE

25   JEOPARDY SHOULD ANY OF THOSE CHARGES OR ALLEGATIONS COME UP IN

1       THE FUTURE.

2               THE LAW IS CLEAR THAT THE DEFENSE IS NOT ENTITLED TO

3       KNOW THE EXACT EVIDENCE THAT A GOVERNMENT IS GOING TO ASSERT TO

4       PROVE THEIR CASE, THEREFORE, THE DEFENDANT'S MOTION FOR A BILL

5       OF PARTICULARS WOULD BE DENIED.  ANYBODY WANT TO BE HEARD ON

6       THAT ISSUE?

7               MR. VEGA:  I WOULD, YOUR HONOR.

8               THE COURT:  YES.

9               MR. VEGA:  I RESPECT THE COURT'S ANALYSIS.  IN THIS

10      PARTICULAR CASE THOUGH, YOUR HONOR, THE BASIS FOR THE CHARGES

11      IN COUNTS 45 THROUGH 57 ARE FALSE ENTRIES ON THE FEC 3 FORMS,

12      AND IT'S BECAUSE OF THE ALLEGED FALSE ENTRIES THAT MAKES THE

13      FORMS THE BASIS FOR THE 1519 VIOLATION.  IN THE FEC 3 FORMS,

14      YOUR HONOR, THERE ARE LITERALLY HUNDREDS OF EXPENDITURES

15      REPORTED BY THE CAMPAIGN, AND ALTHOUGH THE OVERT ACTS ARE SET

16      FORTH IN THE INDICTMENT, WE DO NOT KNOW IS, IS THE GOVERNMENT

17      RELYING JUST UPON WHAT IS CONTAINED IN THOSE OVERT ACTS FOR --

18      IF THEY ARE, FINE, AND THEN WE KNOW WHAT WE'RE DEFENDING

19      AGAINST.  HOWEVER, IF NOT -- BECAUSE THERE'S HUNDREDS OF

20      ENTRIES ON EACH FORM, WE DO NOT KNOW WHETHER AT THE TIME OF

21      TRIAL THE GOVERNMENT WILL ALLEGE A PARTICULAR ENTRY FOR AN

22      EXPENDITURE IS IMPROPER, AND SO IT WOULD ALMOST BE TRIAL BY

23      AMBUSH.

24              THE GOVERNMENT HAS PROVIDED EXTENSIVE DISCOVERY TO US,

25      BUT IT'S ALMOST LIKE THE NEEDLE IN THE HAYSTACK, WHICH ENTRIES

1    IS THE GOVERNMENT RELYING UPON THAT THEY ARE SAYING IS FALSE IN

2    THE FEC 3 THAT THEN FORMS THE BASIS FOR THE 1519, AND SO I

3    WOULD JUST ASK THE COURT TO RECONSIDER THAT BECAUSE THERE

4    LITERALLY ARE HUNDREDS OF ENTRIES ON EACH FORM.

5         MR. CONOVER:  GIVEN THE COURT'S TENTATIVE AND

6    REASONING, THE UNITED STATES SUBMITS ON OUR BRIEFING.  THANK

7    YOU, YOUR HONOR.

8         THE COURT:  WELL, LET ME ASK YOU, MR. CONOVER, DO YOU

9    INTEND TO RELY ON ANYTHING OTHER THAN WHAT'S IN THE OVERT ACTS?

10        MR. CONOVER:  YES, YOUR HONOR, WE BELIEVE THERE WILL BE

11   ADDITIONAL ITEMS THAT ARE NOT CONTAINED EXCLUSIVELY IN THE

12   OVERT ACTS.

13        THE COURT:  HAS THAT BEEN TURNED OVER?

14        MR. CONOVER:  YES, YOUR HONOR, EVERYTHING HAS BEEN

15   TURNED OVER.  IT'S BEEN TURNED OVER IN MULTIPLE FORMS THAT ARE

16   BOTH SEARCHABLE WITH INDEXES, AND THE UNITED STATES WILL BE

17   PROVIDING ADDITIONAL EXHIBITS AND CHARTS BEFORE TRIAL.

18        THE COURT:  THAT WILL COVER THAT?

19        MR. CONOVER:  YES, YOUR HONOR.

20        THE COURT:  WITH THAT, I'LL ADOPT MY TENTATIVE, MR.

21   VEGA.

22        THAT WILL TAKE US TO DOCKET NUMBER 41-1, THAT'S THE

23   DEFENSE MOTION FOR DISCOVERY AND TO FILE FURTHER MOTIONS.

24   THERE DON'T APPEAR TO BE ANY ISSUES THAT NEED TO BE RESOLVED IN

25   DISCOVERY BASED ON BOTH PARTIES RESPONSES, BUT I'LL LEAVE THAT

1    OPEN IF YOU WANT ME TO, MR. VEGA.

2          MR. VEGA:  I WOULD, YOUR HONOR.

3          THE COURT:  AND WITH REGARD TO THE DEFENSE MOTION TO

4    FILE FURTHER MOTIONS, I WOULD GRANT THAT PROVIDED NEW MOTIONS

5    ARE BASED ON NEWLY-DISCOVERED EVIDENCE.  ANY OBJECTION TO THAT

6    BY THE GOVERNMENT?

7          MS. ALLEN:  NO, YOUR HONOR, JUST THAT WE BE AFFORDED

8    THE SAME LATITUDE.

9          THE COURT:  CERTAINLY.  THAT TAKES US TO DOCKET 42-1 --

10   EXCUSE ME, NOT 42-1.

11         MR. VEGA:  42-1 IS STRIKE SURPLUSAGE.

12         THE COURT:  ACTUALLY, I BELIEVE IT'S -- THAT'S CORRECT,

13   STRIKE SURPLUSAGE FROM THE EVIDENCE.  IN THAT MATTER THE

14   DEFENSE IS CORRECT THAT MOTIVE IS NOT AN ELEMENT OF ANY OF THE

15   CHARGED OFFENSES.  DEFENSE ALSO IS CORRECT THAT THE EVIDENCE OF

16   HIS PERSONAL FINANCIAL CONDITION DOES SUGGEST A MOTIVE.

17   HOWEVER, BECAUSE KNOWLEDGE AND INTENT ARE ELEMENTS OF THE

18   OFFENSES, THE INDICTMENT HAS TO INCLUDE ASSERTIONS OF THE

