DAVID D. LESHNER
Attorney for the United States
Acting under Title 28, U.S.C. Section 515
EMILY W. ALLEN (CA Bar No. 234961)
W. MARK CONOVER (CA Bar No. 236090)
PHILLIP L.B. HALPERN (CA Bar No. 133370)
Assistant United States Attorneys
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-6964
Email: Phillip.Halpern@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DUNCAN D. HUNTER (1),<br>MARGARET E. HUNTER (2),<br><br>Defendants. | Case No. 18CR3677-W<br><br>**UNITED STATES' NOTICE OF MOTION AND MOTION TO FILE A MEMORANDUM EXCEEDING 25-PAGES IN SUPPORT OF THE SENTENCINGS OF DUNCAN D. HUNTER AND MARGARET E. HUNTER**<br><br>DATES:  March 17, 2020 (1)<br>            April 7, 2020 (2)<br>TIME:    9:00 AM<br>COURT: 3C (Schwartz)<br><br>HON. THOMAS J. WHALEN |

The United States of America, by and through its counsel David D. Leshner, Attorney for the United States, and Emily W. Allen, W. Mark Conover, and Phillip L.B. Halpern, Assistant U.S. Attorneys—acting out of an abundance of caution—moves to file a memorandum that would exceed the 25-page limit (imposed by the United States District Court, Southern District of California's Local Criminal Rule ("CrimLR") 47.1(e) on

Criminal Trial Motions) as part of its sentencing papers related to the sentencing of Duncan D. Hunter and Margaret E. Hunter.[1]

On December 3, 2019, Defendant Duncan D. Hunter ("Hunter") walked into the United States Federal Courthouse, stood before this Court, and pled guilty to knowingly and willfully stealing more than $150,000 in campaign funds for his personal use and enjoyment. Paradoxically, in an interview the previous day, Hunter excused his conduct suggesting he was pleading guilty only to spare his kids a public trial and that his crimes only amounted to failing to monitor misspending by his wife. *See* KUSI Interview of Duncan Hunter (December 2, 2019) ("I'm going to change my plea to guilty. I think it's important not to have a public trial for three reasons. And those three reasons are my kids[.] … I did not properly monitor or account for my campaign's money.").

This was not particularly surprising as Hunter has been trying to deflect criminal responsibility onto his wife and family from the very outset of the FEC investigation. *See e.g.*, Fox News' Martha MacCallum Interview of Hunter on *The Story* (August 23, 2018) ("I gave [my wife] power of attorney. She handled my finances . . . She was also the

---

[1] As indicated above, the United States is moving *out of an abundance of caution* as it does not appear that a motion to enlarge the standard page limitation is required under the existing local rules. Indeed, the 25-page limitation governing the filing of all motions by its express terms does not appear to govern sentencing memos as made clear by its caption: "Length of Brief in Support of or in Opposition to Motions." *See* CrimLR 47.1(e). The actual text of Rule 47.1(e) does nothing to dispel this conclusion ("[b]riefs of ***memoranda in support of or in opposition to all motions*** noticed for the same motion day must not exceed twenty-five (25) pages in length total for all such motions without leave of a district judge.") (emphasis added). *Id.* Significantly, the local rule addressing sentencing contains no such page limitation. *See* CrimLR 32.1 (7) (providing that most sentencing matters "may be addressed in a sentencing memorandum filed and served no less than seven (7) days before the sentencing hearing date"). Moreover, there appears to be no other provision in the local criminal rules that would appear to impose a 25-page limitation on sentencing memorandum. *See generally* CrimLRs. Nevertheless, as counsel for Duncan Hunter has indicated he would still prefer a terser memorandum to what appears to be a permitted filing, we wished to apprise the Court of the issue in advance. Counsel for Margaret Hunter has indicated that they have no objection to the filing of an oversized sentencing pleading – even if the rules did, in fact, impose a 25-page limitation.

campaign manager, so whatever she did that'll be looked at too, I'm sure, but I didn't do it."); *The Carl DeMaio Report* Interview of Hunter (January 6, 2017) ("I've got more important things to think about than my kid's rabbit.  I mean, there's other people in the family that deal with that stuff . . .  I don't keep track of rabbits, I try and do what's right for the country."); San Diego *Union-Tribune* interview of Hunter (April 7, 2016) ("Hunter said that he has more than one credit card that is blue, which may be why his son mistakenly pulled the campaign card out of the congressman's wallet for online video game downloads, instead of the family one.").

On the other hand, it is somewhat surprising that Hunter still partially clings to this tactic, even post-plea.  While now taking responsibility for his actions, he still argues "that his motivation for committing these illegal acts stemmed from carelessness on his part." U.S. Presentence Investigation Report ("PSR") at ¶ 46.[2]  He also continues to argue that "he was relying on his [wife] to ensure that their finances were in order as had done while he served in the [U.S. Marine Corps]."  PSR at ¶ 47.  Given this equivocation, it is essential that the United States establish that Hunter: (i) personally stole at least tens of thousands of dollars in campaign funds beginning the moment he issued himself a credit card in January 2010; (ii) continually condoned and enabled his wife's commission of similar thefts that were executed for their shared benefit; and (iii) throughout the conspiracy, deflected blame onto his wife and family for these crimes.[3]

---

[2] The United States wishes to categorically state that Hunter is entitled to a 3-point adjustment for acceptance of responsibility pursuant to USSG §§ 3E1.1 (a) and (b). We merely point out that his explanation for his wrongdoing is one of the reasons that suggests an expansive statement of facts is warranted.

[3] It is also important to set forth an expansive factual summary in order to combat Hunter's incessant and incendiary accusations that the Department of Justice has been waging a political vendetta against him since the investigation first became public.  *See e.*g., Mark Larson Radio Interview (January 9, 2018) ("the local Department of Justice is being run by *The Union-Tribune* and, and local folks here with no oversight); Fox 5 San Diego interview (August 21, 2018) ("This is the political late hit . . . they're hoping that this charge itself takes [t]his Republican seat and moves it to their column - the Democrat column.  It's a political late hit); Channel 10 News Interview (August 22, 2018) ("This is modern politics

In this case involving political misconduct, it is essential that the Department of Justice be able to set forth an accurate and complete story for this Court's consideration. Equally important, it is absolutely vital with such charges that the public see firsthand that the case is being handled transparently and with no undue motivation or pressure from any source.  With full exposure to all relevant facts, the Court will be in the best position determine the defendant's culpability and the propriety of punishment for both Hunter and his wife.

Finally, it should be noted that the facts contained in Hunter's sentencing memorandum will also be utilized in the sentencing memorandum filed by the United States relevant to Margaret Hunter's sentencing.  And, as previously noted, counsel for Margaret Hunter has no objection to the United States filing an oversized brief – if, in fact, there is a 25-page limitation on sentencing memoranda that is not immediately apparent in the local rules.

For the foregoing reasons, the Government respectfully requests authorization to forego the 25-page limitation (relating to Pre-Trial Motions) when filing its sentencing memorandum.

DATED: February 27, 2020.

Respectfully submitted,

DAVID D. LESHNER
Attorney for the United States

*Phillip L.B. Halpern*
EMILY W. ALLEN
W. MARK CONOVER I
PHILLIP L.B. HALPERN
Assistant U.S. Attorneys

and modern media, mixed in with law enforcement that has a political agenda . . . That's the new Department of-of Justice [the] Democrats' arm of law enforcement.").