Devin Burstein (Ca. 255389)
Warren & Burstein
501 West Broadway, Suite 240
San Diego, Ca., 92101
(619) 234-4433
db@wabulaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 18-cr-3677-W |
|---|---|
| Plaintiff, | |
| v. | Opposition to the government's motion to exceed page limit |
| DUNCAN D. HUNTER, | |
| Defendant. | |

    Congressman Hunter respectfully requests the Court deny the government's motion to file an overlength sentencing memorandum.

    How many pages does it take to tell the story of a couple whose personal finances were in disarray, so they improperly used campaign funds to cover their expenses? If the intended audience is this Court, as it should be, the answer is not many. The Court already knows the facts and circumstances. On the other hand, if the audience is someone or something else (e.g., the press), the answer is too many.

And that is the troubling truth. The government's proposed memorandum, like its 47-page indictment, is not designed to ensure justice but to maximize coverage. If court rules get in the way, no matter. The ends justify the means.

Apparently, it was not enough for Congressman Hunter to sign the plea agreement the government drafted. It was not enough that he pleaded guilty within the timeframe it mandated. It was not enough that he accepted full responsibility and resigned from Congress. And as for the government's own press releases, press conferences, and incendiary public comments, those too were not enough.

Now, the government tells this Court it needs extra pages. But its purported rationale is specious. Congressman Hunter has clearly stated:

- "I misused campaign funds." PSR at 36.

- "I pleaded guilty because I am guilty. I misspent campaign funds to cover personal expenditures, and I allowed Margaret to do the same." PSR at 38.

- "Any punishment for the misuse of campaign funds should be mine alone. Margaret and my children have been through enough." PSR at 39.

Thus, the government's claimed need for extra pages because of Congressman Hunter's "equivocation" is nonsense. Dckt. 121 at 3. So is its suggestion that there is a paradox between Congressman Hunter's guilty plea

and his desire to protect his children. Dckt. 121 at 2. In the end, the government's proposed memorandum will be more of the same – a review of uncontested facts that have already been repeated ad nauseum. That is not grounds for more words, it is a cry for less. If the prosecution cannot say what it needs to in 25 pages, that is a problem of its own making.

In any event, "[t]he prosecutor's job isn't just to win, but to win fairly, staying well within the rules." *United States v. Maloney*, 755 F.3d 1044, 1046 (9th Cir. 2014) (en banc) (internal quotations omitted). Congressman Hunter, therefore, respectfully requests the Court deny the motion to exceed the page limit.

Respectfully submitted,

Dated: February 27, 2020

/s/ *Devin Burstein*
Devin Burstein
Paul Pfingst

3