1  Paul J. Pfingst, Bar No. 112967
   pfingst@higgslaw.com
2  HIGGS FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
3  San Diego, California 92101-7913
   Telephone: 619.236.1551
4  Facsimile: 619.696.1410

5  Attorneys for Defendant
   DUNCAN D. HUNTER
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              CASE NO.  18-CR-3677-W

12                    Plaintiff,
                                          **MOTION TO DISMISS OR, IN THE**
13 v.                                     **ALTERNATIVE, TO RECUSE THE**
                                          **UNITED STATES ATTORNEY'S**
14 DUNCAN D. HUNTER,                      **OFFICE FOR THE SOUTHERN**
                                          **DISTRICT OF CALIFORNIA**
15                    Defendant.
                                          DATE:    March 17, 2020
16                                        TIME:    9:00 AM
                                          COURT:  3C (Schwartz)
17                                        JUDGE:  HON. THOMAS J. WHALEN

18

19

20

21

22

23

24

25

26

27

28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

9531848.1                              3               CASE NO. 18-CR-3677-W
DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

1

## TABLE OF CONTENTS

2
Page

3      I.      FACTUAL BACKGROUND…………………………………………7

4      II.     THE INDICTMENT SHOULD BE DISMISSED

5              AND RECUSAL IS JUSTIFIED………………………………………..11

6      III.    THE APPEARANCE OF IMPROPRIETY……………………………..13

7      IV.     CONCLUSION………………………………………………………………14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

9531848.1                                    4                    CASE NO. 18-CR-3677-W

DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chapman v. California*
386 U.S. 18 (1967)……………………………………………………………..12

*Dowling v. United States*
493 U.S. 342 (1990) ……………………………………………………………11

*Fahy v. Connecticut*
375 U.S. 85 (1963)………………………………………………………………12

*Ganger v. Peyton*
379 F.2d 709 (4th Cir. 1967)……………………………………………………11

*In re Winship*
397 U.S. 358 (1970)……………………………………………………………11

*Marshall v. Jerrico, Inc.*
446 U.S. 238 (1980)……………………………………………………………12

*Offutt v. United States*
348 U.S. 1 (1954)………………………………………………………………12

*Rivera v. Illinois*
556 U.S. 148 (2009)……………………………………………………………11

*Spencer v. Texas*
385 U.S. 554 (1967)……………………………………………………………11

*State of N.J. v. Imperiale*
773 F. Supp. 747 (D.N.J. 1991)…..……………………………………………11

*Taylor v. Kentucky*
436 U.S. 478 (1978)……………………………………………………………11

*Vasquez v. Hillery*
474 U.S. 254 (1986)……………………………………………………………12

*Wardius v. Oregon*
412 U.S. 470 (1973)……………………………………………………………11

*Young v. Vuitton*
481 U.S. 787 (1987)……………………………………………………………12

**Other Authorities**

28 U.S.C. section 515……………………………………………………………14

28 U.S.C. section 528……………………………………………………………13

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

9531848.1                                    5                          CASE NO. 18-CR-3677-W

DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

**Regulations**

The United States Attorney's Manual…..…………………………………....7, 13, 14

United States Constitution, Fifth Amendment…………………………..……11

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

9531848.1

6

CASE NO. 18-CR-3677-W

DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

Defendant DUNCAN D. HUNTER, by and through his attorneys, Paul J. Pfingst, Higgs Fletcher & Mack LLP, respectfully moves the Court to Dismiss the Indictment, or, in the Alternative to Recuse the United States Attorney's Office for the Southern District of California from further proceedings in this matter.

## I. FACTUAL BACKGROUND

This motion is based upon the same authorities and many same facts as Defendant Hunter's July 1, 2019 "Motion to Dismiss or, in the Alternative, to Recuse the United States Attorney's Office for the Southern District of California". The Court denied that motion.

Since the Court's ruling, new information has come to light and the Defendant therefore renews his motion and requests that the prosecutorial team be recused from participating in the sentencing of the Defendant.