19   DEFENDANT'S STATE OF MIND.  THE MOTIVE IS, IN THE COURT'S MIND,

20   VERY PROBATIVE AS TO KNOWLEDGE AND INTENT.  BECAUSE OF THAT, MY

21   TENTATIVE WOULD BE TO DENY THE MOTION TO STRIKE.

22         I SHOULD ALSO LET COUNSEL KNOW THAT IT WOULD NOT BE MY

23   INTENT, WHEN WE SELECT THE JURY, TO READ THE ENTIRE INDICTMENT

24   TO THE JURY.  I WOULD REQUEST COUNSEL TO MEET AND CONFER WITH

25   REGARD TO A CONDENSED VERSION, SUCH AS OVERT ACTS, AND

1    FOLLOWING OVERT ACTS, INCLUDING THE EVENTS AS ALLEGED, OR

2    SOMETHING LIKE THAT, BUT I'LL LEAVE THAT UP TO YOU FOLKS TO DO.

3          AT ANY RATE, MY TENTATIVE WOULD BE TO DENY FOR THAT

4    REASON.  DOES EITHER PARTY WANT TO BE HEARD?  (NO RESPONSE.)

5    ALL RIGHT, I'LL ADOPT MY TENTATIVE.

6          WITH REGARD TO DOCUMENT 43-1, THAT'S A MOTION BASED ON

7    THE VIOLATION OF THE STATUTE OF LIMITATIONS.  AS MR. VEGA

8    INDICATED EARLIER THIS MORNING, HE'S WITHDRAWN THAT MOTION; IS

9    THAT CORRECT?

10         MR. VEGA:  IT IS, YOUR HONOR.

11         THE COURT:  THAT TAKES US TO DOCUMENT NUMBER 46-1,

12   THAT'S A MOTION TO EXCLUDE ADVICE OF COUNSEL EVIDENCE, BASED ON

13   THE DEFENSE RESPONSE THAT BECOMES MOOT BECAUSE THE DEFENSE

14   INDICATES THEY DON'T INTEND TO OFFER SUCH EVIDENCE.  IS THAT

15   STILL THE CASE, MR. VEGA?

16         MR. VEGA:  IT IS, YOUR HONOR.

17         THE COURT:  ALL RIGHT.  SO THAT BECOMES MOOT.

18         WITH REGARD TO DOCUMENT 46-2, THAT'S A MOTION WITH

19   REGARD TO ASKING LEADING QUESTIONS OF POTENTIAL WITNESSES.  I

20   WOULD DEFER THAT UNTIL THE TIME OF TRIAL, EVEN THOUGH I KNOW

21   THE DEFENSE SAYS THEY DON'T OBJECT TO THAT WHERE THERE'S A

22   FOUNDATION, AND THE GOVERNMENT INDICATES THEY WILL REQUEST

23   PERMISSION OF THE COURT BEFORE THEY ATTEMPT TO LEAD A WITNESS.

24   I JUST CAN'T RULE IN A VACUUM, SO I WOULD DEFER WITH THE

25   UNDERSTANDING OF WHAT THE RULES ARE.  I ASSUME NEITHER PARTY

1      OBJECTS TO THAT.

2              MR. VEGA:  YES, YOUR HONOR.

3              THE COURT:  YOU DO OBJECT?

4              MR. VEGA:  I'M SORRY, NO.

5              THE COURT:  THAT TAKES US TO DOCKET NUMBER 46-3, THAT

6      HAS TO DO WITH THE DEFENDANT'S STATEMENTS IN PUBLIC -- THAT HE

7      MAY OR MAY NOT HAVE MADE AT PUBLIC EVENTS.  I WOULD GRANT THAT.

8      I KNOW THE DEFENDANT OBJECTS, BUT ONLY TO ARGUE FOUNDATION.  I

9      CAN ONLY SAY THAT I ASSUME THE FOUNDATION -- I KNOW FOUNDATION

10     HAS TO BE LAID BEFORE ANY OF THAT TYPE OF EVIDENCE COMES IN.

11             WITH REGARD TO THE DEFENSE CONCERN ABOUT THE RULE OF

12     COMPLETENESS, MR. VEGA, I CAN JUST ASSURE YOU I'M AWARE OF THE

13     RULE OF COMPLETENESS AND I WILL FOLLOW THE RULES.  SO WITH

14     THAT, I'LL GRANT THAT MOTION.

15             WITH REGARD TO DOCKET NUMBER 46-4, THAT HAS TO DO WITH

16     PRIOR TESTIMONY BE ADMISSIBLE AS SUBSTANTIVE EVIDENCE.  THE

17     DEFENDANT INDICATES THEY DON'T OPPOSE THAT PROVIDED THERE'S A

18     FOUNDATION FOR IT, AND THEREFORE OBVIOUSLY A FOUNDATION WOULD

19     BE NECESSARY, THEREFORE I WOULD GRANT THAT MOTION.  ANYBODY

20     WANT TO BE HEARD ON THAT?

21             MR. CONOVER:  NO, YOUR HONOR.

22             MR. VEGA:  NO, YOUR HONOR.

23             THE COURT:  WITH REGARD TO 46-5, THAT'S A MOTION BY THE

24     GOVERNMENT TO RECALL A WITNESS WHO MAY HAVE INFORMATION WITH

25     REGARD TO SEVERAL TRANSACTIONS OR EXPENSES OR OCCURRENCES.  THE

1    DEFENSE INDICATES THEY DON'T OPPOSE THAT.  THEREFORE, I WOULD

2    GRANT THAT MOTION.  THE COURT IS AWARE OF THE SCOPE OF RULES

3    WITH REGARD TO THE SCOPE OF CROSS-EXAMINATION THAT THE DEFENSE

4    INDICATES THERE'S SOME CONCERN ABOUT.  ANYBODY WANT TO BE HEARD

5    ON THIS?

6            MR. CONOVER:  NO, YOUR HONOR.

7            MR. VEGA:  NO, YOUR HONOR.

8            THE COURT:  WITH REGARD TO 46-6, THAT'S A MOTION WITH

9    REGARD TO THE TESTIMONY OF THE COMPUTER FORENSIC EXPERT.  THE

10   DEFENDANT DOESN'T OPPOSE THAT.  MY TENTATIVE WOULD BE TO GRANT