As the Court will recall, on Friday, August 7, 2015, a political fundraiser was held at a private home in La Jolla, California for Presidential candidate Hillary R. Clinton. The fundraiser was from 9:00 a.m. until approximately noon, and contributors paid from $1,000 to $2,700 to attend. Present at the political fundraiser were First Assistant US Attorney Alana Robinson and Assistant US Attorney Emily W. Allen.[1] In our original motion it was alleged that their attendance at the event raises serious concerns regarding a conflict of interest and a loss of impartiality. In part, the original motion relied on the internal directives and requirements of the Department of Justice.

The United States Attorney's Manual provides that when a United States Attorney becomes aware of an actual or apparent conflict of interest that could require a recusal and the "conflict of interest exists or there is an appearance of a loss of impartiality," the United States Attorney must notify the General Counsel of the Executive Office of United States Attorneys (EOUSA). *USAM 3-1.140.*

---

[1] A third Assistant US Attorney not directly involved in the investigation of Congressman Hunter also attended the Clinton Fundraiser

Here, the former Acting US Attorney for the Southern District of California and the Assistant US Attorney leading the investigation of Congressman Hunter both attended a political fundraiser for candidate Clinton and shortly thereafter both were involved in initiating an investigation of the first Congressman to endorse candidate Trump.  The Defendant argued those facts alone warranted recusal.

On August 1, 2018, our request to the DOJ for recusal was denied in a letter from Jay Macklin, General Counsel for the Executive Office for United States Attorney. (Attached hereto as Exhibit 1)  A basis for the denial of the motion was "[A]USA Robinson and AUSA Allen were not at the Hillary Clinton event as Clinton supporters <u>but in their official capacity assisting law enforcement</u>." (emphasis added)  One can reasonably expect that Mr. Macklin's response was at least, in part, based on information provided to him from the United States Attorney's Office that the prosecutors were there in their official capacity to assist law enforcement.[2]

The day after Mr. Macklin's response, the Secret Service issued a statement somewhat consistent (although not on point) with what the defense was told by Mr. Macklin:

> The Secret Service regularly requests representation from United States Attorney's Offices around the country during protective mission visits. The in-person representation provides for, and facilitates, real-time direct communications in the event of a protective security related incident where immediate prosecutorial guidance could be necessary.

On September 10, 2018, the Defendant made a Freedom of Information Act ("FOIA") request to the United States Secret Service for all documents related to communications between any Secret Service agents that attended the Hillary Clinton fundraiser in La Jolla, California on August 7, 2015 and either Assistant US Attorney Alana Robinson or Assistant US Attorney Emily W. Allen related to

---

[2] Recusal would have likely been ordered had Mr. Macklin known that AUSAs Robinson and Allen attended the Clinton Event for reasons other than to assist law enforcement. *USAM 3-1.140*.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

9531848.1                                    8                        CASE NO. 18-CR-3677-W
DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

attending the Hillary Clinton fundraiser.

A response to the above-mentioned FOIA request to the Secret Service was received on June 12, 2019. The responsive document is a redacted email from the Secret Service to the United States Attorney's Office sent on August 5, 2015, two days before the Clinton fundraising event. (Attached hereto as Exhibit 2).

> **From**: [Redacted] (SDO) [Redacted]
> **Sent**: Wednesday August 5, 2015 9:26 PM
> **To**: [Refer to EOUSA]
> (USACAS) [Redacted] (SDO) [Redacted] (SDO)
> **Subject**: Photo
>
> All,
>
> Here is the info for your photo with HRC on Friday, 8/7/15. Please meet me at 0900 hours Friday morning at [Redacted] in La Jolla. You can park on [Redacted] and walk to the residence (please don't park on [Redacted].
>
> You do not need to bring anything to the site. I will meet you outside the front door of the residence and lead you inside to the photo op room. If you have any questions / issues feel free to call or email me.
> I look forward to seeing you on Friday.
> Thanks,
>
> [Redacted]
> US Secret Service
> [Redacted]

The defense asserted in our original recusal motion that the evidence proved the prosecutors who initiated the investigation had a conflict of interest and loss of impartiality. The Defendant also suggested the Government explanations for their attendance should be viewed with some skepticism. Claims that the Secret Service requested three prosecutors to assist at a La Jolla luncheon were implausible.