11   THAT, PROVIDED THE PROPER FOUNDATION'S LAID OR IF THERE'S A

12   STIPULATION TO THE QUALIFICATIONS.  ANYBODY WANT TO BE HEARD ON

13   THAT ONE?

14           MR. CONOVER:  NO, YOUR HONOR.

15           MR. VEGA:  NO, YOUR HONOR.

16           THE COURT:  WITH REGARD TO 46-7, THAT'S A MOTION WITH

17   REGARD TO THE POTENTIAL ADMISSIBILITY OF EITHER BUSINESS

18   RECORDS OR PUBLIC RECORDS, AND THAT ONE I WOULD ALSO PREFER TO

19   DEFER UNTIL THE TIME OF TRIAL BECAUSE I CAN'T REALLY RULE IN A

20   VACUUM ON THAT.  OBVIOUSLY, THE COURT IS AWARE THAT BUSINESS

21   AND PUBLIC RECORDS ARE SELF-AUTHENTICATING.  THE ISSUE COMES UP

22   WITH LAYING A PROPER FOUNDATION, WHICH USUALLY INCLUDES

23   TESTIMONY FROM A CUSTODIAN OF RECORDS OR CERTIFICATION, BUT

24   OTHER THAN THAT, I'D DEFER IT.  ANYBODY OBJECT TO ME DEFERRING

25   IT?

1              MR. CONOVER:  NO OBJECTION FROM THE GOVERNMENT.

2              MR. VEGA:  YESTERDAY WE SPOKE WITH COUNSEL, AND I

3        BELIEVE WE'RE GOING TO TRY TO WORK ON STIPULATIONS FOR THAT

4        TYPE OF EVIDENCE, YOUR HONOR.

5              THE COURT:  THAT'S FINE.  THAT TAKES US TO 46-8.

6        THAT'S A MOTION TO ADMIT ELECTRONIC EVIDENCE.  WITH REGARD TO

7        THAT, THAT AGAIN IS ONE I WOULD PREFER TO DEFER.  THE DEFENDANT

8        ANTICIPATES A STIPULATION AS TO THAT, BUT IN ANY EVENT, JUST

9        FOR GENERAL PURPOSES, THE GENERAL RULE WITH REGARD TO MATERIAL

10       OR MESSAGES FROM ELECTRONIC MEDIA IS THAT THEY'RE

11       SELF-AUTHENTICATING WITH REGARD TO THE HOLDER OF THE ACCOUNT,

12       THE DATE, AND THE TIME THE MESSAGE OR MATERIAL WAS SENT, WHICH

13       YOU NEED EXTRINSIC EVIDENCE TO IDENTIFY THE POSTER OR SENDER,

14       BUT, IN ANY EVENT, I WOULD DEFER THAT UNTIL THE TIME OF TRIAL.

15       I ASSUME NEITHER PARTY OBJECTS TO THAT.

16             MR. CONOVER:  NO OBJECTION, YOUR HONOR.

17             MR. VEGA:  NO OBJECTION.

18             THE COURT:  THAT TAKES ME TO 46-9.  THAT'S A MOTION TO

19       ADMIT SUMMARY CHARTS.  THE DEFENDANT DOESN'T OPPOSE THAT, SO I

20       WOULD GRANT THAT.  I ASSUME NEITHER PARTY WANTS TO BE HEARD.

21             MR. CONOVER:  NO, YOUR HONOR.

22             MR. VEGA:  NO, YOUR HONOR.

23             THE COURT:  AS TO 46-10, THAT'S A MOTION WITH REGARD TO

24       THE USE OF EXHIBITS IN OPENING STATEMENTS, AND COUNSEL AGREE TO

25       EXCHANGE EXHIBITS PRIOR TO TRIAL.  THE DEFENDANT DOESN'T OPPOSE

1       THAT MOTION, THEREFORE, I GRANT THAT.  I ASSUME NEITHER PARTY

2       WANTS TO BE HEARD ON THIS ONE.

3               MR. CONOVER:  NOTHING, YOUR HONOR.

4               MR. VEGA:  NO, YOUR HONOR.

5               THE COURT:  WITH REGARD TO 46-11, THAT'S A MOTION WITH

6       REGARD TO ATTORNEY VOIR DIRE.  IT'S ALWAYS BEEN MY PRACTICE TO

7       ALLOW ATTORNEY VOIR DIRE, SO I WOULD GRANT THAT.  MY ONLY RULE

8       IS THAT WE ONLY ASK QUESTIONS THAT GO TO CHALLENGES FOR CAUSE

9       AND WE DON'T REPEAT AREAS COVERED BY THE COURT.  I ASSUME

10      NEITHER PARTY WANTS TO BE HEARD ON THAT.

11              MR. CONOVER:  NO, YOUR HONOR.

12              MR. VEGA:  NO, YOUR HONOR.

13              MR. CONOVER:  HOW MUCH TIME WILL THE COURT BE GRANTING?

14              THE COURT:  I DON'T SET TIME LIMITS.  AS LONG AS YOU

15      THINK THE QUESTION GO TO CAUSE, YOU CAN ASK THEM.

16              MR. CONOVER:  THANK YOU, YOUR HONOR.

17              THE COURT:  SAME WITH THE DEFENSE OBVIOUSLY.

18              THAT TAKES US TO 46-12, THAT'S A MOTION WITH REGARD TO

19      EXCLUDE EVIDENCE.  THE WAY IT'S WORDED -- IT'S KIND OF WORDED

20      IN THE NEGATIVE, BUT WHAT I WOULD PROPOSE TO DO, IF NEITHER

21      SIDE OBJECTS, IS TREAT THIS AS A GOVERNMENT MOTION FOR

22      RECIPROCAL DISCOVERY, WHICH IN THE PAPERS THE DEFENDANT AGREES

23      THEY'RE GOING TO HAVE APPLIED -- HAVE COMPLIED WITH AND INTEND

24      TO COMPLY WITH, AND I'D GRANT THAT MOTION PURSUANT TO RULE

25      16(B).  IS THERE ANY OBJECTION TO THAT, MR. VEGA?