Since that time, the Judicial Watch foundation separately unearthed additional emails (not provided in response to the Defendant's FOIA demand) which confirm that the AUSAs who attended the fundraiser were not there on official business. Representations to the contrary were, at best, inaccurate and certainly not forthright.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

9531848.1

9

CASE NO. 18-CR-3677-W

DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

The two emails below (as Judicial Watch received them) are attached as exhibits and disprove the Government's claim that the AUSAs were at the fundraiser for a legitimate law enforcement purpose:



The Defense contends that the evasive way this fundraiser/bias issue has been handled by the Government reinforces the reliability of our claim. The accurate facts were avoided because they look like what they are; evidence of bias. Mr. Hunter's charge of bias was met with widespread derision in the media. The Government fueled that public scorn with inaccurate denials. It is unlikely, human nature being what it is, that the prosecutors have shed their bias now that the truth has been revealed to the Court.

///

///

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

9531848.1

10

CASE NO. 18-CR-3677-W

DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

Ironically, the Government recently accused Duncan Hunter, who has admitted his guilt, in open court and under oath, as the party who has not accepted responsibility for his actions.

## II.  THE INDICTMENT SHOULD BE DISMISSED AND RECUSAL IS JUSTIFIED

The Fifth Amendment of the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." The Due Process Clause safeguards "fundamental elements of fairness in a criminal trial." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (citing *Spencer v. Texas*, 385 U.S. 554, 563-564 (1967).  While fundamental fairness encompasses the rights enumerated in the Bill of Rights, *Dowling v. United States*, 493 U.S. 342, 352 (1990), the Supreme Court has repeatedly held that fundamental fairness requires protections that are not mentioned in the Bill of Rights but are essential to a fair trial.  *In re Winship*, 397 U.S. 358 (1970) (holding that, despite the absence of a specific constitutional provision requiring proof beyond a reasonable doubt in criminal cases, such proof is a due process requirement).  See also *Taylor v. Kentucky*, 436 U.S. 478, 488 (1978) (holding that prosecution "violated the due process guarantee of fundamental fairness in the absence of an instruction as to the presumption of innocence"):  *Wardius v. Oregon*, 412 U.S. 470 (1973) (holding a rule "fundamentally unfair" that required defendant to disclose an alibi defense unless defendant is given reciprocal discovery rights against the state).

"The absence of an impartial and disinterested prosecutor has been held to violate a criminal defendant's due process right to a fundamentally fair trial." *State of N.J. v. Imperiale*, 773 F. Supp. 747, 750 (D.N.J. 1991) (citing *Ganger v. Peyton*, 379 F.2d 709, 714 (4th Cir. 1967)).  The Supreme Court has observed that a situation that injects "a personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible factors into the prosecutorial decision and in some contexts raise serious constitutional questions.

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

9531848.1

11

CASE NO. 18-CR-3677-W

DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

*Marshall v. Jerrico, Inc.,* 446 U.S. 238, 249 (1980). "Prosecution by someone with conflicting loyalties calls into question the objectivity of those charged with bringing a defendant to judgement." *Young v. Vuitton*, 481 U.S. 787, 810 (1987) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 263-264 (1986)) (internal quotations marks omitted).

The Young Court reasoned:

> [A]n interested prosecutor creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general. The narrow focus of harmless error analysis is not sensitive to the underlying concern. If a prosecutor uses the expansive prosecutorial powers to gather information for private purposes**, *the prosecution function has been seriously abused even if, in the process, sufficient evidence is obtained to convict a defendant***. Prosecutors "have available a terrible array of coercive methods to obtain information," such as "police investigation and interrogation, warrants, informers and agents whose activities are immunized, authorized wiretapping, civil investigative demands, [and] enhanced subpoena power." C. Wolfram, Modern Legal Ethics 460 (1986). The misuse of those methods "would unfairly harass citizens, give unfair advantage to [the prosecutor's personal interests], and impair public willingness to accept the legitimate use of those powers." *Ibid.* Notwithstanding this concern, the determination of whether an error was harmful focuses only on "whether there is a reasonable possibility that the [error] complained of might have contributed to the conviction." *Chapman v. California*, 386 U.S. 18, 23 (1967) (quoting *Fahy v. Connecticut*, 375 U.S. 85, 86-87 (1963)). ***A concern for actual prejudice in such circumstances misses the point, for what is at stake is the public perception of the integrity of our criminal justice system.*** "[J]ustice must satisfy the appearance of justice," *Offutt v. United States*, 348 U.S. 1, 14 (1954) and a prosecutor with conflicting loyalties presents the appearance of precisely the opposite. Society's interest in disinterested prosecution therefore would not be adequately protected by harmless-error analysis, for such analysis would not be sensitive to the fundamental nature of the error committed. (**emphasis added**)

*Young*, 481 U.S. at 811 (citations amended).

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

9531848.1                                    12                          CASE NO. 18-CR-3677-W

DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

The investigation and prosecution of Congressman Hunter comes squarely within the reasoning of the Supreme Court holding in *Young* to dismiss an indictment for the improper conduct of the investigating prosecutors. Here both the Department of Justice and the Secret Service, an agency of the Department of Homeland Security, have been exposed for concealing relevant information from the Court.

## III.  THE APPEARANCE OF IMPROPRIETY

The appearance of impropriety is critical under these circumstances. Congress has directed that

> [t]he Attorney General shall promulgate rules and regulations which require the disqualification of any officer or employee of the Department of Justice, including a United States attorney or a member of such attorney's staff, from participation in a particular investigation or prosecution if such participation may result in a personal, financial, or ***political*** conflict of interest, or the appearance thereof. Such rules and regulations may provide that a willful violation of any provision thereof shall result in removal from office.

28 U.S.C. §528. (**emphasis added**)

Pursuant to that congressional directive, The United States Attorney's Manual § 3-2.170 provides:

> When United States Attorneys, or their offices become aware of an issue that could require a recusal in a criminal or civil matter or case as a result of a personal interest or professional relationship with parties involved in the matter, they must contact General Counsel's Office (GCO), EOUSA. The requirement of recusal does not arise in every instance, but only where a conflict of interest exists or there is an appearance of a conflict of interest or loss of impartiality.

> A United States Attorney who becomes aware of circumstances that might necessitate a recusal of himself/herself or of the entire office, should promptly notify GCO, EOUSA, at (202) 252-1600 to discuss whether a recusal is required. If recusal is appropriate, the USAO will submit a written recusal request memorandum to GCO. GCO will then coordinate the

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

9531848.1                                        13                          CASE NO. 18-CR-3677-W

DEFENDANTS MOTION TO DISMISS OR RECUSE U.S. ATTORNEY'S OFFICE

recusal action, obtain necessary approvals for the recusal , and assist the office in arranging for a transfer of responsibility to another office, including any designations of attorneys as a Special Attorney or Special Assistant to the Attorney General (see USAM 3-2.300) pursuant to 28 U.S.C. Sec. 515.

United States Attorney's Manual § 3-2.170

At a minimum, the lack of impartiality by the United States Attorney's Office for the Southern District of California in the investigation of Congressman Hunter created the appearance of impropriety that warrants recusal.

## IV. CONCLUSION

Accordingly, Defendant DUNCAN D. HUNTER respectfully requests that the Court dismiss the indictment or in the alternative, recuse the United States Attorney's Office for the Southern District of California from any further participation in this matter. This court must do what the Department of Justice surely would have done had it been provided with accurate information at the outset.