13

1          MR. VEGA:  NO, YOUR HONOR.

2          THE COURT:  THAT WILL BE GRANTED.

3          WITH REGARD TO 46-13, THAT'S A MOTION WITH REGARD TO

4     SCHEDULING FOR PRETRIAL DISCLOSURES.  I WOULD FIND THAT THAT'S

5     MOOT BECAUSE THE PARTIES AGREE TO THE PRETRIAL DISCLOSURES.

6          WITH REGARD TO A TIME FRAME, I'VE GOT VERY EXPERIENCED

7     COUNSEL ON BOTH SIDES, SO I DON'T THINK THE COURT SHOULD GET

8     INVOLVED IN SETTING TIME FRAMES.  SOUNDS TO ME LIKE THE TIME

9     FRAMES SUGGESTED BY BOTH OF YOU IN YOUR PAPERS ARE REASONABLE,

10    AND THAT YOU CAN WORK THAT OUT AMONG YOURSELVES.  IF YOU CAN'T,

11    YOU CAN BRING IT TO MY ATTENTION.

12         MR. CONOVER:  YOUR HONOR, WE'VE DISCUSSED THIS WITH

13    DEFENSE COUNSEL AND WE WOULD AGREE TO THE RECOMMENDED TIME

14    FRAMES AS LISTED IN DEFENSE COUNSEL'S RESPONSE.  WE WOULD LIKE

15    ALSO TO INCLUDE AN EXPERT NOTICE DEADLINE OF FOUR WEEKS BEFORE

16    TRIAL, AND IN PART OF THAT EXPERT NOTICE ALSO AN ADVICE OF

17    COUNSEL DEADLINE SO THAT WE'LL JUST INCLUDE A FOUR WEEKS BEFORE

18    TRIAL EXPERT DISCLOSURE/ADVICE OF COUNSEL DISCLOSURE, IN

19    ADDITION TO THE DEADLINES SET FORTH IN DEFENDANT'S RESPONSE.

20         THE COURT:  ANY OBJECTION TO THAT?

21         MR. VEGA:  ON THE EXPERT -- WELL, FIRST OF ALL, WITH

22    REGARD TO ADVICE OF COUNSEL, AS I'VE SAID PREVIOUSLY, WE DO NOT

23    INTEND TO RELY UPON THAT AS A DEFENSE.

24         YOUR HONOR, I WOULD REPRESENT TO THE COURT THAT I'LL

25    CONFER WITH COUNSEL ON THAT, ON THE EXPERT EVIDENCE PRIOR TO --

1    THE COURT:  WHY DON'T WE DO IT THIS WAY, WE'LL PUT THAT

2    ONE OVER UNTIL WE MEET HERE NEXT WEEK, AND IF YOU HAVEN'T

3    RESOLVED IT BY THEN, JUST BRING IT UP AND WE'LL RESOLVE IT

4    THEN.  THAT GIVE YOU ENOUGH TIME?  IF NOT, YOU CAN LET ME KNOW

5    NEXT WEEK.

6    MR. VEGA:  I WILL, YOUR HONOR.

7    THE COURT:  THAT TAKES US TO MOTION 47-1.  THAT'S A

8    MOTION TO ADMIT CO-CONSPIRATOR STATEMENTS, SPOUSAL TESTIMONY.

9    THE PARTIES, OF COURSE, AGREE THAT STATEMENTS OF A

10   CO-CONSPIRATOR MADE DURING THE COURSE OF A CONSPIRACY THAT

11   RELATE TO THE PURPOSE OF THE CONSPIRACY ARE NOT SUBJECT TO THE

12   MARITAL COMMUNICATION PRIVILEGE.  I'D PREFER TO DEFER ON THIS

13   UNTIL THE TIME OF TRIAL.  I'M AWARE OF THE DEFENSE CONCERNS

14   REGARDING THE TIMING OR FOUNDATION FOR ANY CODEFENDANT

15   TESTIMONY.  I'M ALSO AWARE OF THEIR CONCERN THAT THE GOVERNMENT

16   MAY SEEK TO OFFER TESTIMONY UNRELATED TO THE CONSPIRACY.  I

17   THINK THE BEST WAY TO HANDLE THOSE WOULD BE BY WAY OF

18   OBJECTIONS AT TRIAL RATHER THAN FOR ME TO TRY TO RULE ON THEM

19   IN A VACUUM, BUT WITH THAT AS A TENTATIVE, I WOULD DEFER,

20   UNLESS SOMEBODY WANTS ME TO RULE NOW.

21   MS. ALLEN:  YOUR HONOR, THIS WOULD CERTAINLY BE THE

22   SUBJECT OF OPENING STATEMENTS -- I'M SURE BY BOTH PARTIES -- SO

23   IT WOULD BE HELPFUL TO HAVE AT LEAST THE COURT'S LEAVE TO MAKE

24   REFERENCE TO THOSE COMMUNICATIONS AS PART OF OPENING

25   STATEMENTS.

1              THE COURT:  YOU CAN DO THAT.

2              MS. ALLEN:  THANK YOU.

3              THE COURT:  THAT'S NOT A PROBLEM BECAUSE I'LL ADVISE

4     THE JURY THAT STATEMENTS BY COUNSEL ARE NOT EVIDENCE, SO THAT'S

5     NOT GOING TO BE AN ISSUE.

6              ALL RIGHT, THAT TAKES US TO 48-1.  THAT'S A MOTION TO

7     EXCLUDE THE DEFENDANT'S PERSONAL FINANCIAL RECORDS.  THE

8     DEFENSE OPPOSES THAT MOTION.  THE COURT, QUITE FRANKLY,

9     DISAGREES WITH THE DEFENSE THAT SUCH EVIDENCE HAS LITTLE

10    PROBATIVE VALUE BECAUSE THE GOVERNMENT HAS TO SHOW THAT THE

11    DEFENDANT KNEW THAT CAMPAIGN FUNDS WERE BEING USED FOR

12    NON-CAMPAIGN PURPOSES, AND, FURTHERMORE, THAT HE INTENDED TO

13    USE CAMPAIGN FUNDS FOR NON-CAMPAIGN PURPOSES, THEREFORE, HIS

14    PERSONAL FINANCES WOULD BE PROBATIVE OF INTENT OR MOTIVE TO USE