DATED: March 3, 2020                    HIGGS FLETCHER & MACK LLP


                                        By: /s/ Paul J. Pfingst
                                        PAUL J. PFINGST, ESQ.
                                        Attorneys for Defendant
                                        DUNCAN D. HUNTER

Exhibit 1



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

General Counsel's Office

*Three Constitution Square*
*175 N Street, NE, Ste 5.100*
*Washington, DC  20530*

*Phone (202) 252-1600*
*FAX (202) 252-1650*

August 1, 2018

Mr. Gregory Vega
Seltzer Caplan McMahon Vitek
750 B Street, Suite 2100
San Diego, CA  92101

Dear Mr. Vega:

    I am in receipt of your letter, dated July 30, 2018 and addressed to Brian A. Benczkowski, Assistant Attorney General of the Criminal Division, regarding "In re Grand Jury Investigation of Congressman Duncan D. Hunter." It has been referred to me for a response.

    We have reviewed the points raised in your letter and since, as I believe you already know, AUSA Robinson and AUSA Allen were not at the Hillary Clinton event as Clinton supporters but in their official capacity assisting law enforcement, we do not believe the circumstances necessitate a recusal of the United States Attorney's Office for the Southern District of California (USAO). As a result, you should direct any issues relating to the investigation to the USAO or raise them with the appropriate court.

    Sincerely,

Jay Macklin
General Counsel

16

Exhibit 2

Obtained via FOIA by Judicial Watch, Inc.



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*      *(202) 252-6020*
*175 N Street, NE*      *FAX (202) 252-6048*
*Washington, DC  20530*

January 13, 2020

William F. Marshall
Judicial Watch, Inc.
425 Third St. SW
Suite 800
Washington, DC  20024
bmarshall@judicialwatch.org

Re: Request Number: <u>2020-000091</u>
Date of Receipt: <u>October 10, 2019</u>
Subject of Request:  <u>AUSA Clinton Fundraiser/Communications</u>

Dear Mr. William F. Marshall:

      Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

      To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

      The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [ X ] partial release.

      Enclosed please find:

____page(s) are released in full (RIF);
__7__page(s) are released in part (RIP);
____ page(s) are withheld in full (WIF).

      The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(6)

Obtained via FOIA by Judicial Watch, Inc.

(b)(7)(C)

In addition, a review of the material revealed:

[X]     Our office located records that originated with another government component. **These records were found in the U.S. Attorney's Office files.** These records were referred to the following component(s) listed for review and direct response to you:

>   United States Secret Service
>   Communications Center
>   245 Murray Drive, Building T-5
>   Washington, DC  20223

[  ]     There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.

[  ]     Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought.  Each file was given a separate Request Number (listed below), for which you will receive a separate response:

[  ]     See additional information attached.

This is the final action on this above-numbered request.  If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, Sixth Floor, 441 G Street, NW, Washington, DC  20001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website: https://foiaonline.gov.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the Executive Office for United States Attorneys (EOUSA) for any further assistance and to discuss any aspect of your request.  The contact information for EOUSA is 175 N Street, NE, Suite 5.400, Washington, DC 20530; telephone at 202-252-6020; or facsimile 202-252-6048.  Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Obtained via FOIA by Judicial Watch, Inc.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

Form No. 021nofee – 12/15

Obtained via FOIA by Judicial Watch, Inc.

**From:**  (USACAS)
**To:**  SDO) EOUSA b6, b7C
**Subject:** RE: Picture
**Date:** Tuesday, August 4, 2015 11:14:19 AM

Hey 

Thanks for the heads-up! Yes I'm interested. What's the time / details?

Thanks,

Sent from my iPhone using Mail+ for Enterprise



REFERRED

| From: | EOUSA b6, b7C (USACAS) |
|---|---|
| To: | EOUSA b6, b7C SDO) EOUSA b6, b7C |
| Subject: | Re: Picture |
| Date: | Tuesday, August 4, 2015 11:22:24 AM |

Yep that works. Thanks!

Sent from my iPhone using Mail+ for Enterprise



REFERRED

DUPLICATE

Obtained via FOIA by Judicial Watch, Inc.