15    CAMPAIGN FUNDS FOR NON-CAMPAIGN PURPOSES.

16             UNDER RULE 403 -- EVIDENCE RULE 403 I WOULD FIND THAT

17    THE PROBATIVE VALUE OF THAT EVIDENCE DOES OUTWEIGH THE

18    PREJUDICIAL EFFECT, AND I WOULD DIRECT THE GOVERNMENT TO ADVISE

19    THE COURT FIRST BEFORE IT INTENDS TO OFFER SUCH EVIDENCE FOR

20    THE SOLE PURPOSE OF MY BEING ABLE TO GIVE A LIMITED

21    INSTRUCTION, WHICH I BELIEVE IS NECESSARY WHEN WE ADMIT THAT

22    TYPE OF EVIDENCE.

23             I WOULD ALSO ASK THE GOVERNMENT TO SUBMIT A MODIFIED

24    VERSION OF THE STANDARD NINTH CIRCUIT JURY INSTRUCTION 2.13,

25    WHICH HAS TO DO WITH LIMITATIONS WITH REGARD TO THE PURPOSE OF

1     EVIDENCE.  BY "MODIFICATION," I JUST MEAN TO FILL IN THE BLANKS

2     IN PLACES OF THAT INSTRUCTION WHERE YOU HAVE TO TELL ME WHAT

3     YOU'RE OFFERING AND WHY YOU'RE OFFERING IT.

4          SO THAT BY WAY OF TENTATIVE, I WOULD GRANT THE MOTION.

5     I'LL LISTEN TO EVERYBODY.  ANYBODY WANT TO BE HEARD?

6          MR. VEGA:  NO, YOUR HONOR.

7          MS. ALLEN:  NO, YOUR HONOR, THANK YOU.

8          THE COURT:  NOW, WITH REGARD TO 49-1, THAT'S THE MOTION

9     WITH REGARD TO USING -- POTENTIALLY USING OR POSSIBLY USING

10    CAMPAIGN FUNDS FOR PERSONAL SERVICES OR PERSONAL RELATIONSHIPS,

11    THE GOVERNMENT'S -- WELL, LET'S START WITH THIS, I CERTAINLY

12    AGREE WITH DEFENSE COUNSEL THAT THE DEFENDANT PROBABLY, IN MOST

13    CASES, MOST LIKELY DID HAVE CONTACT WITH SOME OF THESE PEOPLE

14    REGARDING LEGISLATIVE MATTERS.  THAT'S REALLY -- AS I SEE IT,

15    THAT'S REALLY NOT THE ISSUE.  THE ISSUE IS WHETHER OR NOT IT

16    WENT FARTHER THAN THAT, AND I'M NOT TAKING ANY SIDES HERE AT

17    ALL, I HAVE TO GO BY THE GOVERNMENT'S PROFFER IN THEIR PAPERS,

18    THEIR PROFFER INDICATES THE RELATIONSHIPS AT SOME POINT BECAME

19    PERSONAL IN NATURE, THEREFORE, EVIDENCE THAT CAMPAIGN FUNDS MAY

20    HAVE BEEN USED TO FURTHER THOSE RELATIONSHIPS IS RELEVANT AS TO

21    THE CENTRAL ISSUE IN THE CASE.  THE CENTRAL ISSUE BEING WHETHER

22    OR NOT CAMPAIGN FUNDS WERE USED -- INTENTIONALLY USED FOR

23    NON-CAMPAIGN PURPOSES.

24          AGAIN, THIS IS PRETTY SENSITIVE TYPE INFORMATION,

25    THEREFORE, I WOULD FIND UNDER EVIDENCE RULE 403 THAT THE

1      PROBATIVE VALUE DOES OUTWEIGH THE PREJUDICIAL EFFECT.  I WOULD

2      GRANT THE MOTION.  IF IT BECOMES NECESSARY, I WOULD GRANT THE

3      GOVERNMENT'S MOTION WITH REGARD TO FILING AN ADDITIONAL MOTION

4      REGARDING TOPIC REFERRED TO IN ROMAN NUMERAL III OF THEIR

5      DOCKET NUMBER 49.

6           DOES ANYBODY WANT TO BE HEARD ON THAT?

7           MR. CONOVER:  NO, YOUR HONOR.

8           MR. VEGA:  I DO, YOUR HONOR.

9           THE COURT:  CERTAINLY.

10          MR. VEGA:  YOUR HONOR, AGAIN I APPRECIATE THE COURT'S

11     ANALYSIS; HOWEVER, YOUR HONOR, THE EVIDENCE THAT THE GOVERNMENT

12     INTENDS TO INTRODUCE AND ASKS THE COURT'S PERMISSION TO

13     INTRODUCE ON PERSONAL INDISCRETIONS IS TOTALLY -- IT IS

14     RELEVANT, AS THE COURT SAID.  HOWEVER, USING SPECIFIC TERMS FOR

15     THOSE PERSONAL INDISCRETIONS IS EXTREMELY PREJUDICIAL AND WILL

16     TAINT THE JURY AND HAVE THE JURY VIEW MY CLIENT FOR THOSE

17     PERSONAL INDISCRETIONS AS OPPOSED TO ANYTHING.

18          IN EVERY OTHER REFERENCE IN THE INDICTMENT, THEY DON'T

19     SAY WHEREIN HE HAS A PLATONIC RELATIONSHIP WITH ANYONE, THAT IT

20     IS A PLATONIC RELATIONSHIP.  THE GOVERNMENT CAN PRESENT THEIR

21     CASE SAYING WITH ONE OF THE OVERT ACTS HE WENT TO A PARTICULAR

22     LOCATION WITH AN INDIVIDUAL AND TWO OTHERS, WITHOUT USING THE

23     LANGUAGE SPECIFICALLY OF ANY TYPE OF EXTRAMARITAL ACTIVITY.  I

24     THINK -- I JUST BELIEVE, YOUR HONOR, THAT THAT IS SO

25     PREJUDICIAL, AS YOU'VE SEEN, AND I THINK THE GOVERNMENT -- I'LL