EOUSA b6, b7C **(USACAS)**

| | |
|---|---|
| **From:** | Robinson, Alana (USACAS) |
| **Sent:** | Thursday, August 6, 2015 3:03 PM |
| **To:** | EOUSA b6, b7C USACAS); EOUSA b6, b7C (USACAS) |
| **Subject:** | Photo Op |

**Follow Up Flag:** Follow up
**Flag Status:** Completed

You might want to plan some extra time to get into La Jolla tomorrow morning because there's always a lot of traffic on La Jolla Parkway between 7:30 am and 8:30 am.  If you get into the Village early and want to hang out at my house, you are more than welcome.  My address is ⬛EOUSA b6, b7C⬛.  It's right by the high school. We're early risers, so swing by if you like.

Alana W. Robinson
Chief, Criminal Division
Alana.Robinson EOUSA b6,
Desk:  (619) 546 EOUSA b6, b7C
Cell:  (619) 726 EOUSA b6, b7C

1

Obtained via FOIA by Judicial Watch, Inc.

EOUSA b6, b7C **(USACAS)**

| | |
|---|---|
| **From:** | EOUSA b6, b7C (USACAS) |
| **Sent:** | Thursday, August 6, 2015 3:16 PM |
| **To:** | Robinson, Alana (USACAS); EOUSA b6, b7C (USACAS) |
| **Subject:** | RE: Photo Op |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Thanks Alana!  I think I will take you up on that.  Can we bring coffees to share?  How do you take it?

Also, are you headed to the office afterwards?  In the event I get a ride to your place but don't have a car (since EOUSA b6, b7C and I share one), I'd love to trouble you for a ride to work.  If not, no worries, I will muscle the car away from EOUSA b6, b7C



DUPLICATE

1

Obtained via FOIA by Judicial Watch, Inc.

EOUSA b6, b7C

**(USACAS)**

| | |
|---|---|
| **From:** | Robinson, Alana (USACAS) |
| **Sent:** | Thursday, August 6, 2015 3:20 PM |
| **To:** | EOUSA b6, b7C (USACAS); EOUSA b6, b7C (USACAS) |
| **Subject:** | RE: Photo Op |

**Follow Up Flag:** Follow up
**Flag Status:** Completed

EOUSA b6, - I'm glad you will come by. If you're not too particular about your coffee, we brew it every morning at home, and you're welcome to join us. I will not be offended, though, if you want to bring your own. I am going to the office afterwards and can definitely give you a ride. A

DUPLICATE

Obtained via FOIA by Judicial Watch, Inc.

EOUSA RIP

EOUSA b6, b7C

**From:** EOUSA b6, b7C
**Sent:** Friday, August 7, 2015 4:17 PM
**To:** EOUSA b5, (SDO)'; EOUSA b6, b7C @pd.sandiego.gov'; EOUSA b6, b7C (USACAS); EOUSA b6, b7C (USACAS); EOUSA b6, b7C SDO)'

**Subject:** RE: Photo

EOUSA b6, b7C

Thank you so much for the invitation to this morning's event! I was blown away by your incredible hospitality and can't thank you enough for allowing us to crash that fabulous party. It was a really memorable morning.

Have a great weekend,
EOUSA b6, b7C

---

REFERRED

███ EOUSA b6, b7C ███ (USACAS)

**From:** ███ EOUSA b6, ███ (USACAS)
**Sent:** Friday, August 7, 2015 4:24 PM
**To:** ███ EOUSA b6, b7C ███ (SDO)'
**Subject:** RE: Photo

███ you totally downplayed that amazing invitation! I had no idea it would be so spectacular. I didn't even realize we'd be invited in! I am so grateful for the invitation, thank you.

I'm out next week but will touch base when we get back. And if you need anything in the meantime feel free to call: (617) 230 ███

███ EOUSA b6, b7C ███

## REFERRED

**From:** ███ EOUSA b6, b7C ███ (USACAS) [mailto: ███ EOUSA b6, b7C ███ @usdoj.gov]  EOUSA RIP
**Sent:** Thursday, August 06, 2015 2:51 PM
**To:** ███ EOUSA b6, b7C ███ (SDO)
**Cc:** ███ (SDO)
**Subject:** RE: Photo

Thanks, looking forward to it, I'll see you tomorrow at 9:00 ███ EOUSA b6, b7C ███

DUPLICATE