1    WORK WITH THE GOVERNMENT ON LANGUAGE, BUT I THINK THAT THAT IS

2    JUST SOMETHING THAT IS -- REALLY THAT'S WHAT 403 WAS MADE FOR.

3    YOU HAVE RELEVANT EVIDENCE, BUT IT CAN BE KEPT OUT BECAUSE IT'S

4    OVERLY PREJUDICIAL.  I WOULD JUST ASK THE COURT TO RECONSIDER

5    THAT BECAUSE I'M AFRAID THAT THAT WILL BE THE FOCUS INSTEAD OF

6    THE EVIDENCE.

7            THE COURT:  WELL, I THINK YOU AND THE GOVERNMENT

8    COUNSEL CAN WORK ON TERMINOLOGY, IF THAT'S WHAT YOU'RE

9    CONCERNED ABOUT, BUT THE BOTTOM LINE IS IF HE WAS USING

10   CAMPAIGN FUNDS FOR NON-CAMPAIGN PURPOSES, JUST FOR

11   ENTERTAINMENT WE'LL SAY, THAT'S ADMISSIBLE.

12           MR. VEGA:  OH, I'M NOT SAYING IT'S NOT, YOUR HONOR, BUT

13   IT'S THE DESCRIPTION OF THE PERSONAL INDISCRETIONS, THAT'S WHAT

14   I'M FOCUSING ON.

15           THE COURT:  WELL, WHY DON'T YOU AND MR. CONOVER SEE IF

16   YOU CAN'T WORK OUT SOME AGREEMENT ON THAT.  ACCORDING TO HIS

17   PAPERS, THE WAY I READ THEM, HE TRIED TO WORK OUT SOME

18   AGREEMENT WITH YOU WHICH DIDN'T SUCCEED, SO I DON'T KNOW IF YOU

19   CAN SUCCEED NOW OR NOT, BUT WHY DON'T YOU MAKE ANOTHER STAB AT

20   IT AND SEE WHAT YOU CAN COME UP WITH.

21           MR. VEGA:  THANK YOU, YOUR HONOR.

22           MR. CONOVER:  YOUR HONOR, WE WILL CONTINUE TO TRY AND

23   REACH A STIPULATION ON THESE ISSUES TO KEEP THE SALACIOUS

24   DETAILS OUT FROM THE JURY, BUT IT WOULD BE EXCEEDINGLY

25   DIFFICULT FOR US TO PUT A GIRLFRIEND OF THE DEFENDANT ON THE

1    STAND AND NOT HAVE THE JURY UNDERSTAND THE NATURE OF THAT

2    RELATIONSHIP, PARTICULARLY IF THEY ARE INVOLVED IN POLITICAL

3    ACTIVITIES, AND SO THE COURT'S REASONING IS CORRECT, AND WITH

4    THAT WE WOULD SUBMIT ON THE PAPERS.

5         THE COURT:  AS I INDICATED, I'LL GRANT IT AND ASK

6    COUNSEL TO SEE IF THEY CAN WORK OUT A STIPULATION AS TO

7    TERMINOLOGY, THAT IS OBVIOUSLY PREFERABLE.  IF YOU CAN'T, I'LL

8    RULE AT THE TIME AS TO WHETHER SPECIFIC TERMINOLOGY IS

9    ADMISSIBLE OR NOT.

10        MR. CONOVER:  THANK YOU, YOUR HONOR.

11        THE COURT:  THAT TAKES US TO 50-1, THAT HAS TO DO WITH

12   CHARACTER EVIDENCE.  I KNOW ALL COUNSEL IS AWARE OF THIS THAT

13   CHARACTER EVIDENCE IN COURT IS LIMITED TO REPUTATION IN THE

14   COMMUNITY FOR THINGS SUCH AS HONESTY, TRUTHFULNESS,

15   LAW-ABIDING, AND THE RULES REQUIRE THAT THAT CAN BE ADMITTED BY

16   WAY OF A WITNESS'S PERSONAL OPINION OR AS TO GENERAL REPUTATION

17   FOR THAT IN THE COMMUNITY, AND THAT SPECIFIC ACTS OF GOOD

18   CONDUCT ARE NOT ADMISSIBLE TO ESTABLISH GOOD CHARACTER.

19        HOWEVER, I CERTAINLY AGREE WITH MR. VEGA THAT THE

20   MILITARY SERVICE OF MR. HUNTER COULD COME IN AS SUBSTANTIVE

21   EVIDENCE.  IT COULD ALSO COME IN, SHOULD HE DECIDE TO TESTIFY,

22   AS BACKGROUND EVIDENCE.  I HAVE NO OBJECTION TO ANY OF THAT AT

23   ALL.  SO WITH THAT UNDERSTANDING, I WOULD GRANT THE MOTION TO

24   EXCLUDE AS CHARACTER EVIDENCE.

25        ANYBODY WANT TO BE HEARD ON THAT?

1          MR. VEGA:  GRANT OR DENY?

2          THE COURT:  WELL, I GRANT THAT YOU CAN'T PUT ON

3     CHARACTER EVIDENCE OF SPECIFIC ACTS OF GOOD CONDUCT, BUT I

4     UNDERSTAND THAT IT COULD COME IN FOR OTHER REASONS, SUCH AS

5     SUBSTANTIVE EVIDENCE OR BACKGROUND EVIDENCE, SHOULD HE TESTIFY.

6          MR. VEGA:  THANK YOU, YOUR HONOR.

7          THE COURT:  THE ONLY MOTION I'M RULING ON IS THE ONE

8     THEY FILED, WHICH IS THAT YOU CAN'T ADMIT ACTS OF GOOD CONDUCT

9     TO BESTOW CHARACTER.  I ASSUME YOU AGREE WITH THAT.

10         MS. ALLEN:  I DO, YOUR HONOR.  I JUST HAVE A COMMENT AS

11    TO THE USE OF THAT EVIDENCE AS SUBSTANTIVE EVIDENCE IN THE

12    CASE.  I CERTAINLY AGREE THAT THAT CONCEPT APPLIES AS A GENERAL

13    MATTER, BUT THE SPECIFIC EXAMPLE THAT THE DEFENDANT HAS PUT

14    FORWARD IN HIS BRIEF THAT IT'S EVIDENCE OF HIS WIFE'S CONTROL

15    OF THE FAMILY FINANCES, I JUST WANT TO SORT OF PREVIEW FOR THE

16    CASE IT MAY BE NOT YET RIPE FOR RULING, BUT WE WOULD OBJECT TO

17    THAT AS TOTALLY IRRELEVANT BECAUSE OF THE LOGICAL CONNECTION

18    BETWEEN THOSE TWO THINGS IS ENTIRELY MISSING.

19         HE SERVED IN THE MILITARY IN 2001.  HE'S MADE SOME

20    PUBLIC STATEMENTS SAYING HE AT THAT POINT GAVE HIS WIFE ACCESS

21    TO THE FAMILY FINANCES IN 2001, BUT THE CONNECTION BETWEEN

22    GIVING HIS WIFE ACCESS TO FAMILY FINANCES IN 2001 TO ANYTHING

23    RELEVANT TO THE EMBEZZLEMENT OF CAMPAIGN FUNDS THAT BEGAN IN

24    2009 IS VERY TENUOUS.  WE'LL PROBABLY GET TO THE POINT AT

25    TRIAL, YOUR HONOR, WHERE WE ASK FOR A PROFFER AS TO HOW ANY

1          EVIDENCE OF THAT IS ACTUALLY RELEVANT TO THE MATTER AT HAND.

2               AND THEN THE OTHER PROBLEM IS THE METHOD OF PROOF FOR

3     THAT SEEMS TO BE -- TO INVOLVE A LOT OF HEARSAY PROBLEMS, SO IT

4     WOULD CERTAINLY BE APPROPRIATE, IF IT WERE RELEVANT, FOR MR.

5     HUNTER TO INTRODUCE BANK RECORDS, FOR EXAMPLE, THAT HAD HIS

6     WIFE'S NAME ON THEM OR POWER OF ATTORNEY WHERE HE SIGNED OVER

7     BANK ACCOUNT ACCESS TO HIS WIFE, THINGS OF THAT NATURE, THAT

8     ARE MAYBE SELF-AUTHENTICATING, BUT TO INTRODUCE TESTIMONY ABOUT

9     THAT TOPIC BY ANYONE OTHER THAN MARGARET OR MR. HUNTER HIMSELF

10    WOULD LEAD TO SIGNIFICANT HEARSAY PROBLEMS.

11          THE COURT:  WELL, I CAN'T RULE IN A VACUUM.  I

12    UNDERSTAND WHAT YOU'RE SAYING.  I UNDERSTAND WHAT MR. VEGA'S

13    SAYING.  ALL I'M SAYING IS THAT, ASSUMING THERE WILL BE A

14    FOUNDATION FOR IT, THAT TOPIC COULD COME IN -- POSSIBLY COME IN

15    WITH PROPER FOUNDATION AS SUBSTANTIVE EVIDENCE.

16          MS. ALLEN:  UNDERSTOOD.

17          THE COURT:  I'M NOT MAKING ANY RULINGS ONE WAY OR THE

18    OTHER.  I ASSUME THAT'S WHAT YOU'RE LOOKING FOR.

19          MR. VEGA:  YES.

20          THE COURT:  OKAY.  THAT TAKES US TO DOCKET NUMBER 51-1,

21    THAT'S A MOTION TO EXCLUDE EVIDENCE CONCERNING POLITICAL BIAS

22    OR MOTIVES FOR THE PROSECUTION.  THAT, AS COUNSEL ARE AWARE,

23    THE QUESTION OF SELECTIVE PROSECUTION IS A QUESTION OF LAW FOR

24    THE COURT NOT A QUESTION OF FACT FOR THE JURY, THEREFORE, THAT

25    WOULDN'T BE RELEVANT OR ADMISSIBLE, SO I WOULD GRANT IT FROM

1       THAT STANDPOINT.

2               WITH REGARD TO THE GOVERNMENT'S REQUEST THAT I ASK MR.

3       HUNTER BE RESTRAINED FROM PUBLIC COMMENTS REGARDING HIS VIEW OR

4       BELIEF AS TO THE MERITS OR MOTIVATION FOR THE CASE, I'M NOT

5       GOING TO DO THAT.  I'VE NEVER DONE THAT IN ANY CASE.  I THINK

6       THAT ANY DEFENDANT IS ENTITLED TO MAKE PUBLIC STATEMENTS AS TO

7       WHAT HE CONSIDERS THE MERITS OF THE CASE ARE.

8               THE ONLY DANGER, AND I'M SURE MR. VEGA HAS TOLD HIS

9       CLIENT THIS, IS THAT A LOT OF TIMES PUBLIC STATEMENTS DON'T

10      TURN OUT CONSISTENT WITH WHAT'S ADMITTED AT TRIAL, BUT THAT'S A

11      RISK ANYBODY TAKES THAT WANTS TO MAKE PUBLIC STATEMENTS ON ANY

12      MATTER, SO WITH THAT UNDERSTANDING I'M NOT GOING TO RESTRICT

13      HIM AT ALL, MR. VEGA OR MR. CONOVER.

14              THAT TAKES US TO -- ANYBODY WANT TO BE HEARD ON THAT?

15              MR. CONOVER:  NO, YOUR HONOR.

16              MR. VEGA:  NO, YOUR HONOR.

17              THE COURT:  WITH REGARD TO DOCKET NUMBER 52-1, THAT'S

18      MOOT BECAUSE THE DEFENSE INDICATES THEY DON'T INTEND TO ELICIT

19      THIRD-PARTY TESTIMONY WITH REGARD TO GUILT OR INNOCENCE.  I

20      ASSUME NOBODY WANTS TO BE HEARD ON THAT.

21              MS. ALLEN:  NO, YOUR HONOR, THANK YOU.

22              THE COURT:  WITH 52-2 THAT LIKEWISE IS MOOT.  EXCUSE

23      ME, 52-2 WAS ACTUALLY THIRD PARTY EVIDENCE WITH REGARD TO GUILT

24      OR INNOCENCE.

25              52-1 WAS EVIDENCE REGARDING POTENTIAL MISUSE OF

1    CAMPAIGN FUNDS BY OTHER CONGRESSMEN, AND THAT'S THE ONE THAT

2    THE DEFENSE INDICATES THEY DON'T INTEND TO ELICIT, SO THAT IS

3    MOOT FOR THAT REASON, NOT THE ONE I PREVIOUSLY STATED.  SO

4    ANYBODY WANT TO BE HEARD ON THAT?

5            MR. VEGA:  NO, YOUR HONOR.

6            THE COURT:  AND THAT WOULD TAKE US THEN TO 52-3, ON

7    THAT ONE I WOULD PREFER TO DEFER THAT TO THE TIME OF TRIAL FOR

8    THE FOLLOWING -- WELL, FIRST OF ALL, 52-3 IS TO EXCLUDE

9    TESTIMONY OF THE DEFENDANT'S BELIEF THAT HIS ACTIONS WERE

10   LAWFUL.  ACTUALLY, IT HAS TO DO WITH THIRD-PARTY TESTIMONY IN

11   THAT REGARD, NOT WITH REGARD TO HIS PERSONAL TESTIMONY.  I

12   WOULD DEFER TO TRIAL BECAUSE IT'S CLEAR THAT A THIRD PARTY

13   COULDN'T TESTIFY TO SOMEONE ELSE'S STATE OF MIND.  HOWEVER, I

14   AGREE WITH THE DEFENSE THAT IT'S POSSIBLE THAT A WITNESS COULD

15   TESTIFY THAT A PARTICULAR EXPENSE OR TRANSACTION THAT THE

16   GOVERNMENT BELIEVES TO HAVE VIOLATED -- WAS FOR NON-CAMPAIGN

17   PURPOSES THAT THAT WITNESS MIGHT TESTIFY AS TO WHY IT BELIEVED

18   IT WAS FOR CAMPAIGN PURPOSES, SO FROM THAT STANDPOINT -- I

19   DON'T KNOW IF THAT'S GOING TO HAPPEN OR NOT, BUT BECAUSE THERE

20   IS A CHANCE OF THAT HAPPENING, I WOULD PREFER TO DEFER RULING

21   ON THIS UNTIL THE TIME OF TRIAL.  ACTUALLY, IF THE ISSUE COMES

22   UP, I'LL RULE AT THAT TIME.  ANYBODY OBJECT TO THAT?

23           MR. VEGA:  NO, YOUR HONOR.

24           MS. ALLEN:  NO, YOUR HONOR.

25           THE COURT:  ALL RIGHT.  THEN I BELIEVE THAT'S -- I'VE

1          COVERED ALL THE 25 OF THEM THAT I CAN COVER TODAY, GENTLEMEN.

2     I APOLOGIZE FOR NOT BEING ABLE TO DO THE REST, BUT WHEN THEY

3     DON'T REACH MY DESK UNTIL THIS MORNING, THERE'S NOT MUCH THAT I

4     CAN DO.

5          UNLESS ANYBODY HAS ANYTHING TO BRING UP, WE'LL BE IN

6     RECESS ON THIS MATTER UNTIL NEXT MONDAY, JULY 8TH, AT 10:00.

7          MR. VEGA:  YOUR HONOR, THERE IS A MATTER THAT WE WOULD

8     LIKE TO ADDRESS AT SIDEBAR.

9          THE COURT:  DO YOU WANT IT ON THE RECORD?

10         MS. ALLEN:  YES, YOUR HONOR.

11    (THE FOLLOWING OCCURRED AT SIDEBAR.)

12         MR. VEGA:  YOUR HONOR, THERE WAS A FOOTNOTE IN THE

13    GOVERNMENT'S MOTION ABOUT ANOTHER SENSITIVE AREA.

14         THE COURT:  YES, TOPIC 3.

15         MR. VEGA:  WE HAVE SPOKEN, AND IT HAS TO DO WITH

16    ALLEGED DRUG USE.

17         THE COURT:  OKAY.

18         MR. VEGA:  AND THE GOVERNMENT AND THE DEFENSE ARE GOING

19    TO MEET TO TRY TO SEE IF WE CAN REACH SOME TYPE OF AGREEMENT ON

20    THAT.  THEY DIDN'T FILE A MOTION.

21         THE COURT:  NO, THAT'S WHEN I SAID -- YES.

22         MR. VEGA:  WE SPOKE YESTERDAY.

23         THE COURT:  THAT'S FINE.

24         MR. VEGA:  WE THOUGHT WE SHOULD INFORM THE COURT AT

25    SIDEBAR THAT THERE IS THAT TOPIC THAT WE'RE GOING TO TRY TO

1     RESOLVE AND HOPEFULLY ALLEVIATE A MOTION FROM THE GOVERNMENT AS

2     TO THAT TYPE OF EVIDENCE.

3              THE COURT:  THAT'S FINE, SURE.

4     (THE SIDEBAR CONCLUDED.)

5              THE COURT:  ALL RIGHT, WE'RE AT RECESS.

6              MR. VEGA:  THANK YOU, YOUR HONOR.

7     (COURT WAS AT RECESS.)

8

9

10

11

12

13

14

15                      C E R T I F I C A T E

16

17              I, GAYLE WAKEFIELD, CERTIFY THAT I AM A DULY
      QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
18    STATES DISTRICT COURT, THAT THE FOREGOING IS A TRUE AND
      ACCURATE TRANSCRIPT OF THE PROCEEDINGS AS TAKEN BY ME IN THE
19    ABOVE-ENTITLED MATTER ON JULY 1, 2019; AND THAT THE FORMAT USED
      COMPLIES WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES
20    JUDICIAL CONFERENCE.

21

22    DATED:  JULY 6, 2019          /S/ GAYLE WAKEFIELD
                                    GAYLE WAKEFIELD, RPR, CRR
23                                  OFFICIAL COURT REPORTER

24

25